USDC-EDPA REC'D CLERK
2026 JUL 5 AM 3:48

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

NIKOLAOS T. HATZIEFSTATHIOU,
a/k/a "Nik the Hat,"

       Plaintiff, Pro Se,

             v.

JESSICA LYNNE SENG,
a/k/a "Granny's Watching";
STEPHANIE JO TRUDE,
a/k/a "BBQ Lady" and "BBQLADYY"; and
JOHN/JANE DOES 1-10,

       Defendants.

CIVIL ACTION NO: _____

**JURY TRIAL DEMANDED**

## FEDERAL CIVIL COVER SHEET DATA DOCUMENT

1. Plaintiff: Nikolaos T. Hatziefstathiou, a/k/a "Nik the Hat," Plaintiff, Pro Se, 712 Cedar Grove Road, Broomall, PA 19008.

2. Defendants: Jessica Lynne Seng, a/k/a "Granny's Watching," 548 Tasker Ave, Norwood, Pennsylvania 19074; Stephanie Jo Trude, a/k/a "BBQ Lady" and "BBQLADYY," 827 Bedford Street, Claysburg, Pennsylvania 16625-7708, or 2003 14th Ave, Altoona, Pennsylvania 16601; and John/Jane Does 1-10.

3. County of Plaintiff: Delaware County, Pennsylvania.

4. County of Defendant Seng: Delaware County, Pennsylvania. Address: 548 Tasker Ave, Norwood, Pennsylvania 19074.

5. County of Defendant Trude: Blair County, Pennsylvania. Addresses: 827 Bedford Street, Claysburg, Pennsylvania 16625-7708, or 2003 14th Ave, Altoona, Pennsylvania 16601.

6. Basis of jurisdiction: Federal question, 28 U.S.C. 1331; supplemental jurisdiction, 28 U.S.C. 1367; declaratory relief, 28 U.S.C. 2201.

7. Federal causes of action: 15 U.S.C. 1125(a)(1)(A); 18 U.S.C. 2511 and 2520; Fed. R. Civ. P. 65.

8. Related Pennsylvania causes of action: 18 Pa. Cons. Stat. 5703 and 5725; 42 Pa. Cons. Stat. 8316; 42 Pa. Cons. Stat. 8343; Pennsylvania common-law privacy, defamation, false light, tortious interference, abuse of process, conspiracy, aiding-and-abetting, and related tort theories.

9. Venue: Eastern District of Pennsylvania under 28 U.S.C. 1391(b)(1) and (b)(2).

10. Jury demand: Yes.

11. Class action: No.

12. Related state matter for chronology only: AtNight Media LLC et al. v. Trude et al., No. CV-2024-009083, Court of Common Pleas of Delaware County, Pennsylvania.

13. Requested relief: damages, declaratory relief, preservation order, limited temporary and preliminary injunctive relief, costs, recoverable fees where authorized, and trial by jury.

14. Nature of suit code: 840 Trademark, or such other code as the Clerk determines applies.

15. Demand amount: Damages, declaratory relief, preservation order, and limited temporary/preliminary injunctive relief; monetary amount to be determined.

Dated: July 5, 2026

Respectfully submitted,

Nik T. Hatziefstathiou
Plaintiff, *pro se*

712 Cedar Grove Road
Broomall, Pennsylvania 19008
Mobile: (267) 648-8561
Email: nh@oneworldcommand.com

Dated: July 5, 2026

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

NIKOLAOS T. HATZIEFSTATHIOU,
a/k/a "Nik the Hat,"

Plaintiff, Pro Se,

v.

JESSICA LYNNE SENG,
a/k/a "Granny's Watching";
STEPHANIE JO TRUDE,
a/k/a "BBQ Lady" and "BBQLADYY"; and
JOHN/JANE DOES 1-10,

Defendants.

CIVIL ACTION NO: _____

**JURY TRIAL DEMANDED**

## PRO SE VERIFIED COMPLAINT AND JURY DEMAND

### I. INTRODUCTION

1. Plaintiff Nikolaos T. Hatziefstathiou, proceeding pro se and only on his own behalf, brings this civil action against Defendants Jessica Lynne Seng, Stephanie Jo Trude, and John/Jane Does 1-10.

2. This action concerns alleged post-notice publications, identity uses, false implications, subpoena-content use, privacy invasions, and evidence-preservation issues arising from Defendants' public-facing online content and related activity.

3. Plaintiff does not sue because Defendants criticized him, discussed public court proceedings, expressed opinions, used satire, or commented on matters of public concern.

4. Plaintiff sues because Defendants allegedly used his name, alias, legal-process status, supposed appearance, subpoena status, parole-status narrative, and professional identity without consent in audience-facing, promotional, monetized, fundraising, or commercially valuable content; published specific false statements and false implications; and created a continuing risk that native platform evidence will be altered, deleted, concealed, clipped, mirrored, overwritten, or lost.

5. Plaintiff does not ask this Court to reverse, vacate, modify, or supervise any order entered by a Pennsylvania state court. State-court materials are referenced only for chronology, notice, post-notice conduct, evidentiary context, preservation need, damages, and non-relitigation background.

6. The relief requested is damages, declaratory relief, and preservation-first injunctive relief that protects lawful criticism, opinion, fair comment, satire, public-record reporting, and discussion of public proceedings.

## II. PARTIES

7. Plaintiff Nikolaos T. Hatziefstathiou is an adult individual and citizen of Pennsylvania. He resides in the Eastern District of Pennsylvania and is publicly known as "Nik the Hat."

8. Plaintiff proceeds pro se and only for himself. He does not assert claims for One World Society Corp., AtNight Media LLC, Duane Chapman, Seth Rogers, Hong Xie, Brittney Jackson, any witness, any business entity, any minor, any family member, or any third party.

9. Plaintiff has used his public identity in media, public-safety reporting, business development, legal-support work, and community-facing activities. He alleges personal harm to his name, alias, reputation, public identity, professional relationships, legal relationships, and ability to rebuild his life.

10. Plaintiff has a prior conviction and incarceration history that he has publicly acknowledged. He alleges that he has apologized, pursued rehabilitation, complied with supervision obligations, and worked to rebuild his reputation and community trust.

11. Truthful discussion of Plaintiff's public criminal-history record is not the wrong alleged in this action. The actionable conduct alleged here is Defendants' alleged weaponization of that history with new false implications of present danger, predation, fraud, parole-control-by-strangers, professional unfitness, official targeting, consent, appearance, waiver, or affiliation.

12. Defendant Jessica Lynne Seng, commonly known by her social media alias "Granny's Watching," is a resident of 548 Tasker Ave, Norwood, Pennsylvania 19074, in the Eastern District of Pennsylvania.

13. Defendant Seng is sued for her own alleged conduct and for acts of persons shown by evidence to be her agents or persons acting in active concert with her.

14. Defendant Stephanie Jo Trude is alleged to be an adult individual associated with the @BbqLadyy account and public-facing online content under the names "BBQ Lady," "BBQLADYY," and similar aliases. Plaintiff understands Defendant Trude to reside at 827 Bedford Street, Claysburg, Pennsylvania 16625-7708, or 2003 14th Ave, Altoona, Pennsylvania 16601, both in the Western District of Pennsylvania.

15. Defendant Trude is sued for her own alleged conduct and for acts of persons shown by evidence to be her agents or persons acting in active concert with her.

16. John/Jane Does 1-10 are presently unidentified persons, account operators, co-hosts, moderators, clip or mirror uploaders, panelists, or other actors who may have engaged in actionable publication, republication, doxxing, evidence destruction, commercial identity use, interference, or substantial assistance.

17. Plaintiff seeks no judgment against any Doe unless that Doe is identified, added or substituted under the applicable rules, and served under Fed. R. Civ. P. 4.

## III. JURISDICTION AND VENUE

18. This Court has federal-question jurisdiction under 28 U.S.C. 1331 because Plaintiff asserts claims under 15 U.S.C. 1125(a)(1)(A) and 18 U.S.C. 2520.

19. This Court has supplemental jurisdiction under 28 U.S.C. 1367 over related Pennsylvania-law claims because they arise from the same alleged course of publication, identity

use, false implication, post-notice escalation, reputational injury, privacy injury, and evidence-preservation need.

20. Plaintiff seeks declaratory relief under 28 U.S.C. 2201.

21. Venue is proper under 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant Seng resides in this District at 548 Tasker Ave, Norwood, Pennsylvania 19074; Defendant Trude resides in Pennsylvania at 827 Bedford Street, Claysburg, Pennsylvania 16625-7708, or 2003 14th Ave, Altoona, Pennsylvania 16601; and a substantial part of the events, effects, injury, audience impact, subpoena-related conduct, parole-supervision impact, professional harm, and preservation need occurred in or was directed into this District.

22. Plaintiff will serve each named Defendant after summons issues. No Doe Defendant will be treated as served, bound, or subject to judgment merely by inclusion in this caption.

23. Plaintiff seeks preliminary injunctive relief only against named Defendants who receive proper notice and against persons properly bound under Fed. R. Civ. P. 65(d)(2) after actual notice.

## IV. STATE-COURT CHRONOLOGY AND NON-RELITIGATION

24. Plaintiff previously participated in the Delaware County action captioned AtNight Media LLC et al. v. Trude et al., No. CV-2024-009083.

25. On April 17, 2025, the Delaware County Court of Common Pleas entered orders concerning anti-SLAPP dismissal, fees and costs, and denial of a protective-order request.

26. The state-court materials are referenced here only for chronology, notice, public framing, post-notice conduct, evidentiary context, damages, and preservation need.

27. Plaintiff does not ask this Court to decide any issue pending in the Pennsylvania appellate courts.

28. Plaintiff does not seek to relitigate a broad speech-based state-court injunction request. The federal relief requested here is narrower and preservation-first.

## V. FACTUAL ALLEGATIONS

29. Plaintiff is known by his legal name and by the public alias "Nik the Hat."

30. Plaintiff alleges commercial, professional, reputational, and personal value in his name, alias, voice, image, public identity, and professional persona.

31. Plaintiff did not consent to Defendants representing that he agreed to appear, testified voluntarily, accepted service, waived objections, endorsed content, participated in a livestream, authorized commercial use of his identity, or affiliated with Defendants' broadcasts, posts, livestreams, fundraising activity, or promotional content.

32. Plaintiff did not consent to counsel correspondence, subpoena discussions, legal-process communications, or nonparty objections being used as audience-facing content implying his participation, waiver, appearance, endorsement, sponsorship, or authorization.

33. On June 26, 2026, counsel correspondence in a related matter referenced contemplated subpoena practice concerning Plaintiff. Ex. A at 2-4.

34. On June 27, 2026, a cease-and-desist, nonparty subpoena-objection, and litigation-hold notice was sent concerning the alleged use of counsel correspondence and nonparty subpoena discussions as audience-facing content. Ex. B at 2-5.

35. The June 27 notice identified a same-day Granny's Watching livestream titled "Infested With Stupidity. Encouraging Calls to the Judge? My Attorney Responds" and related same-day clip or mirror uploads. Ex. B at 2-5.

36. Plaintiff alleges that the same-day content used or threatened to use his name, alias, alleged subpoena status, alleged testimony, supposed court appearance, and legal-process posture in a manner likely to imply participation, waiver, affiliation, approval, or authorization.

37. The June 27 notice demanded preservation of native recordings, livestreams, clips, posts, comments, chats, metadata, analytics, monetization records, deletion logs, emails, messages, and related materials. Ex. B at 2-5.

38. Plaintiff alleges that screenshots alone are insufficient because livestreams, titles, thumbnails, comments, chats, platform notices, metadata, analytics, monetization records, clip or mirror uploads, edit histories, and deletion histories may disappear or become impossible to reconstruct.

39. Plaintiff alleges that native video, public page capture, transcript, title, thumbnail, description, metadata, and mirror or cross-post materials are relevant to the Seng-related allegations and are identified in the Conventional Media Index.

40. Multimedia and native-source materials are identified for conventional submission through the split media discs described in the Conventional Media Index.

41. On or about June 17, 2026, Trude used the @BbqLadyy account to tag Plaintiff's @nikthehat account and publicly reference a Blair County courthouse proceeding and sensitive legal-status language involving a minor-related matter. Ex. I-1 at 2.

42. Plaintiff does not ask this Court to adjudicate any separate Blair County proceeding or any minor-related proceeding.

43. Plaintiff alleges that Trude's public pairing of Plaintiff's identity with sensitive legal-status language was misleading, inflammatory, and foreseeably escalatory.

44. On or about June 17, 2026, Trude published a post about Plaintiff that X displayed with a visibility-limitation notice stating that the post may violate X's rules against abuse. Ex. I-2 at 2.

45. Plaintiff does not cite the X label as a legal finding and does not plead vulgar insults or generalized insults as standalone defamation.

46. Plaintiff cites the visibility-limitation label as platform context, tone, and evidence relevant to false light, emotional distress, preservation, and the need for narrow relief.

47. On or about June 17, 2026, Trude published a post tagging @nikthehat and stating, among other things, that Plaintiff had a "4.7 million dollar judgement as proof" that he liked to defame people. Ex. I-3 at 2.

48. In the same post, Trude stated that Plaintiff wanted people to commit suicide. Ex. I-3 at 2.

49. Plaintiff alleges that the judgment statement was false or materially misleading to the extent it communicated that Plaintiff had been adjudicated liable in that amount for defamation or that the judgment proved Plaintiff liked to defame people.

50. Plaintiff alleges that the self-harm-imputation statement was false or materially misleading to the extent a reasonable reader would understand it as asserting that Plaintiff desired or encouraged self-harm by others.

51. On or about June 29, 2026, Trude publicly posted that she was heading to her attorney's office and had dropped off lunch to a sheriff's office, later referring to "DELCO." Ex. I-4 at 2-5.

52. Plaintiff does not allege that any sheriff, court employee, law-enforcement officer, or public official endorsed Trude's statements, acted improperly, accepted improper influence, participated in the challenged conduct, or was influenced by Trude.

53. Plaintiff cites the June 29 posts only as chronology and litigation-themed public messaging linking the dispute to attorneys, courthouse actors, and law-enforcement imagery, not as bribery, corruption, official endorsement, or official misconduct.

54. Plaintiff alleges that Defendants and aligned accounts engaged in daily or near-daily livestreams, posts, reposts, panels, or social-media publications concerning Plaintiff, his legal status, parole status, criminal history, professional identity, witnesses, visitors, counsel, and related litigation from approximately September 2024 through the filing date.

55. Plaintiff alleges that the scale and repetition of the content increased the likelihood of third-party escalation, evidence loss, reputational injury, safety concerns, and supervision-related disruption.

56. Plaintiff reported online stalking concerns, threat concerns, suspicious physical activity, and related safety matters to law enforcement or public reporting channels.

57. Plaintiff does not allege that every third-party threat, message, complaint, suspicious vehicle, report, or contact was caused by Defendants.

58. Plaintiff alleges that the safety reports show the effect on Plaintiff, the escalation environment, and the need for preservation and limited relief.

59. Plaintiff alleges that the sustained and escalating conduct caused severe emotional distress and materially aggravated his physical and mental condition.

60. Plaintiff alleges substantial weight loss, anxiety symptoms, trauma symptoms, sleep disruption, and medical or neurological issues under evaluation.

61. Plaintiff does not allege that Defendants are the sole cause of every symptom. Plaintiff alleges material aggravation from repeated public targeting, legal-status framing, identity use, official-pressure prompts, and third-party escalation.

62. Plaintiff alleges that his supervision environment was affected by repeated third-party complaints arising from the online controversy.

63. Plaintiff does not allege that parole officers, court staff, sheriffs, police officers, or public officials acted improperly.

64. Plaintiff alleges that Defendants' repeated public framing of him as dangerous, fraudulent, predatory, criminal, professionally unfit, or subject to official action foreseeably encouraged third-party reporting and pressure.

65. Plaintiff alleges that the challenged publications and public framing harmed his personal reputation, professional identity, prospective relationships, and ability to obtain legal, professional, witness, community, and economic support.

66. Plaintiff pleads corporate, nonprofit, media-project, insurance, or organizational materials only as personal-professional context or interference context, and not as claims belonging to any entity or third party.

67. Plaintiff alleges that legal-process and preservation language was publicly recast in a misleading way to imply stalking, surveillance, improper targeting, or predatory conduct.

68. Plaintiff alleges that litigation-preservation language is a record-retention measure, not an instruction to contact, surveil, stalk, or target any person.

69. Plaintiff will not publicly identify minors, private medical details, private supervision details, family information, private contact information, or safety-sensitive details except as permitted by law and necessary to the claims.

## VI. COUNTS

### COUNT I - FALSE ASSOCIATION / FALSE ENDORSEMENT UNDER 15 U.S.C. 1125(a)(1)(A)

70. Plaintiff incorporates the preceding paragraphs.

71. Seng and persons acting with her used Plaintiff's name, alias, alleged subpoena status, alleged testimony, supposed court appearance, legal-process posture, and professional identity in audience-facing content connected to public viewership, promotion, fundraising, monetization, audience growth, or comparable commercial value. Ex. A at 2-4; Ex. B at 2-5; see Conventional Media Index.

72. The uses were false or misleading because they implied Plaintiff's consent, participation, waiver, affiliation, approval, sponsorship, or authorization when no such consent, waiver, affiliation, approval, sponsorship, or authorization existed.

73. The alleged use was likely to cause confusion or mistake as to Plaintiff's connection, association, sponsorship, approval, or participation and injured Plaintiff's reputation, professional identity, prospective relationships, and ability to control the commercial use of his persona.

74. Plaintiff seeks damages, declaratory relief, and other relief available under 15 U.S.C. 1125(a)(1)(A).

### COUNT II - FEDERAL UNLAWFUL INTERCEPTION, DISCLOSURE, OR USE OF COMMUNICATIONS UNDER 18 U.S.C. 2511 AND 2520

75. Plaintiff incorporates the preceding paragraphs.

76. Defendants intentionally disclosed or used the contents of wire, oral, or electronic communications, including counsel correspondence, subpoena-related communications, private

legal-process communications, recordings, or derived communications, without Plaintiff's consent. Ex. A at 2-4; Ex. B at 2-5; see Conventional Media Index.

77. The alleged disclosure or use occurred in public-facing content, litigation-themed broadcasts, clips, posts, mirrors, or promotional materials after Plaintiff had not consented to that use.

78. Plaintiff alleges injury to privacy, reputation, legal relationships, supervision environment, emotional health, and professional relationships from the disclosure or use of the communications.

79. Plaintiff seeks civil relief under 18 U.S.C. 2520 for violations of 18 U.S.C. 2511.

## COUNT III - PENNSYLVANIA UNLAWFUL INTERCEPTION, DISCLOSURE, OR USE OF COMMUNICATIONS UNDER 18 PA. CONS. STAT. 5703 AND 5725

80. Plaintiff incorporates the preceding paragraphs.

81. Defendants intentionally intercepted, disclosed, or used communications or contents of communications, including counsel correspondence, subpoena-related communications, recordings, private legal-process communications, or derived communications, without Plaintiff's consent. Ex. A at 2-4; Ex. B at 2-5; see Conventional Media Index.

82. The alleged disclosure or use occurred in Pennsylvania, was directed into Pennsylvania, or caused injury in Pennsylvania.

83. Plaintiff alleges injury to privacy, reputation, legal relationships, professional relationships, safety, and emotional health.

84. Plaintiff seeks civil relief under 18 Pa. Cons. Stat. 5725 for violations of 18 Pa. Cons. Stat. 5703.

## COUNT IV - UNAUTHORIZED COMMERCIAL USE OF NAME, LIKENESS, ALIAS, OR PERSONA UNDER 42 PA. CONS. STAT. 8316

85. Plaintiff incorporates the preceding paragraphs.

86. Defendants used Plaintiff's name, alias, image, voice, handle, legal status, or persona without written consent in posts, livestreams, thumbnails, titles, tags, clips, mirrors, fundraising, paid streams, monetized content, or comparable audience-facing content. Ex. I-1 at 2; Ex. I-3 at 2; see Conventional Media Index.

87. The uses had commercial, advertising, fundraising, audience-growth, promotional, or monetization value to Defendants or their associated channels, accounts, or content.

88. Plaintiff did not consent to the commercial or promotional use of his identity, alias, handle, legal status, or persona.

89. Plaintiff seeks statutory, actual, equitable, and other relief available under 42 Pa. Cons. Stat. 8316.

## COUNT V - FALSE LIGHT AGAINST JESSICA LYNNE SENG

90. Plaintiff incorporates the preceding paragraphs.

91. Seng gave publicity to matter concerning Plaintiff by public-facing livestream, clip, mirror, title, thumbnail, description, transcript, metadata, chat, or associated content. Ex. A at 2-4; Ex. B at 2-5; see Conventional Media Index.

92. The publicity placed Plaintiff in a false light by implying consent, voluntary appearance, waiver, service acceptance, affiliation, authorization, or participation in the content or legal-process framing.

93. The false light would be highly offensive to a reasonable person because it made Plaintiff appear to have consented to, participated in, or endorsed conduct and content he opposed.

94. Seng acted with knowledge of or reckless disregard for the false-light implication after the June 27 notice identified Plaintiff's no-consent position. Ex. B at 2-5.

### COUNT VI - FALSE LIGHT AGAINST STEPHANIE JO TRUDE

95. Plaintiff incorporates the preceding paragraphs.

96. Trude gave publicity to matter concerning Plaintiff through @BbqLadyy posts, tags, courthouse/legal-status framing, judgment and self-harm-imputation statements, law-enforcement-proximity messaging, and related content. Ex. I-1 at 2; Ex. I-2 at 2; Ex. I-3 at 2; Ex. I-4 at 2-5.

97. The publicity placed Plaintiff in a false light by implying present danger, predation, fraud, professional unfitness, official targeting, improper relationship to minor-related matters, or desire that others harm themselves.

98. The false light would be highly offensive to a reasonable person and was not merely criticism, insult, rhetorical hyperbole, or protected opinion.

99. Trude acted with knowledge of or reckless disregard for the false-light implications because the posts used specific factual and legal-status framing while tagging Plaintiff's public handle.

### COUNT VII - DEFAMATION, DEFAMATION PER SE, AND DEFAMATION BY IMPLICATION

100. Plaintiff incorporates the preceding paragraphs.

101. Trude published statements of and concerning Plaintiff, including statements that Plaintiff had a "4.7 million dollar judgement as proof" that he liked to defame people and that Plaintiff wanted people to commit suicide. Ex. I-3 at 2.

102. Those statements were defamatory or defamatory by implication because they communicated or implied that Plaintiff had been adjudicated liable for defamation in that amount, had a proven habit of defaming people, desired self-harm by others, or was presently dangerous, predatory, fraudulent, professionally unfit, or subject to official action.

103. The statements were published to third parties, applied to Plaintiff by name, handle, or context, and were understood by recipients as applying to Plaintiff.

104. Plaintiff alleges falsity, fault, reputational injury, personal humiliation, emotional distress, professional harm, and damages under 42 Pa. Cons. Stat. 8343 and Pennsylvania common law.

## COUNT VIII - COMMERCIAL DISPARAGEMENT / INJURIOUS FALSEHOOD

105. Plaintiff incorporates the preceding paragraphs.

106. Defendants published false or misleading statements and implications about Plaintiff's professional identity, public-service role, media identity, legal relationships, business credibility, witness relationships, and economic fitness. Ex. I-1 at 2; Ex. I-3 at 2; see Conventional Media Index.

107. The statements and implications were directed to the audience, contacts, agencies, witnesses, counsel, supporters, and professional relationships on which Plaintiff depended for personal economic and professional rebuilding.

108. Defendants knew or should have known that the statements and implications would interfere with Plaintiff's professional and economic expectancies.

109. Plaintiff alleges pecuniary loss, reputational injury, loss of prospective relationships, mitigation costs, and other damages.

## COUNT IX - INVASION OF PRIVACY / PUBLIC DISCLOSURE OF PRIVATE FACTS / DOXXING-RELATED PRIVACY TORT

110. Plaintiff incorporates the preceding paragraphs.

111. Defendants publicly disclosed or used private or safety-sensitive facts concerning Plaintiff, including private identifiers, home-location context, medical or supervision context, family or minor-related context, law-enforcement contact context, visitor or witness context, and other nonpublic facts. Ex. I-1 at 2.

112. The disclosures or uses would be highly offensive to a reasonable person and were not necessary to lawful public-record reporting or fair comment.

113. The disclosures increased Plaintiff's fear, safety concerns, supervision pressure, and need for police or public reporting.

114. Plaintiff seeks damages, redaction-sensitive handling, and preservation of native evidence reflecting the disclosures.

## COUNT X - INTRUSION UPON SECLUSION

115. Plaintiff incorporates the preceding paragraphs.

116. Defendants intentionally intruded or encouraged intrusion into Plaintiff's private affairs, private spaces, private communications, safety reporting, supervision context, visitor relationships, legal relationships, or personal affairs.

117. The intrusion included alleged surveillance, filming, following, private-device or private-communication acquisition, or publication of material obtained from private affairs.

118. The intrusion would be highly offensive to a reasonable person in Plaintiff's position, particularly given the daily or near-daily escalation, threats, supervision environment, and public criminal-history weaponization.

119. Plaintiff alleges privacy injury, emotional distress, safety injury, and related damages.

## COUNT XI - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

120. Plaintiff incorporates the preceding paragraphs.

121. Defendants engaged in an extreme and outrageous course of conduct by repeatedly weaponizing Plaintiff's criminal-history and supervision context, pairing his identity with sensitive legal-status implications, using legal-process material as content, encouraging third-party pressure, and creating a public escalation environment. Ex. B at 2-5; Ex. I-1 at 2; Ex. I-3 at 2; see Conventional Media Index.

122. Defendants acted intentionally or recklessly because they used specific identity, legal-process, and official-pressure framing while aware that Plaintiff disputed consent, affiliation, and the factual implications.

123. Plaintiff suffered severe emotional distress, anxiety symptoms, trauma symptoms, sleep disruption, substantial weight loss, and aggravation of medical or neurological concerns under evaluation.

124. Plaintiff alleges that Defendants' conduct materially caused or aggravated the distress and related injuries.

## COUNT XII - TORTIOUS INTERFERENCE WITH EXISTING AND PROSPECTIVE PROFESSIONAL, LEGAL, WITNESS, BUSINESS, AND ECONOMIC RELATIONS

125. Plaintiff incorporates the preceding paragraphs.

126. Plaintiff had existing and prospective relationships with counsel, witnesses, agencies, supporters, media contacts, professional contacts, community contacts, public-safety contacts, and economic opportunities.

127. Defendants intentionally interfered with those relationships by publicly framing Plaintiff as dangerous, fraudulent, predatory, criminal, professionally unfit, subject to official action, or affiliated with Defendants' content and legal-process narratives. Ex. I-1 at 2; Ex. I-3 at 2; see Conventional Media Index.

128. The interference was improper because it relied on false factual implications, privacy invasions, legal-process misuse, doxxing-related pressure, and an escalating public campaign rather than lawful competition or fair comment.

129. Plaintiff alleges actual harm, chilled relationships, lost opportunities, mitigation costs, and reputational injury.

## COUNT XIII - ABUSE OF PROCESS / SUBPOENA MISUSE

130. Plaintiff incorporates the preceding paragraphs.

131. Seng used or attempted to use subpoena practice, counsel correspondence, and nonparty legal-process communications for an improper collateral purpose: audience-facing content, leverage, public pressure, humiliation, false consent or appearance implications, and media escalation. Ex. A at 2-4; Ex. B at 2-5; see Conventional Media Index.

132. The alleged use of process was not limited to legitimate litigation purpose and instead converted legal process into content and leverage against Plaintiff.

133. Plaintiff suffered legal expense, privacy injury, reputational injury, emotional distress, and interference with legal relationships as a result.

134. Plaintiff seeks damages and narrow preservation relief concerning the process-related materials.

## COUNT XIV - CIVIL CONSPIRACY / CONCERTED ACTION

135. Plaintiff incorporates the preceding paragraphs.

136. Defendants and Does acted in concert through coordinated or mutually reinforcing livestreams, posts, clips, mirrors, tags, third-party activation, legal-process framing, and audience escalation. Ex. I-1 at 2; Ex. I-2 at 2; Ex. I-3 at 2; Ex. I-4 at 2-5; see Conventional Media Index.

137. The object of the concerted action was to use Plaintiff's identity, criminal-history narrative, legal status, professional identity, private information, and legal-process posture to harm Plaintiff, grow audience interest, activate third parties, and pressure legal or official relationships.

138. The concerted action included underlying torts pleaded in this Complaint, including false light, defamation, invasion of privacy, intrusion, tortious interference, abuse of process, unauthorized commercial use, and unlawful communication disclosure or use.

139. Plaintiff alleges damages proximately caused by the conspiracy or concerted action.

## COUNT XV - AIDING AND ABETTING / SUBSTANTIAL ASSISTANCE

140. Plaintiff incorporates the preceding paragraphs.

141. Defendants and Does knowingly provided substantial assistance or encouragement to actionable torts by hosting, moderating, clipping, mirroring, reposting, tagging, promoting, amplifying, fundraising from, or preserving access to challenged content. See Conventional Media Index.

142. The assistance was substantial because it expanded the audience, preserved false implications, increased third-party activation, multiplied publications, and made deletion or reconstruction of native evidence more difficult.

143. Defendants knew or should have known that the assisted conduct used Plaintiff's identity, legal status, criminal-history narrative, and private or legal-process information without consent and in a manner causing harm.

144. Plaintiff alleges damages caused by the underlying torts and the substantial assistance.

## COUNT XVI - DECLARATORY RELIEF UNDER 28 U.S.C. 2201

145. Plaintiff incorporates the preceding paragraphs.

146. An actual controversy exists concerning whether Plaintiff consented to, appeared for, participated in, waived objections to, authorized, endorsed, sponsored, or affiliated with Defendants' challenged content or legal-process framing.

147. An actual controversy also exists concerning preservation duties for native recordings, posts, clips, mirrors, transcripts, comments, chats, metadata, analytics, monetization records, deletion logs, and related communications. Ex. B; see Conventional Media Index.

148. Plaintiff seeks declarations that he did not consent to, authorize, sponsor, affiliate with, or endorse the challenged uses and that Defendants must preserve covered evidence.

149. The requested declarations will clarify legal relations without requiring this Court to supervise or reverse any state-court order.

## COUNT XVII - PRESERVATION AND LIMITED INJUNCTIVE RELIEF UNDER FED. R. CIV. P. 65

150. Plaintiff incorporates the preceding paragraphs.

151. Plaintiff is likely to suffer irreparable harm absent preservation relief because native platform evidence, livestream evidence, metadata, monetization records, comments, chats, deletion histories, and mirror chains may be deleted, altered, unlisted, concealed, overwritten, or lost.

152. The requested relief is limited to preservation of covered evidence, prevention of false representations that Plaintiff consented or affiliated, protection of private identifiers and minor-related information, and preservation of lawful criticism, opinion, fair comment, satire, public-record reporting, and discussion of public proceedings.

153. The balance of equities and public interest favor preservation of evidence and narrow protection against false consent, false affiliation, privacy invasion, and evidence destruction while preserving First Amendment activity.

154. Plaintiff seeks a temporary, preliminary, and permanent preservation order and any security determination required by Fed. R. Civ. P. 65(c).

## VII. PRAYER FOR RELIEF

155. Enter judgment in Plaintiff's favor and against Defendants on all counts proved.

156. Award compensatory damages, nominal damages where permitted, punitive damages where legally available, costs, recoverable fees where authorized, and pre- and post-judgment interest where permitted.

157. Declare that Plaintiff did not consent to, appear for, participate in, waive objections to, authorize, endorse, sponsor, affiliate with, or approve Defendants' challenged content or legal-process framing.

158. Order preservation of native evidence, including videos, livestreams, clips, mirrors, posts, reposts, comments, chats, metadata, analytics, monetization records, deletion histories, messages, emails, account records, and platform records relating to the challenged conduct.

159. Enjoin destruction, deletion, alteration, unlisting, concealment, overwriting, or failure to preserve covered evidence.

160. Enjoin false representations that Plaintiff consented, appeared, testified voluntarily, accepted service, waived objections, endorsed content, authorized use of his identity, sponsored content, or affiliated with content.

161. Protect private identifiers and minor-related information from unnecessary public disclosure.

162. Preserve lawful criticism, opinion, fair comment, satire, public-record reporting, and discussion of public proceedings.

163. Award any further relief the Court deems just and proper.

164. Grant trial by jury on all issues so triable.

Dated: July 5, 2026

Nik T. Hatziefstathiou
Plaintiff, *pro se*

712 Cedar Grove Road
Broomall, Pennsylvania 19008
Mobile: (267) 648-8561
Email: nh@oneworldcommand.com

Dated: July 5, 2026

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

NIKOLAOS T. HATZIEFSTATHIOU,
a/k/a "Nik the Hat,"

        Plaintiff, Pro Se,

              v.

JESSICA LYNNE SENG,
a/k/a "Granny's Watching";
STEPHANIE JO TRUDE,
a/k/a "BBQ Lady" and "BBQLADYY"; and
JOHN/JANE DOES 1-10,

        Defendants.

CIVIL ACTION NO: _____

**JURY TRIAL DEMANDED**

## VERIFICATION

1. I, Nikolaos T. Hatziefstathiou, declare under penalty of perjury under 28 U.S.C. 1746 that I am the Plaintiff in this action.

2. I have read the foregoing Verified Complaint.

3. The factual statements based on my personal knowledge are true and correct, and the statements made on information and belief are believed to be true based on the exhibits, records, communications, and circumstances described in the Complaint.

4. Executed on July 4, 2026.

Dated: July 5, 2026

              Respectfully submitted,

                      Nik T. Hatziefstathiou
                      Plaintiff, *pro se*

                      712 Cedar Grove Road
                      Broomall, Pennsylvania 19008
                      Mobile: (267) 648-8561
                      Email: nh@oneworldcommand.com

                      Dated: July 5, 2026

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

NIKOLAOS T. HATZIEFSTATHIOU,
a/k/a "Nik the Hat,"

        Plaintiff, Pro Se,

           v.

JESSICA LYNNE SENG,
a/k/a "Granny's Watching";
STEPHANIE JO TRUDE,
a/k/a "BBQ Lady" and "BBQLADYY"; and
JOHN/JANE DOES 1-10,

        Defendants.

CIVIL ACTION NO: _____

## SUMMONS IN A CIVIL ACTION - JESSICA LYNNE SENG

1. To: Jessica Lynne Seng, a/k/a "Granny's Watching".

2. Address for service: 548 Tasker Ave, Norwood, Pennsylvania 19074.

3. A lawsuit has been filed against you.

4. Within 21 days after service of this summons on you, or 60 days if you are the United States or a United States agency, officer, or employee sued only in an official capacity, you must serve on the plaintiff an answer to the attached complaint or a motion under Fed. R. Civ. P. 12.

5. If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.

6. The answer or motion must be served on: Nikolaos T. Hatziefstathiou, Plaintiff, Pro Se, 712 Cedar Grove Road, Broomall, PA 19008.

7. Clerk's signature: _____.

8. Date: _____.

9. Seal of Court: _____.

**Proof of Service**

This summons and the attached complaint were received by me on
_____.

I served Jessica Lynne Seng, a/k/a "Granny's Watching" at 548 Tasker Ave, Norwood, Pennsylvania 19074 on _____ by the following method:
_____.

Server's signature: _____.

Server's printed name: _____.

Date: _____.

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

NIKOLAOS T. HATZIEFSTATHIOU,
a/k/a "Nik the Hat,"

         Plaintiff, Pro Se,

           v.

JESSICA LYNNE SENG,
a/k/a "Granny's Watching";
STEPHANIE JO TRUDE,
a/k/a "BBQ Lady" and "BBQLADYY"; and
JOHN/JANE DOES 1-10,

         Defendants.

CIVIL ACTION NO: _____

## SUMMONS IN A CIVIL ACTION - STEPHANIE JO TRUDE

1. To: Stephanie Jo Trude, a/k/a "BBQ Lady" and "BBQLADYY".

2. Address for service: 827 Bedford Street, Claysburg, Pennsylvania 16625-7708, or 2003 14th Ave, Altoona, Pennsylvania 16601.

3. A lawsuit has been filed against you.

4. Within 21 days after service of this summons on you, or 60 days if you are the United States or a United States agency, officer, or employee sued only in an official capacity, you must serve on the plaintiff an answer to the attached complaint or a motion under Fed. R. Civ. P. 12.

5. If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.

6. The answer or motion must be served on: Nikolaos T. Hatziefstathiou, Plaintiff, Pro Se, 712 Cedar Grove Road, Broomall, PA 19008.

7. Clerk's signature: _____.

8. Date: _____.

9. Seal of Court: _____.

**Proof of Service**

This summons and the attached complaint were received by me on
_____.

I served Stephanie Jo Trude, a/k/a "BBQ Lady" and "BBQLADYY" at 827 Bedford Street, Claysburg, Pennsylvania 16625-7708, or 2003 14th Ave, Altoona, Pennsylvania 16601 on _____ by the following method:
_____.

Server's signature: _____.

Server's printed name: _____.

Date: _____.

