**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

NIKOLAOS T. HATZIEFSTATHIOU,
a/k/a "Nik the Hat,"

      Plaintiff, Pro Se,

        v.

JESSICA LYNNE SENG,
a/k/a "Granny's Watching";
STEPHANIE JO TRUDE,
a/k/a "BBQ Lady" and "BBQLADYY"; and
JOHN/JANE DOES 1-10,

      Defendants.

CIVIL ACTION NO: _____

## EMERGENCY MOTION FOR PRESERVATION ORDER AND LIMITED TEMPORARY / PRELIMINARY INJUNCTIVE RELIEF

1. Plaintiff moves under Fed. R. Civ. P. 65(a), (b), (c), and (d) for a preservation order and limited temporary and preliminary injunctive relief.

2. The motion is directed to preservation of native evidence and narrow protection against false consent, false affiliation, privacy invasion, and public misuse of private identifiers or minor-related information.

3. Plaintiff does not request a broad speech ban, content-removal order, platform sanction, ban on media appearances, ban on public discussion, ban on fundraising content, or prohibition against lawful criticism, opinion, fair comment, satire, public-record reporting, or discussion of public proceedings.

4. The June 27, 2026 cease-and-desist, nonparty subpoena-objection, and litigation-hold notice identified the alleged use of counsel correspondence and subpoena-related communications as audience-facing content and demanded preservation of native recordings, clips, posts, chats, comments, metadata, analytics, monetization records, deletion logs, emails, messages, and related materials. Ex. B at 2-5.

5. Plaintiff alleges that screenshots do not preserve complete evidence of livestreams, chats, comments, metadata, monetization, edits, deletions, mirrors, clips, timestamps, and account history.

6. Plaintiff alleges that Defendants' daily or near-daily publications and related posts have caused escalating reputational, safety, privacy, supervision, medical, emotional, professional, and evidentiary harm.

7. Plaintiff seeks an order preserving native evidence, prohibiting destruction or alteration of covered evidence, prohibiting false representations that Plaintiff consented or affiliated with the challenged content, protecting private identifiers and minor-related information, and preserving First Amendment activity.

8. Plaintiff requests that the Court set security under Fed. R. Civ. P. 65(c) in an amount the Court deems proper or, in the alternative, impose a nominal bond consistent with the preservation-first and speech-protective nature of the relief.

9. Plaintiff requests expedited consideration and such hearing or scheduling order as the Court deems proper.


Dated: July 5, 2026


Respectfully submitted,


_____
Nik T. Hatziefstathiou
Plaintiff, *pro se*

712 Cedar Grove Road
Broomall, Pennsylvania 19008
Mobile: (267) 648-8561
Email: nh@oneworldcommand.com


Dated: July 5, 2026

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIKOLAOS T. HATZIEFSTATHIOU,<br>a/k/a "Nik the Hat,"<br><br>Plaintiff, Pro Se,<br><br>v.<br><br>JESSICA LYNNE SENG,<br>a/k/a "Granny's Watching";<br>STEPHANIE JO TRUDE,<br>a/k/a "BBQ Lady" and "BBQLADYY"; and<br>JOHN/JANE DOES 1-10,<br><br>Defendants. | CIVIL ACTION NO: _____ |

## MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR PRESERVATION ORDER AND LIMITED TEMPORARY / PRELIMINARY INJUNCTIVE RELIEF

### I. INTRODUCTION

1. The requested relief is narrow. Plaintiff asks the Court to preserve native evidence and prevent false representations of consent, appearance, waiver, affiliation, sponsorship, or authorization while protecting lawful criticism and public discussion.

2. The challenged conduct involves alleged use of Plaintiff's name, alias, legal-process status, subpoena status, criminal-history narrative, supervision context, and professional identity in public-facing content after a written litigation-hold and no-consent notice. Ex. B at 2-5.

### II. LEGAL STANDARD

3. Fed. R. Civ. P. 8(a)(2) requires a short and plain statement showing entitlement to relief, and Fed. R. Civ. P. 10(b) requires numbered paragraphs and separate counts when doing so promotes clarity.

4. Fed. R. Civ. P. 11(a) requires a signed pleading, motion, or paper; Fed. R. Civ. P. 11(b)(2)-(3) imposes certification obligations on legal and factual contentions.

5. Fed. R. Civ. P. 65(a)(1) requires notice for a preliminary injunction; Rule 65(b)(1) governs TRO requests without notice; Rule 65(c) governs security; and Rule 65(d)(1)-(2) governs the contents and persons bound by any injunction or restraining order.

6. Preliminary injunctive relief is governed by Fed. R. Civ. P. 65(a), (b), (c), and (d), and the movant must address likelihood of success, irreparable harm, the balance of equities, and the public interest. *See* Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008); Reilly v. City of Harrisburg, 858 F.3d 173, 176, 179 (3d Cir. 2017).

7. Federal-question jurisdiction is based on 28 U.S.C. 1331 and the federal claims under 15 U.S.C. 1125(a)(1)(A) and 18 U.S.C. 2520. Supplemental jurisdiction is based on 28 U.S.C. 1367. Venue is pleaded under 28 U.S.C. 1391. Declaratory relief is sought under 28 U.S.C. 2201.

8. The pleaded state-law theories include Pennsylvania's unauthorized-use statute, 42 Pa. Cons. Stat. 8316, Pennsylvania's defamation burden statute, 42 Pa. Cons. Stat. 8343, and Pennsylvania wiretap remedies under 18 Pa. Cons. Stat. 5725.

### III. ARGUMENT

9. Plaintiff has pleaded a likelihood of success sufficient for preservation-first relief because the exhibits support a concrete no-consent dispute, post-notice use of legal-process materials, statement-level false implication allegations, and an ongoing risk of native-evidence loss. Ex. A at 2-4; Ex. B at 2-5; Ex. I-1 at 2; Ex. I-2 at 2; Ex. I-3 at 2; Ex. I-4 at 2-5; see Conventional Media Index.

10. Plaintiff's Lanham Act theory is limited to false association, false endorsement, false consent, false participation, false authorization, or false affiliation tied to audience-facing commercial, promotional, fundraising, monetized, or commercially valuable content. It does not treat ordinary criticism or public-record commentary as commercial use.

11. Plaintiff's federal and Pennsylvania wiretap theories are limited to alleged unlawful interception, disclosure, or use of communications and contents of communications, including counsel correspondence, subpoena-related communications, recordings, or derived private communications. They do not challenge public speech merely because it is critical.

12. Plaintiff's defamation and false-light theories target specific factual statements and false implications, including the judgment and self-harm-imputation post, false consent and affiliation implications, legal-status framing, and present-danger or professional-unfitness implications. They do not treat insults, vulgarity, rhetorical hyperbole, or generalized opinion as standalone defamation.

13. Plaintiff's privacy, intrusion, and doxxing-related theories are limited to private facts, private identifiers, private affairs, supervision context, medical or safety-sensitive details, and minor-related information whose disclosure is not necessary to fair public discussion.

14. Plaintiff's tortious-interference theory concerns alleged pressure on legal, professional, witness, community, official-reporting, and economic relationships. Plaintiff proceeds only for his own personal claims, not claims belonging to any corporation, nonprofit, witness, business, minor, family member, or third party.

15. Irreparable harm is likely because native video evidence, livestream records, comments, chats, metadata, analytics, monetization records, mirror chains, edit histories, and deletion histories can be deleted, altered, unlisted, concealed, overwritten, or lost before discovery.

16. The requested order is not a prior restraint. It preserves evidence, prohibits false consent or affiliation representations, protects private identifiers and minor-related information, and expressly preserves lawful criticism, opinion, fair comment, satire, public-record reporting, and discussion of public proceedings.

17. The balance of equities favors preservation because preserving native evidence imposes a limited burden and protects all parties' ability to litigate with a complete record.

18. The public interest favors truthful evidence preservation, narrow privacy protection, transparent adjudication, and First Amendment safeguards.

## IV. ANTICIPATED DEFENSES

19. First Amendment, opinion, rhetorical-hyperbole, substantial-truth, and fair-report defenses are addressed by the narrow scope of the requested relief and by Plaintiff's exclusion of insults, opinion, satire, public-record reporting, and lawful criticism from the requested injunction.

20. Litigation privilege and Noerr-Pennington or petitioning defenses do not justify using legal-process materials as audience-facing content in a manner that falsely implies Plaintiff's consent, affiliation, waiver, appearance, sponsorship, or authorization.

21. Anti-SLAPP or UPEPA arguments do not defeat preservation-first relief because Plaintiff does not seek a speech ban and does not ask this Court to reverse the state-court anti-SLAPP orders.

22. Commercial-use, actual-malice, fault, special-damages, corporate-standing, subject-matter jurisdiction, preclusion, Rooker-Feldman, abstention, authentication, hearsay, and overbreadth defenses are addressed by pleading Plaintiff's personal claims, limiting relief to supported allegations, preserving evidentiary objections for later proceedings, and avoiding any request to supervise state-court orders.

23. Authentication and hearsay objections do not defeat preservation relief because the motion seeks to preserve native records so authenticity, admissibility, and context can be tested on a complete record.

24. Security under Fed. R. Civ. P. 65(c) may be set by the Court in a proper amount. Plaintiff requests nominal security because the order primarily preserves existing evidence and protects speech rather than restraining lawful commentary.

## V. CONCLUSION

25. Plaintiff respectfully requests entry of the proposed preservation order and limited temporary and preliminary injunctive relief.


Dated: July 5, 2026



Respectfully submitted,



Nik T. Hatziefstathiou
Plaintiff, *pro se*

712 Cedar Grove Road
Broomall, Pennsylvania 19008
Mobile: (267) 648-8561
Email: nh@oneworldcommand.com


Dated: July 5, 2026

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

NIKOLAOS T. HATZIEFSTATHIOU,
a/k/a "Nik the Hat,"

            Plaintiff, Pro Se,

               v.

JESSICA LYNNE SENG,
a/k/a "Granny's Watching";
STEPHANIE JO TRUDE,
a/k/a "BBQ Lady" and "BBQLADYY"; and
JOHN/JANE DOES 1-10,

            Defendants.

**CIVIL ACTION NO:** _____

## DECLARATION OF NIKOLAOS T. HATZIEFSTATHIOU

1. I am the Plaintiff in this action, proceeding pro se and only on my own behalf.

2. I am also publicly known as "Nik the Hat."

3. I have a prior conviction and incarceration history that I have publicly acknowledged. I have apologized, pursued rehabilitation, complied with supervision obligations, and worked to rebuild my life, reputation, professional identity, legal relationships, public-service role, media identity, and community trust.

4. Truthful public discussion of my past is not the basis of this lawsuit. The harm I am seeking relief for is the alleged weaponization of that history with new false implications of present danger, predation, fraud, parole-control-by-strangers, professional unfitness, official targeting, false consent, false appearance, false waiver, and false affiliation.

5. I did not consent to any representation that I appeared voluntarily, testified voluntarily, accepted service, waived objections, endorsed Defendants' content, authorized use of my identity, sponsored Defendants' content, or affiliated with Defendants' content.

6. On June 26, 2026, counsel correspondence in a related matter referenced subpoena practice concerning me. Ex. A at 2-4.

7. On June 27, 2026, a cease-and-desist, nonparty subpoena-objection, and litigation-hold notice was sent concerning the alleged use of counsel correspondence and subpoena-related communications as audience-facing content. Ex. B at 2-5.

8. The June 27 notice identified a same-day Granny's Watching livestream and related same-day clip or mirror uploads. Ex. B at 2-5.

9. I understood that event as a material escalation because counsel correspondence and legal-process discussions concerning me were being turned into public content.

10. I have observed and preserved records reflecting repeated public content about me, including content using my legal name, public alias, handle, criminal-history narrative, legal status, supervision context, and professional identity.

11. I have observed @BbqLadyy posts dated June 17, 2026 that tag @nikthehat and include courthouse/legal-status framing, a visibility-limitation label, and statements about a "4.7 million dollar judgement" and that I wanted people to commit suicide. Ex. I-1 at 2; Ex. I-2 at 2; Ex. I-3 at 2.

12. I have observed June 29, 2026 posts concerning an attorney's office, a sheriff's office, and "DELCO." Ex. I-4 at 2-5.

13. I do not claim that any sheriff, police officer, court employee, parole officer, or public official acted improperly based on those posts.

14. I reported threat, safety, suspicious-vehicle, online stalking, and related concerns to law-enforcement or public reporting channels.

15. I have experienced severe emotional distress, anxiety symptoms, trauma symptoms, sleep disruption, substantial weight loss, and aggravation of medical or neurological concerns under evaluation.

16. I do not claim that Defendants are the sole cause of every symptom, but I believe their repeated public targeting, legal-status framing, identity use, official-pressure prompts, and third-party escalation materially aggravated my condition.

17. My supervision environment has been affected by repeated third-party complaints arising from the online controversy.

18. I seek preservation of native evidence because screenshots do not preserve full livestream, chat, comment, metadata, analytics, monetization, deletion, edit-history, mirror-chain, or account-history evidence.

19. I request relief that preserves evidence and prevents false consent or affiliation representations while preserving lawful criticism, opinion, fair comment, satire, public-record reporting, and discussion of public proceedings.

20. I declare under penalty of perjury under 28 U.S.C. 1746 that the foregoing is true and correct.

21. Executed on July 5, 2026.

Dated: July 5, 2026

Respectfully submitted,

Nik T. Hatziefstathiou
Plaintiff, *pro se*

712 Cedar Grove Road
Broomall, Pennsylvania 19008
Mobile: (267) 648-8561
Email: nh@oneworldcommand.com

Dated: July 5, 2026

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

NIKOLAOS T. HATZIEFSTATHIOU,
a/k/a "Nik the Hat,"

Plaintiff, Pro Se,

v.

JESSICA LYNNE SENG,
a/k/a "Granny's Watching";
STEPHANIE JO TRUDE,
a/k/a "BBQ Lady" and "BBQLADYY"; and
JOHN/JANE DOES 1-10,

Defendants.

CIVIL ACTION NO: _____

## AFFIDAVIT / EVIDENCE AUTHENTICATION DECLARATION

1. I, Nikolaos T. Hatziefstathiou, submit this declaration to describe the source, custody, and authentication basis for the exhibit set submitted with the Complaint and Rule 65 motion.

2. Exhibit A is the June 26, 2026 counsel email / subpoena-related correspondence.

3. Exhibit B is the June 27, 2026 cease-and-desist, nonparty subpoena objection, and litigation-hold notice.

4. Exhibit F-Media and Exhibit P identify multimedia and native-source material to be supplied conventionally on the split media discs described in the Conventional Media Index.

5. Exhibits I-1 through I-4 concern @BbqLadyy posts and related public-facing content dated June 17, 2026 and June 29, 2026.

6. The attached exhibits are true and correct copies of records maintained, captured, received, or preserved in connection with the events alleged in the Complaint.

7. The public filing set omits or minimizes minor-identifying information, private medical information, private supervision details, family information, account numbers, nonparty addresses, nonparty phone numbers, unnecessary email addresses, and safety-sensitive details.

8. I declare under penalty of perjury under 28 U.S.C. 1746 that the foregoing is true and correct.

9. Executed on July 5, 2026.

Dated: July 5, 2026

Respectfully submitted,

Nik T. Hatziefstathiou
Plaintiff, *pro se*

712 Cedar Grove Road
Broomall, Pennsylvania 19008
Mobile: (267) 648-8561
Email: nh@oneworldcommand.com

Dated: July 5, 2026

