**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

NIKOLAOS T. HATZIEFSTATHIOU,
a/k/a "Nik the Hat,"

       Plaintiff, Pro Se,

       v.

JESSICA LYNNE SENG,
a/k/a "Granny's Watching";
STEPHANIE JO TRUDE,
a/k/a "BBQ Lady" and "BBQLADYY"; and
JOHN/JANE DOES 1-10,

       Defendants.

CIVIL ACTION NO: _____

## MOTION FOR LEAVE TO SUBMIT MULTIMEDIA EXHIBITS CONVENTIONALLY

1. Plaintiff moves for leave to submit native video, audio, livestream, clip, mirror, metadata, and other multimedia exhibits conventionally on CD, DVD, or USB media.

2. The conventional media exhibits include or may include native versions of materials identified as Exhibit F-Media and Exhibit P, including native video / public page capture, transcript-linked source material, title, thumbnail, description, metadata, mirrors, cross-posts, clips, republication chain records, and related files.

3. Plaintiff does not embed multimedia files in the Word or PDF filings.

4. Conventional submission is appropriate because native files may be too large, may require playback in native format, may contain metadata not preserved by PDF, and may include audio/video evidence that cannot be accurately represented by screenshots alone.

5. Plaintiff will label the media with the case caption, civil-action number when assigned, exhibit labels, file names, and submission date, and will include a media index identifying the contained files.

6. Plaintiff requests leave to lodge the conventional media with the Clerk or as otherwise directed by the Court.

Dated: July 5, 2026

Respectfully submitted,

Nik T. Hatziefstathiou
Plaintiff, *pro se*

712 Cedar Grove Road
Broomall, Pennsylvania 19008
Mobile: (267) 648-8561
Email: nh@oneworldcommand.com

Dated: July 5, 2026

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

NIKOLAOS T. HATZIEFSTATHIOU,
a/k/a "Nik the Hat,"

Plaintiff, Pro Se,

v.

JESSICA LYNNE SENG,
a/k/a "Granny's Watching";
STEPHANIE JO TRUDE,
a/k/a "BBQ Lady" and "BBQLADYY"; and
JOHN/JANE DOES 1-10,

Defendants.

CIVIL ACTION NO: _____

## CERTIFICATE OF SERVICE

1. I, Nikolaos T. Hatziefstathiou, certify under 28 U.S.C. 1746 that service was made as follows:

2. Date of service: *5 July 2026*.

3. Persons to be served / served: Jessica Lynne Seng, a/k/a "Granny's Watching"; and Stephanie Jo Trude, a/k/a "BBQ Lady" and "BBQLADYY."

4. Service addresses: Jessica Lynne Seng, 548 Tasker Ave, Norwood, Pennsylvania 19074; Stephanie Jo Trude, 827 Bedford Street, Claysburg, Pennsylvania 16625-7708, or 2003 14th Ave, Altoona, Pennsylvania 16601. *Tking@DMKCGLaw.com*

5. Method of service: *Atty Email Jim@martucclilawoffices.com*

6. Documents served: Complaint; Civil Cover Sheet Data Document; Summons; Emergency Motion; Memorandum of Law; Declaration; Affidavit / Evidence Authentication Declaration; Proposed Order; Notice of Rule 65 Motion; Exhibit Index; conventional-media notice; and related filing papers.

7. I declare under penalty of perjury that the foregoing certificate is true and correct when completed and signed after service is made.

Dated: July 5, 2026

Respectfully submitted,

_____
Nik T. Hatziefstathiou
Plaintiff, *pro se*

712 Cedar Grove Road
Broomall, Pennsylvania 19008
Mobile: (267) 648-8561
Email: nh@oneworldcommand.com

Dated: July 5, 2026

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

NIKOLAOS T. HATZIEFSTATHIOU,
a/k/a "Nik the Hat,"

        Plaintiff, Pro Se,

           v.

JESSICA LYNNE SENG,
a/k/a "Granny's Watching";
STEPHANIE JO TRUDE,
a/k/a "BBQ Lady" and "BBQLADYY"; and
JOHN/JANE DOES 1-10,

        Defendants.

CIVIL ACTION NO: _____

## PROOF OF SERVICE

1. I, Nikolaos T. Hatziefstathiou, certify under 28 U.S.C. § 1746 that the filing papers identified below were served or will be served as reflected on this proof of service.

2. Date of service: **5 July 2026** .

3. Persons served / to be served: Jessica Lynne Seng, a/k/a "Granny's Watching"; and Stephanie Jo Trude, a/k/a "BBQ Lady" and "BBQLADYY."

4. Service addresses: Jessica Lynne Seng, 548 Tasker Ave, Norwood, Pennsylvania 19074; Stephanie Jo Trude, 827 Bedford Street, Claysburg, Pennsylvania 16625-7708, or 2003 14th Ave, Altoona, Pennsylvania 16601.

5. Method of service: via Counsel of Record in State Matters (First Attempt)

John J. Martucci, Jr., Esquire
301 Wharton Street
Philadelphia, PA 19147
jim@martuccilawoffices.com
*Counsel for Defendant Jessica Lynne*

Thomas W. King, III, Esquire
128 West Cunningham Street
Butler, PA 16001
tking@dmkcg.com
*Counsel for Defendant Stephanie Jo Trude*

6. Documents served: Complaint; Civil Cover Sheet Data Document; Summons; Emergency Motion; Memorandum of Law; Declaration; Affidavit / Evidence Authentication Declaration; Proposed Order; Notice of Rule 65 Motion; Exhibit Index; conventional-media notice; and related filing papers.

7. I declare under penalty of perjury that the foregoing proof of service is true and correct when completed and signed after service is made.

Dated: July 5, 2026

Nik T. Hatziefstathiou
Plaintiff, *pro se*

712 Cedar Grove Road
Broomall, Pennsylvania 19008
Mobile: (267) 648-8561
Email: nh@oneworldcommand.com

Dated: July 5, 2026

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

NIKOLAOS T. HATZIEFSTATHIOU, Plaintiff, Pro Se,

v.

JESSICA LYNNE SENG; STEPHANIE JO TRUDE; and JOHN/JANE DOES 1-10, Defendants.

CIVIL ACTION NO: _____

**EXHIBIT INDEX - ATTACHED EXHIBITS**

1. Exhibit A at 2-4: June 26, 2026 counsel email and subpoena-related correspondence.

2. Exhibit B at 2-5: June 27, 2026 cease-and-desist, subpoena-objection, and litigation-hold notice.

3. Exhibit I-1 at 2: June 17, 2026 BBQ LADY courthouse legal-status source excerpt.

4. Exhibit I-2 at 2: June 17, 2026 BBQ LADY visibility-limited source excerpt.

5. Exhibit I-3 at 2: June 17, 2026 BBQ LADY judgment and self-harm source excerpt.

6. Exhibit I-4 at 2-5: Context sheriff lunch screenshots source excerpt.

7. Exhibit I-1 to I-3 at 2-4: Combined BBQ LADY screenshots source excerpt.

Dated: July 5, 2026

Respectfully submitted,

_____
Nik T. Hatziefstathiou
Plaintiff, *pro se*

712 Cedar Grove Road
Broomall, Pennsylvania 19008
Mobile: (267) 648-8561
Email: nh@oneworldcommand.com

Dated: July 5 , 2026

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NIKOLAOS T. HATZIEFSTATHIOU,

a/k/a "Nik the Hat,"

Plaintiff, Pro Se,

v.

JESSICA LYNNE SENG,

a/k/a "Granny's Watching";

STEPHANIE JO TRUDE,

a/k/a "BBQ Lady" and "BBQLADYY"; and

JOHN/JANE DOES 1-10,

Defendants.

CIVIL ACTION NO: _____

# EXHIBIT A

June 26, 2026 counsel email / subpoena-related correspondence.

Public-redacted paper exhibit.

Plaintiff: Nikolaos T. Hatziefstathiou, Plaintiff, Pro Se.

Defendants: Jessica Lynne Seng; Stephanie Jo Trude; John/Jane Does 1-10.

Civil Action No. _____.

## Fw: AtNight Media, LLC, et al. v. Seng, et al., CCP Delaware County, No.:CV-2024-009083

Law Offices of Joseph Lesniak, LLC

Nik "the Hat" Hatziefstathiou ███████████████

Fri, Jun 26, 2026, 8:00 AM

See below

Law Offices of Joseph Lesniak, LLC

334 West Front St., Media, PA 19063

484-444-2348

jpl@jpllaw.net

---

**From:** jjm martuccilawoffices.com <jjm@martuccilawoffices.com>

**Sent:** Friday, 26 June 2026 02:32:19

**To:** jpl@jpllaw.net <jpl@jpllaw.net>

**Cc:** TKing@dmkcg.com <TKing@dmkcg.com>; rstickley@stickley.law <rstickley@stickley.law>; tbreth@dmkcg.com <tbreth@dmkcg.com>; sbenoit@dmkcg.com <sbenoit@dmkcg.com>

**Subject:** AtNight Media, LLC, et al. v. Seng, et al., CCP Delaware County, No.:CV-2024-009083

Dear Counsel,

████████████████████████ Nicole Jackson ("Ms. Jackson") was at it again. See I love this for her.

First, Ms. Jackson should get a copy of the transcript from the Safety Concern Hearing held before Judge Eckel. In reviewing the aforementioned, Ms. Jackson would be enlightened by the testimony from her Co-Plaintiff, Nic "The Hat" Hatziefstathiou.

Speaking of judges, in the above noted livestream, Ms. Jackson dog whistled her subscribers to write the judge. See 1 hour, 32 minutes, 55 seconds, "People should start writing into the judge and tell the judge what's happening." We believe Ms. Jackson was referencing Judge Eckel because in the matter of Seng v. Jackson, CCP Delaware County, No.:CV-2025-008880, a hearing is scheduled for July 14, 2026 on my Fee Petition which was placed on the Miscellaneous List before a yet to be assigned judge.

In that regard, advise if you are available on July 14, 2026 as my plan now is to subpoena you for the Fee Petition Hearing. Not to worry this will center on Seng v. Jackson, a case you do not represent Ms. Jackson. Also be advised, we plan to subpoena your client Nic "The Hat" Hatziefstathiou to testify

EXHIBIT A | Page 1 of 3

regarding his communication with Ms. Jackson concerning <u>Seng v. Jackson</u>, <u>supra</u>. Kindly advise if you will accept service on behalf of Nic "The Hat" Hatziefstathiou.

Next, Ms. Jackson should research the burden of proof for a plaintiff. Further, Ms. Jackson should take heed none of her co-plaintiffs discuss the above case as they were advised according to the testimony of Co-Plaintiff, Nic "The Hat" Hatziefstathiou. The testimony of Co-Plaintiff, Nic "The Hat" Hatziefstathiou at the Safety Concern Hearing made it clear that Ms. Jackson's continued engagement on this litigation was problematic and an affront to her co-plaintiffs (my words). That said, if Ms. Jackson had appeared at the Safety Concern Hearing or as stated procured a copy of the transcript thereto, she would be privy to the testimony concerning her meretricious machinations. In that regard, we do plan to request approval from Judge Eckel to use portions of the Safety Concern Hearing Transcript as it relates to Ms. Jackson on July 14, 2026.

In any event, Ms. Jackson has no concept of a default judgment. Ms. Jackson lacks the understanding of what is before the Court on July 14, 2026. To ease her mind, the allegations in the underlying case are deemed admitted by virtue of her default. I do, however, look forward to her attempting direct examination on attorney fees (Ms. Jackson according to her bloated drivel in her referenced herein livestream thinks serving her documents required under the Rules of Civil Procedure was done to run up the bill-all of this coming from someone who paid eight thousand five hundred dollars and no cents ($8,500.00) for poorly drafted and legally incompetent Cease & Desist Letters) and even more enthusiastically, my calling her as of cross.

Regardless, and more alarming was at the 1 hour, 16 seconds (1:00:16) of the noted livestream, wherein Ms. Jackson's panel guest asserted "I swear she [my client] sounds like Hitler." To be clear, in North Carolina Ms. Jackson is responsible for what is said on her livestream. This garrulous orator is the same individual that proffered the false narrative about Judge Eckel's daughter. The "Hitler" comment just brought another amendment to the punitive damages claim.

Be forewarned, since Ms. Jackson wants to impute her now eight (8) CPS calls on my client, perhaps procurement of such information will occur via Letters Rogatory for an "in camera"/"sealed" review thereto. Can you hear the glass pupil screaming "he can't do that!!!" Amazingly, even a skell could walk through the doors Ms. Jackson opens. This is not YouTube nor is it a municipality courtroom.

Finally, my defamation per se case against Ms. Jackson is upcoming, she should rest assured that there are many months left on the statute.

Thank you in advance for your prompt attention hereto.

JM

**Martucci Law Offices, LLC**
301 Wharton Street
Philadelphia, PA 19147

2 / 3

EXHIBIT A | Page 2 of 3

EXHIBIT A | Page 3 of 3

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NIKOLAOS T. HATZIEFSTATHIOU,

a/k/a "Nik the Hat,"

Plaintiff, Pro Se,

v.

JESSICA LYNNE SENG,

a/k/a "Granny's Watching";

STEPHANIE JO TRUDE,

a/k/a "BBQ Lady" and "BBQLADYY"; and

JOHN/JANE DOES 1-10,

Defendants.

CIVIL ACTION NO: _____

# EXHIBIT B

June 27, 2026 cease-and-desist, nonparty subpoena objection, and litigation-hold notice.

Public-redacted paper exhibit.

Plaintiff: Nikolaos T. Hatziefstathiou, Plaintiff, Pro Se.

Defendants: Jessica Lynne Seng; Stephanie Jo Trude; John/Jane Does 1-10.

Civil Action No. _____.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

NIKOLAOS T. HATZIEFSTATHIOU,

a/k/a "Nik the Hat,"

Plaintiff, Pro Se,

v.

JESSICA LYNNE SENG,

a/k/a "Granny's Watching";

STEPHANIE JO TRUDE,

a/k/a "BBQ Lady" and "BBQLADYY"; and

JOHN/JANE DOES 1-10,

Defendants.

CIVIL ACTION NO: _____

# EXHIBIT B

June 27, 2026 cease-and-desist, nonparty subpoena objection, and litigation-hold notice.

Plaintiff: Nikolaos T. Hatziefstathiou, Plaintiff, Pro Se.

Defendants: Jessica Lynne Seng; Stephanie Jo Trude; John/Jane Does 1-10.

Civil Action No. _____.

jpl@jpllaw.net

jim@martuccilawoffices.com

Mon, Jun 29, 2026, 3:25 PM

J. Martucci- Response to Subpoenas.pdf

Mr. Martucci,

I did not have an opportunity to send this yesterday. Out of professional courtesy, I am sending it now before we proceed.

Attached is the filing package that One World Society Corp. and Nikolaos Hatziefstathiou are prepared to file without further notice. Your client has now been placed on repeated actual notice that subpoena communications, counsel correspondence, Mr. Hatziefstathiou's name, alias, alleged litigation status, alleged testimony, and supposed "court appearance" are not content assets, promotional material, fundraising material, or audience-engagement devices.

Despite that notice, we are advised that your client went live again today and doubled down. That conduct is being preserved.

Accordingly, your client has twelve hours from transmission of this email to remove, unlist, disable, and de-monetize all content using or referencing the subpoena discussion, counsel communications, the proposed nonparty appearance, Mr. Hatziefstathiou's name or alias, alleged litigation status, alleged testimony, or any suggestion that he has agreed to appear, participate, waive objections, accept service, or provide content.

This is not a negotiation. This is the final courtesy notice before filing.

If written confirmation is not received within twelve hours that the content has been removed, disabled, and preserved, we will proceed with the attached motion and seek all available relief, including a protective order, preservation order, sanctions, fee-shifting, evidentiary relief, and any other relief the Court deems appropriate. We will also treat today's livestream and any continued publication as separate, post-notice conduct for purposes of a separate civil action and any additional claims arising from misuse of Mr. Hatziefstathiou's identity, likeness, communications, compelled legal status, and nonparty subpoena posture.

Your client should also be instructed immediately not to delete, alter, edit, clip, re-title, privatize, de-monetize, or otherwise manipulate any material without preserving the native files, metadata,

1 / 2

analytics, live chat, comments, Super Chats, memberships, gifts, platform notices, moderation logs, deletion histories, and communications with co-hosts, moderators, panelists, aligned accounts, or agents.

To be clear: lawful comment on public filings is not the issue. The issue is the conversion of subpoena process, counsel communications, nonparty witness status, and a fictionalized court appearance into content and monetized audience activity after notice.

Govern yourself and your client accordingly.

      Respectfully,

      Joe Lesniak

Law Offices of Joseph Lesniak, LLC

334 West Front Street

Media, PA 19063

(o) 484-444-2348

(f) 484-297-4254

jpl@jpllaw.net

www.jpllaw.net

 

The information contained in this email transmission is privileged and confidential, intended for the use of the individual or entity to whom it is directed and is privileged under the attorney-client privilege and the work product doctrines. If the reader of this message is not the intended recipient, any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone: (484-444-2348) or email and delete the original message. Thank you.

# FW: AtNight Media, LLC, et al. v. Trude, et al., CCP Delaware County, No.:CV-2024-009083

**From:** jpl@jpllaw.net
**To:** Nik "the Hat" Hatziefstathiou  nh@oneworldcommand.com
**Date:** Mon, Jun 29, 2026, 8:56 AM

Law Offices of Joseph Lesniak, LLC

334 West Front Street

Media, PA 19063

(o) 484-444-2348

(f) 484-297-4254

jpl@jpllaw.net

www.jpllaw.net

 

The information contained in this email transmission is privileged and confidential, intended for the use of the individual or entity to whom it is directed and is privileged under the attorney-client privilege and the work product doctrines. If the reader of this message is not the intended recipient, any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone: (484-444-2348) or email and delete the original message. Thank you.

**From:** jjm martuccilawoffices.com <jjm@martuccilawoffices.com>
**Sent:** Monday, June 29, 2026 2:44 AM
**To:** jpl@jpllaw.net
**Cc:** TKing@dmkcg.com; rstickley@stickley.law; sbenoit@dmkcg.com; tbreth@dmkcg.com
**Subject:** AtNight Media, LLC, et al. v. Trude, et al., CCP Delaware County, No.:CV-2024-009083

Dear Counsel,

You were given a courtesy. I will just act next time.

Note, it is beyond the pale that your client Nic "The Hat" Hatziefstathiou thinks he was being intimidated by a subpoena. Intimidation, like suing two women with; baseless, and legally incompetent claims,

which included the just not in this case lawyer in the caption, type of intimidation. Doing a video tha asserted he beat Bezos so you better settle type of intimidation. Utilizing the name of a missing teenager for sensationalism to bring gibberish before a Court type of intimidation.

Never forget, you nor your compadres did anything for this missing teenager by this litigation. Perhaps i was the interplay with your client Julia Valenti and claims brought on behalf of her mother that was the linchpin. Your client, the father of this missing child wants to know why a Sheriff might avoid him Perhaps the Sheriff is avoiding the drama created by the missing teenager's father being part of this litigation. Here is a newsflash, he should make a formal appointment request with the Sheriff's office Make a paper trail. Utilize the proper mediums and if they fail then others may be more willing to assist Nothing here helps or ever helped the cause of either parent. Make no mistake, helping the missing teenager's father was never the real intention of your compadres.

In any event, take heed, this office will use any tool under the Rules of Civil Procedure available as a zealous advocate for our clients. We, however, do not bring criminal causes of action in a civil forum. In addition, we do not name litigants as plaintiffs and never bring a cause of action on their behalf as your offices does. To be clear, if we need to issue subpoenas we will.

On another note, the past "X" post of your client Nic "The Hat" Hatziefstathiou asserting he had knowledge of the Pennsylvania Superior Court's decision in our matter on appeal is quite amusing. Now, if this was real, you do know people have breached the integrity of the Court. The only individuals that would have any knowledge concerning the appeal would be the Judges, the law clerks, perhaps the judicial secretaries and potentially Court Administration. Now, if this was true, who provided this information and to whom? If true, depending on the recipient, this could be a real issue for them.

See, the defense has not made an issue thereto because this could all be a trap. The trap? Yes, this never happened but the defense raises concern based on your client's statement. Then we get played by bringing an issue wherein it is said we only brought this claimed leak to the forefront because the ruling was dispositive to us. Thus, they could state we are making an issue to change the claimed outcome. Naïve we are not! Of course, someone could have just lied to the recipient or no such leak ever occurred. We will just wait it out.

For us, even if the appeal was dispositive to us the case will go back to the lower court wherein you and your clients will be blown out of court on Preliminary Objections. Eventually, all of you will face a Dragonetti action.

Finally, that other client of yours and her compatriot are being sued. Under the construct of the law and only the legal process what is going to happen to her thereto is going to make what happened to Jimmy

2 / 3

Hydell look like a day at the beach.

Happy 250,

JM

**Martucci Law Offices, LLC**
301 Wharton Street
Philadelphia, PA 19147

(267) 738-7004 (P)
(267) 961-7005 (F)

---



## Law Offices of Joseph Lesniak, LLC
334 West Front Street
Media, PA 19063

(office) 484-444-2348 ** (fax) 484-297-4254 ** jpl@jpllaw.net ** jpllaw.net

June 27, 2026

**CEASE-AND-DESIST / NONPARTY SUBPOENA OBJECTION / LITIGATION-HOLD
NOTICE WITHOUT PREJUDICE - ALL RIGHTS RESERVED**

**VIA EMAIL**

John J. Martucci, Jr., Esquire
Martucci Law Offices, LLC
301 Wharton Street
Philadelphia, PA 19147

> **Re:** SENG V. JACKSON, COURT OF COMMON PLEAS OF DELAWARE COUNTY,
> NO. CV-2025-008880 - NONPARTY SUBPOENA, COUNSEL-WITNESS, PRIVACY,
> RIGHT-OF-PUBLICITY, AND PRESERVATION ISSUES CONCERNING ONE WORLD
> SOCIETY CORP. AND NIKOLAOS HATZIEFSTATHIOU

Dear Mr. Martucci:

I write because your client's immediate use of counsel correspondence and a nonparty subpoena discussion as audience-facing content has materially changed the posture. The timing matters. Public YouTube listings reviewed on June 27, 2026 identify the primary livestream at issue as a same-day Granny's Watching livestream titled "Infested With Stupidity. Encouraging Calls to the Judge? My Attorney Responds," and identify the associated clip/mirror uploads as same-day uploads. Before my prior email had even served its intended purpose - a professional discussion about whether a nonparty appearance could occur under controlled conditions - your client appears to have converted Mr. Hatziefstathiou's legal name, alias, alleged litigation status, and supposed "appearance in court" into promotional content. That ends any informal accommodation.

The position is now fixed. I will not appear voluntarily. I am not authorized to accept service for Mr. Hatziefstathiou. Mr. Hatziefstathiou will not appear voluntarily. One World Society Corp. ("OWS") will not participate in informal discovery. If your client wants testimony or documents, she must use formal subpoena practice, with proper notice, service, objections, and motion practice under the Pennsylvania Rules of Civil Procedure. There is no agreement, no scheduled appearance, no waiver, and no court-ordered attendance to advertise or monetize.[1]

As a professional courtesy, and to avoid motion practice if that remains possible, I am enclosing the Petition to Intervene for Limited Purpose, Motion to Quash or Condition Subpoenas, and Motion for Protective Order that OWS and Mr. Hatziefstathiou are prepared to file if your client remains inclined to pursue any subpoena after her conduct this morning. The enclosure is provided to counsel for notice, potential avoidance of motion practice, and identification of the nonparty, privilege, protective-order, preservation, and Delaware County local-rule issues. It is not consent to

---

[1] *See* Pa.R.C.P. 234.1(a)-(d) (subpoena to attend/testify; subpoena may command production only at trial, hearing, or deposition and may not be used *ex parte*); Pa.R.C.P. 234.2(b)(1) (service); Pa.R.C.P. 4009.21(a)-(d), 4009.22(a), 4009.24-4009.25 (nonparty document subpoena notice, objections, service certificate, and compliance procedure).

service, testimony, discovery, publication, or any informal arrangement, and it is not provided as content, endorsement, waiver, or permission to promote a purported court appearance.

**A subpoena is judicial process, *not a content asset*. It is not permission to tease, advertise, livestream, clip, fundraise from, or sell a nonparty's compelled participation.** Any request for Mr. Hatziefstathiou's testimony or documents must be limited to material, first-hand, nonprivileged facts relevant to the pending petition. It must exclude attorney-client communications, attorney work product, counsel correspondence, insurance communications, OWS governance information, confidential security or privacy information, platform-complaint materials, donor or nonprofit operations information, and personal contact information.[2]

Counsel testimony is not a shortcut around privilege. Counsel correspondence is not a script. Any attempt to compel my testimony, repurpose lawyer communications as evidence or entertainment, or force disclosure of communications made for legal-advice purposes will be opposed. It also creates avoidable advocate-witness, work-product, and third-person-rights problems.[3]

Your client is also now on actual notice that Mr. Hatziefstathiou has not consented to the use of his name, alias, likeness, image, voice, subpoena status, alleged testimony, alleged litigation status, or supposed court appearance for promotion, fundraising, monetization, paid-stream content, thumbnails, tags, titles, clips, shorts, community posts, Discord posts, or implied endorsement. Public curiosity and litigation commentary do not confer a commercial license to turn a nonparty into a revenue prop.[4]

This is not a gag demand. Your client remains free to make lawful comment on public court filings and matters of public concern. The line is narrower and easier to follow: stop using private subpoena communications, counsel correspondence, a nonparty's identity, and a fictionalized or premature "court appearance" as content; stop implying consent, affiliation, waiver, or endorsement; and stop activating an audience toward a nonparty witness or counsel.[5]

Mr. Hatziefstathiou has reported that **your client publicly read or repeated counsel correspondence concerning the contemplated subpoena during a livestream; used his legal name and alias; described his alleged litigation status and alleged prior testimony; and converted the contemplated subpoena into online content.** He has filed a first-party YouTube privacy complaint, reference number 3PK6G3TKKKXGWREYJDWSTVQL6M. The primary livestream at issue is the June 27, 2026 Granny's Watching livestream below - not merely one of the downstream clips or mirrors. Related same-day clip/mirror uploads identified in the privacy complaint are also listed for preservation and takedown purposes:

> https://www.youtube.com/live/T3ccCeojUDU?is=HCemH8b21w63Fhgb (primary June 27, 2026 livestream at issue: Granny's Watching, "Infested With Stupidity. Encouraging Calls to the Judge? My Attorney Responds")
>
> https://www.youtube.com/watch?v=WRoWaBDBWYw (same-day clip/mirror upload; public listing: Hartley, "GRANNY'S WATCHING - LAWYER'S RESPONSE TO BJ'S DOG WHISTLE")

---

2 *See* Pa.R.C.P. 4003.1(a) (scope of discovery), 4003.3 (trial-preparation material and attorney work product), 4011(a)-(e) (bad-faith, oppressive, burdensome, out-of-scope, or unreasonable discovery prohibited), 4012(a) (protective orders).

3 *See* 42 Pa.C.S. § 5928; Gillard v. AIG Ins. Co., 15 A.3d 44, 59 (Pa. 2011); BouSamra v. Excela Health, 210 A.3d 967, 976-79 (Pa. 2019); Pa.R.P.C. 3.7, 4.4(a).

4 *See* 42 Pa.C.S. § 8316(a), (d), (e) (unauthorized commercial or advertising use of name or likeness; fundraising included; name or likeness includes voice, image, photograph, and substantially similar imitation); 15 U.S.C. § 1125(a)(1)(A); Facenda v. N.F.L. Films, Inc., 542 F.3d 1007, 1014-18, 1024-32 (3d Cir. 2008); Hepp v. Facebook, 14 F.4th 204, 206-08, 213-15 (3d Cir. 2021); Zacchini v. Scripps-Howard Broad. Co., 433 U.S. 562, 573-76 (1977).

5 Cf. 42 Pa.C.S. § 8340.14(b)(3) (commercial-activity exclusion from Pennsylvania UPEPA); 42 Pa.C.S. § 8316(e)(1)(iii), (e)(2) (fundraising and expressive-work limitations); Counterman v. Colorado, 600 U.S. 66, 73-82 (2023); Commonwealth v. Knox, 190 A.3d 1146, 1154-60 (Pa. 2018).

https://www.youtube.com/watch?v=fYYdX4gO5J4 (same-day clip/mirror upload; public listing: Chica Clip's and Chaos, "GW Reads Court Papers")

*Accordingly, demand is made that your client <u>immediately cease and desist</u> from the following:*

1. Reading, displaying, reposting, clipping, summarizing for engagement, or otherwise publishing counsel correspondence or subpoena communications.

2. Using Mr. Hatziefstathiou's name, likeness, alias, image, voice, subpoena status, alleged testimony, or alleged court appearance in titles, thumbnails, tags, captions, teasers, fundraising, paid streams, panels, community posts, Discord posts, or other promotional materials.

3. Representing that he has agreed to appear, testify, accept service, waive objections, or participate in content.

4. Soliciting, encouraging, tolerating, or amplifying viewer contact, harassment, doxxing, threats, intimidation, or retaliation directed at OWS, Mr. Hatziefstathiou, counsel, or related nonparties.

Any subpoena-related appearance will require a written, court-approved protective protocol before cooperation will be considered. At minimum, that protocol must: limit questioning to material, first-hand, nonprivileged issues; bar private recording, livestreaming, clipping, public repurposing, fundraising, monetization, harassment, retaliation, and audience activation; restrict attendance to designated persons; require a certified court reporter or authorized officer; designate transcript, video, exhibits, and communications for litigation use only unless the Court orders otherwise; and provide a mechanism for immediate judicial intervention if the protocol is violated.[6]

*Please also remind your client that Pennsylvania law separately restricts unauthorized capture, recording, transmission, or broadcasting of proceedings or persons within, adjacent to, or immediately surrounding a judicial facility absent court approval or an applicable court-rule exception.* Any court, deposition, remote-appearance, or subpoena-related process will be handled against that background and any further order entered by the Court.[7]

Confirm in writing by 5:00 p.m. on Monday, June 29, 2026, that your client has ceased the above conduct; that no public statement will represent an agreed, scheduled, compelled, or court-ordered appearance by Mr. Hatziefstathiou unless one exists; that any existing content using the above materials has been removed, unlisted, disabled, or de-monetized; and that litigation-hold measures are in place.

**<u>This is also a litigation-hold demand.</u> Preserve all materials relating to OWS, Mr. Hatziefstathiou, counsel, the contemplated subpoena, counsel correspondence, the YouTube privacy complaint, the above URLs, any related livestream or mirrored upload, and any monetization or promotion of the same.** That includes native recordings, livestream start/end times, publication/upload dates, public/private/unlisted/deleted status, YouTube Studio metadata, replays, raw video, clips, screenshots, thumbnails, titles, tags, descriptions, comments, live chats, pinned comments, community posts, Discord messages, DMs, text messages, e-mails, notes, platform notices, strike and appeal materials, analytics, ad-revenue records, Super Chats,

---

6 *See* Pa.R.C.P. 234.4(b) (motion to quash/protective relief), 4012(a)(1)-(9), (b) (protective orders, including limits on method, scope, attendance, sealing, and confidential commercial information).

7 *See* 18 Pa.C.S. § 5103.1; Pa.R.J.A. 1910(A)-(B). Rule 1910 requires judges to prohibit broadcasting, recording, or photography in the courtroom and immediately adjacent areas, subject only to narrow rule-based exceptions and express judicial permission.

memberships, gifts, tips, CashApp/PayPal/Venmo records, sponsorship communications, moderation logs, deletion/edit histories, and communications with co-hosts, panelists, moderators, aligned accounts, or agents.[8]

***The courtesy copy of the proposed motion is attached so there can be no confusion about the filing that will follow if your client pursues compulsory process without first obtaining either written agreement or a Court-approved protective protocol.*** If your client uses this notice, counsel correspondence, subpoena communications, or the enclosed proposed motion as content - especially to promote a non-existent "appearance in court" - we will treat that publication as further evidence that informal cooperation is impossible, that a motion to quash and protective order are necessary, and that your client is using nonparty process as a revenue device rather than litigation process. Any necessary motion will be filed under the Pennsylvania Rules of Civil Procedure and Delaware County local motion practice, with appropriate requests for protection, preservation, sanctions, fee-shifting, and evidentiary relief.

Nothing in this letter waives any attorney-client privilege, work-product protection, objection, insurance position, confidentiality interest, privacy right, publicity right, safety concern, evidentiary objection, subpoena objection, or nonparty right belonging to OWS, Mr. Hatziefstathiou, or counsel. All rights and remedies are reserved, including the right to move to quash, seek a protective order, seek sanctions or fee-shifting where authorized, request preservation or forensic relief, pursue platform relief, and pursue civil claims or referrals arising from any further misuse of Mr. Hatziefstathiou's identity, likeness, communications, or compelled legal status.

Respectfully,

Joseph P. Lesniak, Esquire
*Attorney for One World Society Corp. and Nikolaos Hatziefstathiou*

cc: Client

Enclosure: *Courtesy copy of proposed Petition to Intervene for Limited Purpose, Motion to Quash or Condition Subpoenas, and Motion for Protective Order*

---

[8] *See* Schroeder v. Commonwealth, Dep't of Transp., 710 A.2d 23, 27-28 (Pa. 1998); Mount Olivet Tabernacle Church v. Edwin L. Wiegand Div., 781 A.2d 1263, 1269-72 (Pa. Super. Ct. 2001); Pa.R.C.P. 4019.

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
COVER SHEET - NOTICE OF FILING OF MOTION OR PETITION UNDER
LOCAL RULES OF CIVIL PROCEDURE

CASE CAPTION:    Jessica Lynne Seng           CIVIL CASE NO.: CV-2025-008880
                 v. Brittney Nicole Jackson

NATURE OF MATTER FILED: *(please check one)*

☒ Petition Pursuant to Rule 206.1     ☐ Response to Petition
☐ Motion for Judgment on the Pleadings Pursuant to Rule 1034(a)
☐ Motion Pursuant to Rule 208.1       ☐ Response to Motion
☐ Summary Judgment Pursuant to Rule 1035.2
☐ Family Law Petition/Motion Pursuant to Rule 206.8

**MATTER FILED:** Non-Parties One World Society Corp. and Nikolaos Hatziefstathiou's
Petition to Intervene for Limited Purpose, Motion to Quash or Condition Subpoenas, Motion for
Protective Order, and Actual Redacted Exhibit Packet

FILING PARTY IS RESPONSIBLE FOR SERVICE OF THE RULE RETURNABLE
DATE OR HEARING DATE UPON ALL PARTIES

A motion or petition was filed in the above-captioned matter on the 29th day of June, 2026,
which:

☒ Requires you, Respondent, to file an Answer within twenty (20) days of the above date to this
notice or risk the entry of an Order in favor of the Petitioner. Answers must be filed and time
stamped by the Office of Judicial Support by 4:30 PM on the following date: July 20, 2026.

☐ Requires all parties to appear at a hearing/conference on the ____ day of _____,
_____, at _____ in Courtroom ____, Delaware County Courthouse, Media, Pennsylvania.

☐ Was timely answered, thus requiring the scheduling of a hearing in the above-captioned
matter on: _____, _____, at _____ in Courtroom _____.

☐ Qualifies as an Uncontested Motion or Petition, and as such requires neither an answer from
the Respondent nor the scheduling of a hearing in this matter.

☐ Has been assigned to Judge _____.

FOR OFFICE USE ONLY

Mailing date: _____    Processed by: _____

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NIKOLAOS T. HATZIEFSTATHIOU,

a/k/a "Nik the Hat,"

Plaintiff, Pro Se,

v.

JESSICA LYNNE SENG,

a/k/a "Granny's Watching";

STEPHANIE JO TRUDE,

a/k/a "BBQ Lady" and "BBQLADYY"; and

JOHN/JANE DOES 1-10,

Defendants.

CIVIL ACTION NO: _____

# EXHIBIT I-1

Trude June 17, 2026 courthouse / minor-related legal-status post, public-redacted.

Public-redacted paper exhibit.

Plaintiff: Nikolaos T. Hatziefstathiou, Plaintiff, Pro Se.

Defendants: Jessica Lynne Seng; Stephanie Jo Trude; John/Jane Does 1-10.

Civil Action No. _____.



← **Post** •••

**BbqLady** ✓
@BbqLadyy

X.com

@nikthehat feel free to come to Blair County Courthouse July 27 for oral arguments in the defamation case regarding statements like yours claiming individuals bullied Becky Hoover to death.

Open to the public.

Do you remember where it is right? The same courthouse you received a restraining order on behalf of a minor child last year from President Judge Jolene Grub Kopriva.

Then you can hear the truth for yourself instead of constantly defaming me.

Last edited 11:09 AM · 6/17/26 · **178** Views

    

EXHIBIT I-1 | Page 1 of 1

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NIKOLAOS T. HATZIEFSTATHIOU,

a/k/a "Nik the Hat,"

Plaintiff, Pro Se,

v.

JESSICA LYNNE SENG,

a/k/a "Granny's Watching";

STEPHANIE JO TRUDE,

a/k/a "BBQ Lady" and "BBQLADYY"; and

JOHN/JANE DOES 1-10,

Defendants.

CIVIL ACTION NO: _____

# EXHIBIT I-2

Trude June 17, 2026 visibility-limitation / platform abuse-label post, public-redacted.

Public-redacted paper exhibit.

Plaintiff: Nikolaos T. Hatziefstathiou, Plaintiff, Pro Se.

Defendants: Jessica Lynne Seng; Stephanie Jo Trude; John/Jane Does 1-10.

Civil Action No. _____.



← **Post** ...

**BbqLady** ✓
@BbqLadyy

**X.com**

I just keep sending it to my attorney. But honestly, I don't think Nik will ever care about what he says if it's factual or not because he knows that he doesn't have shit or he knows that he thinks he has it hidden well that we won't ever get it. So there's really no point in suing his fucking dumb ass because he's a little bitch. He hasn't done anything but shit in his life. I'm sure he made his mom and dad real proud. One thing that I can say about my kids is they were raised to be respectable, hard-working community members with life goals they can work to in achieve. My kids have made me proud. I doubt he's made his.

ⓘ **Visibility Limited** >
This Post may violate X's rules against Abuse.
Learn more

This post can't be replied to, shared, or liked.

11:00 AM · 6/17/26 · **39** Views



👎 Don't like this? Tap to share feedback    ✕

EXHIBIT I-2 | Page 1 of 1

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NIKOLAOS T. HATZIEFSTATHIOU,

a/k/a "Nik the Hat,"

Plaintiff, Pro Se,

v.

JESSICA LYNNE SENG,

a/k/a "Granny's Watching";

STEPHANIE JO TRUDE,

a/k/a "BBQ Lady" and "BBQLADYY"; and

JOHN/JANE DOES 1-10,

Defendants.

CIVIL ACTION NO: _____

# EXHIBIT I-3

Trude June 17, 2026 judgment / defamation / self-harm-imputation post.

Public-redacted paper exhibit.

Plaintiff: Nikolaos T. Hatziefstathiou, Plaintiff, Pro Se.

Defendants: Jessica Lynne Seng; Stephanie Jo Trude; John/Jane Does 1-10.

Civil Action No. _____.



← **Post**    •••

**BbqLady** ✓    X**.com**
@BbqLadyy

@nikthehat I know you like to defame people. You have that 4.7 million dollar judgement as proof. But let me correct your defamation towards me. I did not bully Becky Hoover. I didn't even know her. Never talked to her. And thru discovery - she stated in her own text messages she didn't know who I was and wouldn't know me if she saw me. I'm sorry if you believe fake narratives but this one - you're not right.

At least I'm not like you. Bullying me while I'm suffering from the mental anguish you and your cronies inflicted on me. You are the bully. You bully people. You want people to commit suicide. If you didn't you would stop your lies.

BULLY.



Nik "the Hat" Hatziefstathiou ✓    X**.com**
@nikthehat

It takes a special kind of bully — specifically, the kind Beckie Hoover had to deal with — to trash the dead. The bully, known as a TikTok trash can of a podcast, is notorious for bullying people, bullying people to death, or trashing the dead. What a great platform for a piece of garbage to

⌂    Q    Ø    🔔20+    ◯

EXHIBIT I-3 | Page 1 of 1

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NIKOLAOS T. HATZIEFSTATHIOU,

a/k/a "Nik the Hat,"

Plaintiff, Pro Se,

v.

JESSICA LYNNE SENG,

a/k/a "Granny's Watching";

STEPHANIE JO TRUDE,

a/k/a "BBQ Lady" and "BBQLADYY"; and

JOHN/JANE DOES 1-10,

Defendants.

CIVIL ACTION NO: _____

# EXHIBIT I-4

Trude Delco Sheriff's Office food/lunch law-enforcement-proximity post.

Public-redacted paper exhibit.

Plaintiff: Nikolaos T. Hatziefstathiou, Plaintiff, Pro Se.

Defendants: Jessica Lynne Seng; Stephanie Jo Trude; John/Jane Does 1-10.

Civil Action No. _____.



**Post**



**BbqLady** ✔
@BbqLadyy

X.com

Day 154

This is what backing the blue is about. Headed to my attorneys office and dropped off a lunch to the Sheriffs office. 🖤 💙



EXHIBIT I-4 | Page 1 of 4

 **BbqLady** ✔
@BbqLadyy

**X.com**

Day 154

This is what backing the blue is about. Headed to my attorneys office and dropped off a lunch to the Sheriffs office. 🖤 💙



11:43 AM · 6/29/26 · **701** Views

    

EXHIBIT I-4 | Page 2 of 4

← **Post** •••



11:43 AM · 6/29/26 · **701** Views

**Relevant** ∨

**Julie Ramsay** @JulieRa26496770 · 8h          Ø •••
Thank you sure they appreciate it. 💞 💞 💞

⟲          ♡ 1          ⫪          ⛶          ⬆

**Mary Barcene** @MaryBarcen29227 · 36m          Ø •••
U r so kind.....good job paying it forward

⟲          ♡          ⫪          ⛶          ⬆

**Dawn M.** @DawnMM1230 · 6h          Ø •••
Looks delicious! 😋

⟲          ♡ 1          ⫪          ⛶          ⬆

**PuPpY LaDiEE**🐾 @PuPpYLaDiEEe · 2h          Ø •••
Is that strawberries on top of the salad ? Mind if I
ask what other stuff you put in it ? To be honest
I've never had a salad with strawberries never
knew which dressing to use. Everything looks
delicious and glad you met with local police
enough is fkn enough for both you girls

⟲          ♡          ⫪          ⛶          ⬆

**Jubes** @poodle49 · 10h          Ø •••
💪🏼

⟲          ♡ 1          ⫪          ⛶          ⬆

EXHIBIT I-4 | Page 3 of 4

← **Post** ...



ılıl 703

 **Julie Ramsay** @JulieRa26496770 · 8h    ∅ ...
Thank you sure they appreciate it. 💞 💞 💞

⟲    ♡ 1    🖓    🔖    ⬆

 **BbqLady** ✔
@BbqLadyy

 **X**.com

They LOVED it. Maybe I'll cater DELCO next

7:12 PM · 6/29/26 · **36** Views

🖓  Don't like this? Tap to share feedback    ✕

EXHIBIT I-4 | Page 4 of 4

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

NIKOLAOS T. HATZIEFSTATHIOU, Plaintiff, Pro Se,

v.

JESSICA LYNNE SENG; STEPHANIE JO TRUDE; and JOHN/JANE DOES 1-10, Defendants.

CIVIL ACTION NO: _____

# EXHIBIT I-1 to I-3

Combined BBQ LADY screenshots source excerpt

The exhibit material follows this cover page.



←        **Post**        **...**

**BbqLady** ✔
@BbqLadyy

**X.com**

@nikthehat feel free to come to Blair County Courthouse July 27 for oral arguments in the defamation case regarding statements like yours claiming individuals bullied Becky Hoover to death.

Open to the public.

Do you remember where it is right? The same courthouse you received a restraining order on behalf of a minor child last year from President Judge Jolene Grub Kopriva.

Then you can hear the truth for yourself instead of constantly defaming me.

Last edited 11:09 AM · 6/17/26 · **178** Views

    



← **Post** ⋯

**BbqLady** ✔
@BbqLadyy

**X.com**

I just keep sending it to my attorney. But honestly, I don't think Nik will ever care about what he says if it's factual or not because he knows that he doesn't have shit or he knows that he thinks he has it hidden well that we won't ever get it. So there's really no point in suing his fucking dumb ass because he's a little bitch. He hasn't done anything but shit in his life. I'm sure he made his mom and dad real proud. One thing that I can say about my kids is they were raised to be respectable, hard-working community members with life goals they can work to in achieve. My kids have made me proud. I doubt he's made his.

> ⓘ **Visibility Limited**                           ›
> This Post may violate X's rules against Abuse.
> Learn more
>
> This post can't be replied to, shared, or liked.

11:00 AM · 6/17/26 · **39** Views



👎 Don't like this? Tap to share feedback            ✕

← **Post** •••

 **BbqLady** ✔
@BbqLadyy

X.com

@nikthehat I know you like to defame people. You have that 4.7 million dollar judgement as proof. But let me correct your defamation towards me. I did not bully Becky Hoover. I didn't even know her. Never talked to her. And thru discovery - she stated in her own text messages she didn't know who I was and wouldn't know me if she saw me. I'm sorry if you believe fake narratives but this one - you're not right.

At least I'm not like you. Bullying me while I'm suffering from the mental anguish you and your cronies inflicted on me. You are the bully. You bully people. You want people to commit suicide. If you didn't you would stop your lies.

BULLY.



Nik "the Hat" Hatziefstathiou ✔  X.com
@nikthehat

It takes a special kind of bully — specifically, the kind Beckie Hoover had to deal with — to trash the dead. The bully, known as a TikTok trash can of a podcast, is notorious for bullying people, bullying people to death, or trashing the dead. What a great platform for a piece of garbage to

