## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NIKOLAOS T. HATZIEFSTATHIOU,**<br>a/k/a "Nik the Hat,"<br>712 Cedar Grove Road<br>Broomall, Pennsylvania 19008<br><br>Plaintiff, Pro Se,<br><br>v.<br><br>**STEPHANIE JO TRUDE,**<br>a/k/a "BBQ Lady" and "BBQLADYY,"<br>827 Bedford Street<br>Claysburg, PA 16625-7708<br>-or-<br>2003 14th Ave<br>Altoona, PA 16601<br><br>**JESSICA LYNNE SENG,**<br>a/k/a "Granny's Watching,"<br>548 Tasker Avenue<br>Norwood, PA 19074<br><br>and<br><br>**JOHN/JANE DOES 1-10,**<br><br>Defendants. | Civil Action No.<br>**2:26-cv-04659-HB** |

## MOTION FOR LIMITED EXTENSION OF TIME TO EFFECTUATE SERVICE AND, IN THE ALTERNATIVE, FOR COURT-DIRECTED SERVICE
(Fed. R. Civ. P. 4(c)(3), 4(m), and 6(b)(1)(A))

1. Plaintiff Nikolaos T. Hatziefstathiou moves for a limited extension of the deadline to serve the named Defendants and, in the alternative, for discretionary court-directed service under Federal Rule of Civil Procedure 4(c)(3).

2. The original filing packet bears a Clerk's received stamp dated July 5, 2026, and this action was assigned Civil Action No. 2:26-cv-04659-HB. A copy of the stamped first page is attached as Exhibit B.

1

3. On July 10, 2026, the Clerk entered an Order directing Plaintiff to pay the $405 civil filing fee within thirty days if he intends to proceed. ECF No. 8; Ex. A.

4. With this July 22, 2026 submission, Plaintiff tenders the $405 filing fee directly to the Clerk. The payment instrument is not attached to the public filing because it contains financial-account information, and Plaintiff does not represent that the payment has been posted or cleared unless and until the Clerk confirms that fact.

5. The original filing packet included proposed summons forms for Defendants Jessica Lynne Seng and Stephanie Jo Trude. Plaintiff has not received issued summonses and has not completed formal service under Rule 4.

6. Plaintiff recognizes that Rule 4(m) runs from the filing of the complaint and is not restarted for an existing Defendant merely by later issuance of summons or filing of an amended complaint. Based on the July 5, 2026 Clerk receipt date and Rule 6(a), the present service deadline is October 5, 2026.

7. On July 5, 2026, Plaintiff sent courtesy inquiries to attorneys who represented or communicated on behalf of Defendants in related county or state proceedings. Plaintiff asked whether those attorneys were authorized to accept service or facilitate waiver. Exs. C-D.

8. Plaintiff has not received an executed waiver, affirmative acceptance of service, or confirmation that either attorney is an authorized agent for service in this federal action. Plaintiff does not characterize a lack of response or lack of authority as a refusal of service, and the July 5 communications were not themselves Rule 4 service.

9. Upon issuance of summonses, Plaintiff intends promptly to retain qualified private process servers: one serving within the Eastern District of Pennsylvania for Seng and one serving within the Western District of Pennsylvania for Trude. Plaintiff will file proof of service under Rule 4(l).

10. Plaintiff requests a limited extension of the service deadline through November 30, 2026. The requested date is fixed, does not depend on a future summons event, and allows orderly processing

of the filing fee, issuance of summonses, service in two federal districts, and filing of accurate returns.

11.  This motion is made before the present deadline. No Defendant has been formally served by Plaintiff or returned a waiver. The requested extension will not alter any Defendant's response period, and no prejudice is apparent from a short enlargement sought at this early stage.

12.  In the alternative, the Court may direct service by the United States Marshals Service under Rule 4(c)(3). Plaintiff acknowledges that such service is discretionary because he is not proceeding in forma pauperis. If the Court grants that relief, Plaintiff will provide issued summonses, the operative complaint, completed Forms USM-285, required copies, and any lawful advance deposit or other materials required by the Service.

13.  If the Court declines court-directed service, Plaintiff will proceed through qualified private process servers without treating the Court's decision as a limitation on any service method otherwise permitted by Rule 4.

14.  Plaintiff does not request amendment relief in this motion. Any First Amended Complaint will be filed separately under Rule 15(a)(1)(A) if that right remains available, and Plaintiff recognizes that amendment will not restart Rule 4(m) as to Defendants named in the original Complaint.

15.  Plaintiff respectfully requests entry of the accompanying proposed order extending the service deadline through November 30, 2026 and, if the Court deems appropriate, directing service under Rule 4(c)(3).

Dated: July 22, 2026

Respectfully submitted,

Nik T. Hatziefstathiou
Plaintiff, pro se
712 Cedar Grove Road
Broomall, Pennsylvania 19008
Mobile: (267) 648-8561
Email: nh@oneworldcommand.com

3