## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NIKOLAOS T. HATZIEFSTATHIOU,**<br>a/k/a "Nik the Hat,"<br>712 Cedar Grove Road<br>Broomall, Pennsylvania 19008<br><br>Plaintiff, Pro Se,<br><br>v.<br><br>**STEPHANIE JO TRUDE,**<br>a/k/a "BBQ Lady" and "BBQLADYY,"<br>827 Bedford Street<br>Claysburg, PA 16625-7708<br>-or-<br>2003 14th Ave<br>Altoona, PA 16601<br><br>**JESSICA LYNNE SENG,**<br>a/k/a "Granny's Watching,"<br>548 Tasker Avenue<br>Norwood, PA 19074<br><br>and<br><br>**JOHN/JANE DOES 1-10,**<br><br>Defendants. | Civil Action No.<br>**2:26-cv-04659-HB** |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LIMITED EXTENSION OF TIME TO EFFECTUATE SERVICE AND ALTERNATIVE REQUEST FOR COURT-DIRECTED SERVICE
(Fed. R. Civ. P. 4(c)(3), 4(m), and 6(b)(1)(A))

### I. INTRODUCTION

Plaintiff requests a fixed and modest extension of the service deadline through November 30, 2026.

The filing packet bears a July 5, 2026 Clerk receipt stamp, the Clerk later entered a filing-fee

deficiency Order, and Plaintiff has not received issued summonses. Plaintiff is tendering the required

fee on July 22, 2026 and will use qualified private process servers promptly after summonses issue.

Hatziefstathiou Decl. paras. 2-9; ECF No. 8; Exs. A-B.

1

Plaintiff does not contend that counsel's lack of authority or lack of an affirmative response constitutes refusal of service. The July 5 communications were courtesy inquiries concerning acceptance or waiver, not service under Rule 4. Hatziefstathiou Decl. paras. 6-8; Exs. C-D.

## II. RELEVANT PROCEDURAL RECORD

1. The original filing packet bears a July 5, 2026 Clerk receipt stamp. Ex. B; Hatziefstathiou Decl. para. 2.

2. On July 10, 2026, the Clerk ordered Plaintiff to pay $405 within thirty days if he intends to proceed. ECF No. 8 at 1-2; Ex. A.

3. Plaintiff tenders the $405 fee directly to the Clerk with the July 3̶1̶ 22, 2026 submission, without publicly filing the payment instrument. Hatziefstathiou Decl. para. 4.

4. The initial filing packet included proposed summons forms, but Plaintiff has not received issued summonses and has not completed formal service. Hatziefstathiou Decl. paras. 3, 5.

5. On July 5, Plaintiff made courtesy service-authority and waiver inquiries concerning Seng and Trude. No executed waiver, acceptance, or confirmation of agency for service has been received. Hatziefstathiou Decl. paras. 6-8; Exs. C-D.

## III. GOVERNING STANDARD

Rule 4(m) requires service within 90 days after the complaint is filed. If the plaintiff shows good cause, the Court must extend the time for service; even absent good cause, the Court retains discretion to permit service within a specified additional period. Fed. R. Civ. P. 4(m); Moore v. Walton, 96 F.4th 616, 626-31 (3d Cir. 2024); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305-07 (3d Cir. 1995). A request made before expiration is governed by Rule 6(b)(1)(A), which permits an extension for good cause. Fed. R. Civ. P. 6(b)(1)(A). Reasonable diligence is central to mandatory good cause, while the discretionary inquiry may consider actual notice, prejudice, the limitations consequences of dismissal, the plaintiff's conduct, and other equitable circumstances. See Moore, 96 F.4th at 626-31; MCI

Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995); Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997).

Rule 4(c)(3) provides that, at a plaintiff's request, the Court may order service by the United States Marshal or deputy marshal or by a person specially appointed by the Court. For a fee-paying plaintiff, the decision is discretionary. Fed. R. Civ. P. 4(c)(3).

## IV. ARGUMENT

### A. The Motion Uses the Existing Rule 4(m) Clock and Requests a Fixed Date

The Clerk-stamped filing date is July 5, 2026. Ninety days after that date is October 3, 2026, a Saturday; Rule 6(a)(1)(C) carries the deadline to Monday, October 5, 2026. Plaintiff therefore requests an affirmative enlargement through November 30, 2026. He does not contend that issuance of summonses or an amended pleading automatically restarts the clock for Defendants named in the original Complaint. See Moore, 96 F.4th at 629-30.

### B. A Short Discretionary Extension Will Permit Orderly Service Without Prejudice

The request is made more than two months before the present deadline. The fee-deficiency Order delayed ordinary case-opening processing, the fee is being tendered within the period ordered by the Clerk, proposed summonses were included in the original packet, and Plaintiff has identified a concrete private-service plan for both federal districts. Hatziefstathiou Decl. paras. 2-9; ECF No. 8.

Plaintiff candidly acknowledges that the July 5 counsel inquiries were not formal waiver packages and were not service attempts. They nevertheless show an early effort to determine whether unnecessary expense could be avoided without mischaracterizing counsel's position. Exs. C-D. Plaintiff will proceed with formal service once summonses issue.

If the Court concludes these facts do not require a mandatory extension for good cause, they support a discretionary extension under Rule 4(m). The case is at its inception, no Defendant has been formally served by Plaintiff, and the requested date will not deprive any Defendant of the response period

3

provided by the Rules. A fixed extension will also produce clearer service returns than an event-based deadline.

## C. Court-Directed Service Is Available as Alternative Relief

Rule 4(c)(3) authorizes, but does not require, court-directed Marshal service for a fee-paying plaintiff. Plaintiff is prepared to provide all forms, issued summonses, copies, and advance payment required by the Service. Hatziefstathiou Decl. para. 10. If the Court declines to exercise that discretion, Plaintiff will use qualified private process servers under Rule 4(c)(2).

## D. Amendment Is Not Part of This Motion

Plaintiff does not request an advisory ruling or leave to amend in this motion. If Rule 15(a)(1)(A) remains available, the complete First Amended Complaint will be filed separately as a matter of course. Plaintiff recognizes that an amendment does not restart Rule 4(m) for Defendants named in the original Complaint. Moore, 96 F.4th at 629-30.

## V. CONCLUSION

Plaintiff respectfully requests that the Court extend the service deadline through November 30, 2026 and, if the Court deems appropriate, direct service under Rule 4(c)(3).

Dated: July 22, 2026

Respectfully submitted,

Nik T. Hatziefstathiou
Plaintiff, pro se
712 Cedar Grove Road
Broomall, Pennsylvania 19008
Mobile: (267) 648-8561
Email: nh@oneworldcommand.com

4