## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NIKOLAOS T. HATZIEFSTATHIOU,**<br>a/k/a "Nik the Hat,"<br>712 Cedar Grove Road<br>Broomall, Pennsylvania 19008<br><br>Plaintiff, Pro Se,<br><br>v.<br><br>**STEPHANIE JO TRUDE,**<br>a/k/a "BBQ Lady" and "BBQLADYY,"<br>827 Bedford Street<br>Claysburg, PA 16625-7708<br>-or-<br>2003 14th Ave<br>Altoona, PA 16601<br><br>**JESSICA LYNNE SENG,**<br>a/k/a "Granny's Watching,"<br>548 Tasker Avenue<br>Norwood, PA 19074<br><br>and<br><br>**JOHN/JANE DOES 1-10,**<br><br>Defendants. | Civil Action No.<br>**2:26-cv-04659-HB** |

## EXHIBIT C
July 5, 2026 Seng / Martucci Courtesy Service-Authority and Preservation Inquiry

Public Court Record / Public-Redacted Filing Material

1

## Newly Filed EDPA Civil Action — July 5 Notice, Service Inquiry, Preservation, and Forensic Protocol Proposal re Jessica Lynne Seng

From: Nik "the Hat" Hatziefstathiou
nh@oneworldcommand.com

To: jim@martuccilawoffices.com
jim@martuccilawoffices.com

On: Sunday, July 5, 2026 at 3:50:27 AM

📎 **1** attachment                                                         7.6 MB  ⌄

Attorney Martucci,

**Please be advised**, for formality and clarity at the outset, that I represent myself *pro se* in a newly filed federal civil action in the United States District Court for the Eastern District of Pennsylvania. I filed the action **in person earlier this morning** with the EDPA Clerk's Office. I remain represented by counsel in other matter(s), including the Delaware County proceedings, and nothing in this correspondence is intended to bypass counsel of record in any matter where counsel represents me.

This email concerns only the newly filed EDPA *pro se* civil action. **The federal action asserts <u>seventeen</u> <u>civil</u> <u>counts</u> arising from newly pleaded conduct** involving, among other things, alleged misuse of my name, identity, public persona, alleged testimony, court-related status, online publications, social-media conduct, subpoena-related representations, preservation issues, and related conduct described in the federal filing.

The case names **Jessica Lynne Seng**, **Stephanie Jo Trude**, and John/Jane Does 1-10 as defendants.

Attached please find my July 5, 2026 notice letter and related exhibit packet. The notice addresses, among other things, your July 1, 2026 email to ; the narrow EDPA service issue concerning Jessica Lynne Seng; your threat to provide my X post to the Court and "note" my  status; your characterization of my ▮▮▮▮ as having "refuse[d]" service; your references to alleged subpoenas, ▮▮▮▮▮, and "custody"; and the broader pattern of late-hour ▮▮▮▮ communications, social-media and livestream references, threatened supplemental filings, and threatened court consequences.

*Out of professional courtesy*, and to avoid unnecessarily escalating the EDPA record at the outset, I have not included this July 5 letter or its exhibits as an attachment to the federal action at this time. I have no hesitation doing so if your response, your filings, your continued communications, or your client's broadcast, publication, reading, monetization, or use of the correspondence makes that necessary.

Please further be advised that, out of caution and respect for proper process, **I have referred**

the July 5 letter, its attachments, and the ███████ communications in my possession to the ███████████████████████████████ and the ███████████████████ ████████████████ **for review of the communications and conduct described in the notice.** This is not a request that you respond through those offices. It is notice that the record has been preserved and referred to appropriate review channels.

I have not attached the time-stamped injunction-related filing to this email pending your reply to the service issue. That filing has been submitted in the Eastern District of Pennsylvania.

Accordingly, please advise whether you are authorized to accept service of the summons and complaint on behalf of **Jessica Lynne Seng** in this newly filed EDPA pro se action, or to facilitate waiver of service under Fed. R. Civ. P. 4(d).

If you are authorized, please identify the capacity in which you are authorized and confirm the appropriate email or physical address for service or waiver materials. If you are not authorized, a simple statement that you are not authorized is sufficient.

I am not suggesting that a lawyer who lacks authority has "refused" service. A lawyer who is not authorized to accept service is simply not the authorized agent for service. *I am asking so the record is clear and so service proceeds under Rule 4 rather than through speculation, commentary, public performance, or avoidable motion practice.*

***Please also be advised that if your client's position remains that she has been under a coordinated attack since approximately September 4, 2024, then that assertion should be handled as an evidentiary issue, not a livestream narrative.*** If Ms. Seng contends there is a coordinated network targeting her, and my position is that I have also been targeted, mischaracterized, and pulled into online litigation theater, **then we may have an overlapping interest in identifying the actual source, scope, participants, timing, and mechanics of any coordinated activity.**

If that is genuinely the position, then once the EDPA matter is docketed and appearances/service issues are resolved, counsel should consider an early status conference, Rule 16-style case-management conference, or agreed preservation conference to address digital evidence, native files, social-media records, livestream archives, device metadata, third-party account activity, deletion/spoliation risk, and chain-of-custody issues.

In that same spirit, I strongly suggest that you consider engaging a qualified digital-forensics firm to review Ms. Seng's relevant social-media and device evidence in addition to my relevant social-media and device evidence under a proper, mutually agreed protocol. If your client wants swift resolution of the competing narratives, I am not opposed in principle to mutual forensic review of relevant cell-phone and social-media data by a neutral or mutually agreed digital-forensics specialist with recognized state and federal court experience.

Any such review would need to be narrow, reciprocal, privacy-protective, and governed by an agreed protocol or court order. It should address date ranges, accounts, devices, search terms, metadata, native exports, livestream files, YouTube Studio/account records if relevant, X account data, Discord/moderator communications if relevant, chain of custody, privilege,

irrelevant private material, sealed or confidential handling, and nonparty privacy. I am not proposing an open-ended inspection of personal devices. I am proposing a disciplined forensic process capable of testing whether there was coordination, fabrication, account misuse, deleted content, altered metadata, misattributed activity, third-party amplification, or monetized republication of litigation materials.

Stated plainly: *if Ms. Seng maintains that there is a network attacking her, then prove it with evidence. If my position is that Ms. Seng and aligned channels have been broadcasting, amplifying, monetizing, and mischaracterizing me and my alleged testimony, then I am prepared to have that tested by evidence as well.* **The competent path is forensic proof—not audience theatrics, selective screenshots, rhetorical accusations, or counsel emails that later become content.**

*This proposal is not a waiver of any claim, defense, privilege, objection, privacy right, service requirement, or preservation demand. Nor is it a concession that Ms. Seng's public accusations are accurate. It is a good-faith preservation and resolution proposal directed at the evidentiary issues that your client has repeatedly placed into controversy.*

Nothing in this email should be read as a threat to invoke disciplinary process as leverage for a service answer. Any request for sanctions, referral, discipline, protective relief, decorum management, preservation relief, or forensic protocol will be made, if at all, through proper procedure and based on the record.

Finally, the exhibits attached to my July 5 notice are not being placed by me on any public docket at this time. That changes only if you place them at issue, file them, make them necessary for relief, or your client broadcasts, publishes, reads, monetizes, or otherwise uses them as content. If the latter occurs during a livestream, I will put the issue before the Court before the stream ends.

The same service question remains pending:

Are you authorized to accept service on behalf of **Jessica Lynne Seng** in the newly filed EDPA pro se action, or to facilitate waiver of service under Fed. R. Civ. P. 4(d)?

Please answer yes or no.


*Very truly yours,*


Nik T. Hatziefstathiou
Plaintiff, Pro Se
712 Cedar Grove Road
Broomall, Pennsylvania 19008
*In Residence
cell: ████████████

email: ███████████