## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NIKOLAOS T. HATZIEFSTATHIOU,**<br>a/k/a "Nik the Hat,"<br>712 Cedar Grove Road<br>Broomall, Pennsylvania 19008<br><br>Plaintiff, Pro Se,<br><br>v.<br><br>**STEPHANIE JO TRUDE,**<br>a/k/a "BBQ Lady" and "BBQLADYY,"<br>827 Bedford Street<br>Claysburg, PA 16625-7708<br>-or-<br>2003 14th Ave<br>Altoona, PA 16601<br><br>**JESSICA LYNNE SENG,**<br>a/k/a "Granny's Watching,"<br>548 Tasker Avenue<br>Norwood, PA 19074<br><br>and<br><br>**JOHN/JANE DOES 1-10,**<br><br>Defendants. | Civil Action No.<br>**2:26-cv-04659-HB** |

## EXHIBIT D

July 5, 2026 Trude / King Courtesy Service-Authority and Preservation Inquiry

Public Court Record / Public-Redacted Filing Material

1

## Newly Filed EDPA Civil Action — Notice, Service Inquiry, and Proposed Preservation/Forensics Protocol re Stephanie Jo Trude

From:    Nik "the Hat" Hatziefstathiou
         nh@oneworldcommand.com

To:      tking@dmkcg.com
         tking@dmkcg.com

On:      Sunday, July 5, 2026 at 3:52:17 AM

Attorney King,

Please be advised, for formality and clarity at the outset, that I represent myself **pro se** in a newly filed federal civil action in the United States District Court for the Eastern District of Pennsylvania. I filed the action **in person earlier this morning** with the EDPA Clerk's Office. I remain represented by counsel in other matter(s), including the Delaware County proceedings, and nothing in this correspondence is intended to bypass counsel of record in any matter where counsel represents me.

This email concerns only the newly filed EDPA *pro se* civil action. The action asserts seventeen civil counts arising from newly pleaded conduct involving, among other things, alleged misuse of my name, identity, public persona, alleged testimony, court-related status, online publications, social-media conduct, subpoena-related representations, preservation issues, and related conduct described in the federal filing.

The case names **Jessica Lynne Seng**, **Stephanie Jo Trude**, and John/Jane Does 1–10 as defendants.

Because you represent Ms. Trude in related Delaware County litigation, *I am providing this courtesy notice directly to you*. I am doing so because I have respected the professionalism you have generally shown in this litigation environment, and because I want to avoid unnecessary confusion, assumption, or avoidable motion practice at the outset of the federal case.

**Please further be advised that I issued a separate notice to ▮▮▮▮▮▮▮▮ concerning his own communications, including his July 1, 2026 email to ▮▮▮▮▮▮▮▮ and what I view as serious decorum, service, communication, probation-status, and professional-conduct issues.** That notice was directed to ▮▮▮▮▮▮▮▮ and ▮▮ conduct. It was not directed at you personally, and I am not asking you to answer for ▮▮.

For avoidance of doubt, *I do not intend to enter the EDPA case with personal animus toward counsel*, including you. **My intent is to proceed under the federal rules, with proper service, proper filings, proper preservation, and a clean record.**

Accordingly, please advise whether you are authorized to accept service of the summons and complaint on behalf of **Stephanie Jo Trude** in this newly filed EDPA pro se action, or to facilitate waiver of service under Fed. R. Civ. P. 4(d).

If you are authorized, please identify the capacity in which you are authorized and confirm the appropriate email or physical address for service or waiver materials. If you are not authorized, a simple statement that you are not authorized is sufficient.

I am not suggesting that a lawyer who lacks authority has "refused" service. A lawyer who is not authorized to accept service is simply not the authorized agent for service.

***Please also be advised that if your client's position remains that she has been under a coordinated attack since approximately September 4, 2024,* then we may have an overlapping interest in identifying the actual source, scope, participants, timing, and mechanics of any coordinated activity.** If that is genuinely the position, then once the EDPA matter is docketed and appearances/service issues are resolved, I believe counsel should consider an early status conference, Rule 16-style case-management conference, or agreed preservation conference to address digital evidence, native files, social-media records, third-party accounts, and chain-of-custody issues.

*In that same spirit,* I strongly suggest that you consider engaging a qualified digital-forensics firm to review both your client's relevant social-media and device evidence and my relevant social-media and device evidence under a proper, mutually agreed protocol. If your client wants swift resolution of the competing narratives, ***I am not opposed in principle to mutual forensic review of relevant cell-phone and social-media data by a neutral or mutually agreed digital-forensics specialist with recognized state and federal court experience.***

Any such review would need to be narrow, reciprocal, privacy-protective, and governed by an agreed protocol or court order. It should address date ranges, accounts, devices, search terms, metadata, native exports, chain of custody, privilege, irrelevant private material, sealed or confidential handling, and nonparty privacy. I am not proposing an open-ended inspection of personal devices. I am proposing a disciplined forensic process capable of testing whether there was coordination, fabrication, account misuse, third-party amplification, deleted content, altered metadata, or misattributed activity.

Stated plainly: **if the position is that there is a network attacking Ms. Trude, and my position is that I have also been targeted, mischaracterized, and pulled into online litigation theater, then the competent path is evidence—not livestream narratives, not speculation, not recycled accusations, and not selective screenshots.** A neutral forensic process may determine whether there is actually a coordinated network, who is participating in it, and whether either side's public narrative matches the underlying data.

*This proposal is not a waiver of any claim, defense, privilege, objection, privacy right, or service requirement. Nor is it a concession that any party's public accusations are accurate. It is a good-faith preservation and resolution proposal directed at the evidentiary issues both sides appear to be raising.*

I have not attached the time-stamped injunction-related filing to this email pending counsel responses on service issues. That filing has been submitted in the Eastern District of Pennsylvania.

Once the Clerk's Office confirms the civil action number, I will reference it in future correspondence. This email is intended to provide notice of the filing and to ask the narrow service/waiver question above; it is not intended to substitute for formal service unless you confirm authority to accept service or facilitate waiver.

Please answer the service question: Are you authorized to accept service for **Stephanie Jo Trude** in the newly filed EDPA pro se action, or to facilitate waiver of service under Fed. R. Civ. P. 4(d)?

Respectfully,

Nik T. Hatziefstathiou
Plaintiff, Pro Se
712 Cedar Grove Road
Broomall, Pennsylvania 19008
*In Residence
cell: ███████████