## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

NIKOLAOS T. HATZIEFSTATHIOU,
a/k/a "Nik the Hat,"
712 Cedar Grove Road
Broomall, Pennsylvania 19008

        Plaintiff, Pro Se,

        v.

STEPHANIE JO TRUDE,
a/k/a "BBQ Lady" and "BBQLADYY,"
827 Bedford Street
Claysburg, PA 16625-7708
-or-
2003 14th Ave
Altoona, PA 16601

JESSICA LYNNE SENG,
a/k/a "Granny's Watching,"
548 Tasker Avenue
Norwood, PA 19074

        and

JOHN/JANE DOES 1-10,

        Defendants.

CIVIL ACTION NO:
2:26-cv-04659-HB

**JURY TRIAL
DEMANDED**

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION AND EXHIBITS, FOR EXPEDITED RULE 16 PRESERVATION STATUS CONFERENCE AND NARROW PRESERVATION RELIEF BASED ON POST-ORDER CONDUCT, AND FOR CONDITIONAL ATTORNEY-WITNESS HEARING
(Fed. R. Civ. P. 7(b), 16, 26(c), 65; L. Civ. R. 83.6; Pa. R.P.C. 3.7)

1. On July 8, 2026, the Court denied Plaintiff's original Emergency Motion for Preservation Order and Limited Temporary/Preliminary Injunctive Relief at ECF No. 2. This motion does not seek reconsideration of that denial and does not characterize the original motion as pending. It presents materially new events occurring after the July 8 Order and seeks new, narrower case-management and preservation relief directed to those post-order events.

1

2. Plaintiff Nikolaos T. Hatziefstathiou moves for leave to file the accompanying supplemental declaration and exhibits; for an expedited Rule 16 preservation/status conference; for narrow preservation and litigation-communication safeguards based on the July 13-20 post-order record; and for a prompt conditional attorney-witness hearing if John J. Martucci, Jr., Esquire, files an appearance, seeks admission, or otherwise undertakes substantive advocacy in this federal action.

3. This motion does not ask the Court to treat actual knowledge of the lawsuit as formal service, enter default, prohibit lawful criticism, remove content, sanction a platform, restrict fundraising, adjudicate the identities of Doe Defendants, identify any person solely from a photograph, or find that any third party participated in this case.

4. From the July 5 filing through approximately July 19, 2026, Plaintiff did not observe public discussion of this federal action by the named Defendants. On July 20, 2026, Defendant Seng hosted the YouTube livestream "Granny's Watching, Messy On The Lords Day!? Sheesh.," video ID AAdelRxThPk. Exs. A-C.

5. In the captured excerpt, Seng stated that Plaintiff was suing her and Trude in federal court, stated that they had not been giving Plaintiff a reaction, and stated that Plaintiff's injunction and request to preserve cellular phones had been denied. Ex. A. Plaintiff offers the statements as evidence of public knowledge, public characterization, and preservation need, not as proof that formal service occurred or that counsel supplied the information.

6. Defendant Trude appeared on the same livestream panel and stated that there was not much to say "right this second" and that she and Seng would communicate later. Ex. B. The video page displayed channel membership features, a paid Super Chat, approximately 18,400 subscribers, and the July 20, 2026 publication date. Ex. C. Plaintiff contends that the combination reflects renewed public discussion of this suit before a monetized audience and creates a concrete need to preserve native video, chat, comments, analytics, monetization, edit, deletion, and republication records.

7. On information and belief, based on public posts preserved in Exhibit D, Trude traveled to Philadelphia during approximately July 13-15, 2026. The posts show Trude at Philadelphia locations and repeatedly at a storefront displaying a sign reading "F*** THE RATS." One photograph depicts Trude with an adult man whom Plaintiff identifies as Joseph "Joey" Merlino based on the source context and Plaintiff's prior familiarity. The photograph alone does not authenticate the man's identity. Public federal appellate records show that a person named Joseph Merlino, a/k/a "Skinny Joey," was tried and convicted in this same federal district in a RICO prosecution. United States v. Merlino, 349 F.3d 144, 146-52 (3d Cir. 2003). Plaintiff offers this combination only as context for his subjective intimidation concern and does not allege that the third party knew of this action, committed any crime in connection with it, acted for a Defendant, or participated in this litigation.

8. Plaintiff observed accounts appearing under the handles @breakingchainstc and @CLUEminatiCrew on or in connection with the July 20 panel and believes, based on separately preserved material, that persons operating those accounts assisted the named Defendants. Plaintiff does not ask the Court to adjudicate Doe status now. Plaintiff preserves the right to seek relief under Rule 15 and limited discovery after verifying identities, legal names, factual roles, and service information.

9. Plaintiff previously asked Attorney Martucci whether he was authorized to accept service or facilitate waiver for Seng and expressly stated that lack of authority was not refusal of service. Ex. E. No executed waiver or confirmed authorized acceptance is alleged. The July 20 discussion shows awareness of the action but does not establish formal service under Rule 4.

10. ODC assigned File No. C1-26-557 to Plaintiff's professional-conduct submission concerning Attorney Martucci and requested additional information on July 10, 2026. Plaintiff does not allege that ODC has made a finding, opened a formal disciplinary prosecution, or adjudicated misconduct. Because the file-status correspondence is marked personal and confidential, Plaintiff

3

requests sealed or in camera review only if the Court permits and does not place the full submission on the public docket.

11. Plaintiff's principal counsel-status concern is whether Attorney Martucci may possess personal knowledge of disputed material facts concerning service-authority communications, the July 1 correspondence, preservation notices, public use of litigation communications, and transmission of information concerning this federal case. Plaintiff believes the current record creates a substantial possibility that Martucci may be a material and potentially necessary fact witness.

12. Plaintiff does not ask the Clerk to reject a notice of appearance or ask the Court to disqualify Martucci automatically. If Martucci files an appearance, seeks admission, or undertakes substantive advocacy, Plaintiff requests that the Court promptly set a counsel-status/attorney-witness conference before Martucci assumes a trial-advocate or evidentiary role on matters as to which he may have personal knowledge. A limited appearance solely to respond to the counsel-status issue would not be prohibited. Plaintiff requests that disqualification or any trial-counsel limitation be reserved until the Court has notice, a developed record, and an opportunity to hear all affected persons.

13. Pending the conference, Plaintiff requests preservation of the July 20 livestream and associated native files, comments, live chats, channel records, analytics, monetization indicators, Super Chat and membership records, edit and deletion histories, mirrors, clips, reposts, and related communications; preservation of the Philadelphia posts and source records reflected in Exhibit D; and preservation of nonprivileged counsel communications concerning service authority, preservation notices, and public use or transmission of litigation correspondence.

14. Plaintiff requests no broad speech restraint. The requested safeguards are limited to preservation; no destruction, deletion, alteration, unlisting, concealment, or overwriting of covered evidence; no knowingly false procedural representations that Plaintiff consented, appeared, accepted

service, waived objections, endorsed content, or affiliated with challenged content; and protection of private identifiers and minor-related information.

15. Plaintiff respectfully requests entry of the accompanying proposed order and an expedited preservation/status and conditional counsel-status conference at the Court's earliest convenience.

Respectfully submitted,

Nik T. Hatziefstathiou
Plaintiff, pro se
712 Cedar Grove Road
Broomall, Pennsylvania 19008
Mobile: (267) 648-8561
Email: nh@oneworldcommand.com
Dated: July 20 2026

5