## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

**NIKOLAOS T. HATZIEFSTATHIOU,**
a/k/a "Nik the Hat,"
712 Cedar Grove Road
Broomall, Pennsylvania 19008

Plaintiff, Pro Se,

v.

**STEPHANIE JO TRUDE,**
a/k/a "BBQ Lady" and "BBQLADYY,"
827 Bedford Street
Claysburg, PA 16625-7708
-or-
2003 14th Ave
Altoona, PA 16601

**JESSICA LYNNE SENG,**
a/k/a "Granny's Watching,"
548 Tasker Avenue
Norwood, PA 19074

and

**JOHN/JANE DOES 1-10,**

Defendants.

**CIVIL ACTION NO:
2:26-cv-04659-HB**

**JURY TRIAL
DEMANDED**

## PROPOSED ORDER

1. Upon consideration of Plaintiff's Motion for Leave to File Supplemental Declaration and Exhibits, for Expedited Rule 16 Preservation Status Conference and Narrow Preservation Relief Based on Post-Order Conduct, and for Conditional Attorney-Witness Hearing, any response, and the record, the Motion is GRANTED IN PART as follows:

2. The Court's July 8, 2026 denial of ECF No. 2 remains undisturbed. The Court considers the present motion only to the extent it relies on events occurring after that Order and seeks new, narrower preservation and case-management relief.

3. The supplemental declaration and public Exhibits A-E are accepted for consideration with the present post-order motion.

1

4. Plaintiff may move separately for leave to submit Exhibit F under seal or for in camera review. Exhibit F shall not be placed on the public docket absent further order.

5. A preservation and counsel-status conference is scheduled for _____, 2026, at _____, by _____.

6. Defendants and persons bound under Federal Rule of Civil Procedure 65(d)(2) after actual notice shall preserve the July 20, 2026 YouTube broadcast identified by video ID AAdelRxThPk and all associated native video, audio, comments, live chat, captions, transcripts, thumbnails, descriptions, tags, URLs, panel identifiers, account or channel records, edit and deletion histories, visibility changes, analytics, monetization indicators, Super Chat records, membership records, mirrors, clips, reposts, and related communications within their possession, custody, or control.

7. Defendants and persons bound under Rule 65(d)(2) after actual notice shall preserve the public posts and source records reflected in Exhibit D and shall not destroy, delete, alter, unlist, conceal, overwrite, or materially impair covered evidence.

8. Nothing in this Order deems any Defendant served, waives a service objection, establishes counsel's authority to accept service, or converts awareness into service under Rule 4.

9. No person bound by this Order shall knowingly make a false procedural representation that Plaintiff consented, appeared, testified voluntarily, accepted service, waived objections, endorsed content, authorized identity use, sponsored content, or affiliated with challenged content.

10. Nothing in this Order prohibits lawful criticism, opinion, fair comment, satire, public-record reporting, discussion of public proceedings, petitioning activity, fundraising, media appearances, attorney-client communications, or ordinary litigation advocacy.

11. No account operator is deemed a substituted or confirmed Doe Defendant through this Order. Plaintiff may seek relief under Rule 15 or limited discovery by separate motion upon a sufficient factual showing.

12. If John J. Martucci, Jr., Esquire, files a notice of appearance, seeks admission, represents that he acts for a Defendant, or undertakes substantive advocacy in this action, he shall within seven days file a short counsel-status statement identifying: (a) the capacity in which he acts; (b) whether he is authorized to accept service or facilitate waiver; (c) whether he has personal knowledge of disputed service-authority communications, preservation notices, the July 1 correspondence, public use or transmission of litigation communications, or the source of information concerning this action; (d) whether he anticipates being a witness; and (e) whether another attorney will serve as trial advocate if necessary.

13. Upon the filing of such a statement, the Court will determine whether a prompt attorney-witness conference is required before Martucci undertakes trial-advocacy or evidentiary functions on matters as to which he may have personal knowledge. A limited appearance solely to respond to the counsel-status issue is not prohibited. Any disqualification or trial-counsel limitation is reserved without prejudice pending notice, a developed record, and an opportunity to be heard.

14. No finding is made concerning professional misconduct, intimidation, the identity of the adult man shown in Exhibit D, criminal conduct, third-party participation, Doe identity, or merits liability.

15. Security under Rule 65(c) is deferred pending the conference unless the Court directs otherwise.

SO ORDERED.

Dated: _____, 2026

_____
United States District Judge

3

Respectfully submitted,

Nik T. Hatziefstathiou
Plaintiff, pro se
712 Cedar Grove Road
Broomall, Pennsylvania 19008
Mobile: (267) 648-8561
Email: nh@oneworldcommand.com
Dated: July 20 2026