## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NIKOLAOS T. HATZIEFSTATHIOU,**<br>a/k/a "Nik the Hat,"<br>712 Cedar Grove Road<br>Broomall, Pennsylvania 19008<br><br>Plaintiff, Pro Se,<br><br>v.<br><br>**STEPHANIE JO TRUDE,**<br>a/k/a "BBQ Lady" and "BBQLADYY,"<br>827 Bedford Street<br>Claysburg, PA 16625-7708<br>-or-<br>2003 14th Ave<br>Altoona, PA 16601<br><br>**JESSICA LYNNE SENG,**<br>a/k/a "Granny's Watching,"<br>548 Tasker Avenue<br>Norwood, PA 19074<br><br>and<br><br>**JOHN/JANE DOES 1-10,**<br><br>Defendants. | **CIVIL ACTION NO:**<br>**2:26-cv-04659-HB**<br><br>**JURY TRIAL**<br>**DEMANDED** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S POST-ORDER PRESERVATION, STATUS-CONFERENCE, AND CONDITIONAL ATTORNEY-WITNESS MOTION

## I. INTRODUCTION

The Court denied Plaintiff's original emergency Rule 65 motion on July 8, 2026. This filing does not seek reconsideration and does not treat the denied motion as pending. It relies on materially new events occurring after the July 8 Order: Philadelphia posts dated July 13-15, the July 20 livestream in which both named Defendants discussed this federal action before a monetized audience, and the resulting need to preserve native media and related communications. Plaintiff seeks a prompt Rule 16 preservation/status conference, narrow new preservation relief, and a conditional attorney-witness conference if Attorney Martucci appears or acts in this case.

1

## II. POST-ORDER RECORD

Exhibit A is a timestamped transcript excerpt in which Seng acknowledges the federal suit and publicly characterizes the July 8 denial and the phone-preservation issue.

Exhibit B is a timestamped transcript excerpt showing Trude participating on the same July 20 livestream panel.

Exhibit C is a public YouTube page capture showing the title, July 20, 2026 date, panel display, channel membership, paid Super Chat, subscriber count, and displayed video metrics.

Exhibit D contains public posts dated July 13-15, 2026 showing Trude in Philadelphia, repeated photographs near a sign reading "F*** THE RATS," and a photograph with an adult man whom Plaintiff identifies as Joseph "Joey" Merlino. The photograph alone does not authenticate the man's identity. Public appellate records establish that a person named Joseph Merlino, a/k/a "Skinny Joey," was tried and convicted in an Eastern District of Pennsylvania RICO prosecution. United States v. Merlino, 349 F.3d 144, 146-52 (3d Cir. 2003). The exhibit is offered only as context for Plaintiff's subjective intimidation concern, not as proof of criminal conduct, knowledge, agency, or participation by the third party.

Exhibit E is a public-redacted excerpt of Plaintiff's July 5 notice to Attorney Martucci concerning service authority, preservation, and counsel communications.

Exhibit F is file-status correspondence marked personal and confidential showing ODC File No. C1-26-557 and a July 10, 2026 request for additional information. Plaintiff requests sealed or in camera treatment if the Court permits and does not allege an ODC finding.

## III. GOVERNING STANDARD

Rule 16 permits an early conference to expedite disposition, establish control, discourage waste, and address preservation and electronically stored information. Fed. R. Civ. P. 16(a), (c). Rule 26 authorizes court-managed preservation and discovery where ordered, while proportionality and privilege protections remain applicable. Fed. R. Civ. P. 26(b), (c), (d). Rule 65 permits prospective

2

injunctive relief on notice and requires specificity as to any acts required or restrained. Fed. R. Civ. P. 65(a), (d). The July 8 denial of the earlier motion does not adjudicate later conduct that had not yet occurred; the present request is limited to the new July 13-20 record.

The Court also possesses inherent authority to supervise attorneys appearing before it and protect the integrity of its proceedings. In re Corn Derivatives Antitrust Litig., 748 F.2d 157, 161 (3d Cir. 1984); L. Civ. R. 83.6. Under Pennsylvania Rule of Professional Conduct 3.7, a lawyer generally may not act as advocate at a trial in which the lawyer is likely to be a necessary witness. The Third Circuit has recognized that personal knowledge of material events and the realistic possibility that counsel may be called as a witness can create a substantial conflict. United States v. Merlino, 349 F.3d 144, 151-52 (3d Cir. 2003). Rule 3.7 is directed principally to trial advocacy, so the appropriate present relief is a prompt status hearing and preservation of the issue, not automatic pretrial disqualification. Caplan v. Braverman, 876 F. Supp. 710, 712-13 (E.D. Pa. 1995).

## IV. ARGUMENT

### A. THE JULY 20 BROADCAST AND RELATED POSTS CREATE A CONCRETE NEW PRESERVATION ISSUE.

The broadcast and associated public posts are dynamic platform evidence. Native video, live chat replay, comments, timestamps, account and panel identifiers, edit histories, visibility changes, analytics, monetization indicators, Super Chat records, membership records, mirrors, clips, and related communications can be altered or lost. A narrow preservation order maintains the status quo without revisiting the July 8 merits ruling.

### B. THE PHILADELPHIA POSTS ARE RELEVANT ONLY AS CONTEXT AND MUST BE DESCRIBED WITH EVIDENTIARY RESTRAINT.

The photograph does not by itself authenticate the adult man's identity. Plaintiff identifies him based on the source context and prior familiarity, while public appellate records establish that a person of the same name was tried and convicted in this federal district. Merlino, 349 F.3d at 146-52. Plaintiff does not ask the Court to infer criminal association, agency, knowledge of this action, or third-party

3

participation. The limited relevance is Plaintiff's contemporaneous perception of intimidation when the photographs are considered together with repeated "F*** THE RATS" imagery, Philadelphia courthouse-related posts, and renewed public discussion of the lawsuit.

## C. THE REQUESTED SAFEGUARDS DO NOT TREAT AWARENESS AS SERVICE OR PROHIBIT LAWFUL COMMENTARY.

The July 20 transcript supports awareness of the suit, but Rule 4 service is a separate question. Plaintiff does not request a finding that Defendants were served through counsel or through the broadcast. Nor does Plaintiff seek a gag order, content removal, platform sanction, fundraising ban, or prohibition on criticism. The requested order preserves evidence and prevents knowingly false procedural representations about service, consent, appearance, waiver, endorsement, or affiliation.

## D. THE DOE-ACCOUNT ISSUE SHOULD BE PRESERVED, NOT ADJUDICATED ON THE CURRENT RECORD.

Plaintiff identifies two public handles that he believes assisted Defendants. A handle is not a verified legal identity, and the present motion does not supply service information or a complete evidentiary record for substitution. The appropriate present relief is preservation. Plaintiff may later seek leave under Rule 15 or limited discovery upon a particularized showing.

## E. A PROMPT ATTORNEY-WITNESS CONFERENCE UPON ANY MARTUCCI APPEARANCE IS NARROWER THAN PREEMPTIVE DISQUALIFICATION.

The pending ODC file is not an adjudication and is not itself a basis for automatic disqualification. The potential issue instead arises from Martucci's possible personal knowledge of disputed service-authority communications, his July 1 correspondence, preservation notices, public transmission or use of litigation communications, and the source of information concerning this federal action. If Martucci appears or undertakes substantive advocacy, the Court can promptly require a representation-status statement and determine after notice whether he is likely to be a necessary witness, whether the information is available from other sources, whether a different lawyer should

4

serve as trial advocate, and whether any narrower limitation is sufficient. See Pa. R.P.C. 3.7; Merlino, 349 F.3d at 151-52. A limited appearance solely to respond to the issue need not be barred.

## F. CONFIDENTIAL ODC CORRESPONDENCE SHOULD NOT BE FILED PUBLICLY.

The ODC correspondence is marked personal and confidential. Plaintiff offers it only to establish that a file number was assigned and additional information requested. Sealed or in camera treatment protects confidentiality while preventing the motion from overstating the status of the disciplinary matter.

## V. CONCLUSION

Plaintiff respectfully requests leave to file the supplemental declaration and exhibits; an expedited Rule 16 preservation/status conference; narrow preservation and litigation-communication safeguards based on post-order conduct; sealed or in camera treatment of Exhibit F if permitted; and a prompt conditional attorney-witness conference upon any appearance or substantive advocacy by Attorney Martucci, with disqualification reserved pending a developed record.

Respectfully submitted,

Nik T. Hatziefstathiou
Plaintiff, pro se
712 Cedar Grove Road
Broomall, Pennsylvania 19008
Mobile: (267) 648-8561
Email: nh@oneworldcommand.com
Dated: July 20, 2026

5