## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NIKOLAOS T. HATZIEFSTATHIOU,**<br>a/k/a "Nik the Hat,"<br>712 Cedar Grove Road<br>Broomall, Pennsylvania 19008<br><br>Plaintiff, Pro Se,<br><br>v.<br><br>**STEPHANIE JO TRUDE,**<br>a/k/a "BBQ Lady" and "BBQLADYY,"<br>827 Bedford Street<br>Claysburg, PA 16625-7708<br>-or-<br>2003 14th Ave<br>Altoona, PA 16601<br><br>**JESSICA LYNNE SENG,**<br>a/k/a "Granny's Watching,"<br>548 Tasker Avenue<br>Norwood, PA 19074<br><br>and<br><br>**JOHN/JANE DOES 1-10,**<br><br>Defendants. | **CIVIL ACTION NO:**<br>**2:26-cv-04659-HB**<br><br>**JURY TRIAL**<br>**DEMANDED** |

## SUPPLEMENTAL DECLARATION OF NIKOLAOS T. HATZIEFSTATHIOU
(28 U.S.C. § 1746)

1. I am the Plaintiff in this action, proceeding pro se and only on my own behalf.

2. The Court denied my original emergency Rule 65 motion on July 8, 2026. I do not ask the Court through this declaration to reconsider that denial. The facts described below occurred after the July 8 Order or concern the preservation and counsel-status issues raised by those later events.

3. From the July 5 filing through approximately July 19, 2026, I did not observe the named Defendants publicly discuss this federal action.

1

4. On July 20, 2026, I accessed and preserved portions of the YouTube livestream titled "Granny's Watching, Messy On The Lords Day!? Sheesh.," at https://www.youtube.com/watch?v=AAdelRxThPk.

5. Exhibit A is a true and correct timestamped transcript excerpt from the broadcast in which Seng stated that I was suing her and Trude in federal court and publicly characterized the status of my injunction and phone-preservation request.

6. Exhibit B is a true and correct timestamped transcript excerpt showing Trude participating on the same panel and stating that there was not much to say at that time and that she and Seng would communicate later.

7. Exhibit C is a true and correct capture of the public video page as I observed it. It displays the title, date, panel, channel membership information, a paid Super Chat, approximately 18,400 subscribers, and displayed video metrics.

8. I understand that awareness of a lawsuit does not itself establish formal service. I do not ask the Court to deem Defendants served merely because the suit was discussed on the broadcast.

9. On information and belief, based on Trude's public posts that I preserved, Trude traveled to Philadelphia during approximately July 13-15, 2026. Exhibit D contains true and correct copies of the public posts as preserved by me.

10. Exhibit D shows Trude at Philadelphia locations and repeatedly near a storefront displaying a sign reading "F*** THE RATS." One image shows Trude with an adult man whom I believe to be Joseph "Joey" Merlino based on the source context and my prior familiarity. I understand that the photograph alone does not independently authenticate the man's identity.

11. I interpreted the combined Philadelphia, courthouse-related, and "F*** THE RATS" imagery as intimidating in the context of this case. I do not allege that the adult man knew of this action, committed any crime in connection with it, acted for a Defendant, or participated in this federal action.

2

12. I observed accounts appearing under or associated with the handles @breakingchainstc and @CLUEminatiCrew in connection with the July 20 panel. Based on other material I have preserved, I believe persons operating those accounts assisted the named Defendants. I have not yet verified their legal identities or service information, and I do not ask the Court to adjudicate their Doe status through this motion.

13. Before July 20, I sent Attorney Martucci the July 5 notice excerpted in Exhibit E. I asked whether he was authorized to accept service or facilitate waiver for Seng and expressly stated that lack of authority was not refusal of service. I have not received an executed waiver or confirmed authorized acceptance.

14. Based on the communications and records I have preserved, I believe Attorney Martucci may possess personal knowledge of disputed material facts concerning service-authority communications, the July 1 correspondence, preservation notices, public use or transmission of litigation communications, and the source of information concerning this federal action. I seek a prompt hearing upon any appearance or substantive advocacy so the Court can determine counsel status on a developed record; I do not ask for automatic disqualification.

15. ODC assigned File No. C1-26-557 to my submission concerning Attorney Martucci and requested additional information on July 10, 2026. I supplied additional information on July 14, 2026. I do not represent that ODC has made a finding, opened a formal prosecution, or adjudicated misconduct.

16. The ODC correspondence is marked personal and confidential. I have not placed the full complaint or rolling supplemental materials in the public exhibit set. Exhibit F is limited to file-status correspondence and is submitted separately for sealed or in camera consideration if the Court permits.

17. I have preserved the source PDFs, screenshots, transcript excerpts, public URLs, and available native media references for Exhibits A-E and will preserve the same pending further order.

3

18. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 20, 2026, at Broomall, Pennsylvania.

Respectfully submitted,

Nik T. Hatziefstathiou
Plaintiff, pro se
712 Cedar Grove Road
Broomall, Pennsylvania 19008
Mobile: (267) 648-8561
Email: nh@oneworldcommand.com
Dated: July 20, 2026

4