## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

NIKOLAOS T. HATZIEFSTATHIOU,
a/k/a "Nik the Hat,"
712 Cedar Grove Road
Broomall, Pennsylvania 19008

Plaintiff, Pro Se,

v.

STEPHANIE JO TRUDE,
a/k/a "BBQ Lady" and "BBQLADYY,"
827 Bedford Street
Claysburg, PA 16625-7708
-or-
2003 14th Ave
Altoona, PA 16601

JESSICA LYNNE SENG,
a/k/a "Granny's Watching,"
548 Tasker Avenue
Norwood, PA 19074

and

JOHN/JANE DOES 1-10,

Defendants.

CIVIL ACTION NO:
**2:26-cv-04659-HB**

**JURY TRIAL
DEMANDED**

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND SUPPLEMENTAL DECLARATION AND PUBLIC-REDACTED EXHIBITS IN SUPPORT OF ECF NO. 10, AND TO DEFER FURTHER SUBSTANTIVE RELIEF UNTIL COMPLETION OF SERVICE

1. Plaintiff moves under Federal Rule of Civil Procedure 7(b), Rule 5.2(e), the Court's case-management authority, and Local Civil Rules 5.1.2 and 7.1 for leave to file a Second Supplemental Declaration and narrowly redacted exhibits addressing events that arose after ECF No. 10 was filed on July 20, 2026.

2. The Court previously denied Plaintiff's original emergency motion at ECF No. 2. ECF No. 10 expressly stated that it did not seek reconsideration of that denial. This motion likewise does not seek reconsideration.

1

3.  The proposed Supplemental Exhibit A consists of selected source pages 5, 6, 8, and 10 from a ten-page screenshot compilation received after ECF No. 10. The screenshots show the account handle @Bbq_Lady making statements concerning a pseudonymous nonparty's work computer, identity, workplace, occupation, and state. Public versions redact the nonparty's name and the most specific occupation/geographic information so that the filing does not repeat the disclosure it asks the Court to review.

4.  The screenshots include the statements: "I'd be really careful with your work computer and things you're saying or doing"; "We all know who [Witness A] is, where she works"; and an additional statement identifying the nonparty by name or handle and governmental occupation in Texas. Supp. Ex. A at 2-5. The statement by a separate chat account about persons "CONGRAGATING AND PLOTTING" is not attributed to Defendant Trude or Defendant Seng in this filing.

5.  Plaintiff also seeks leave to submit as Supplemental Exhibit B a July 23, 2026 email from Attorney John J. Martucci, Jr. to Attorney Joseph P. Lesniak, copied to attorneys in related state proceedings. The email discusses this federal action while stating that Martucci's office had not appeared and had not been retained in this case. Plaintiff submits the email to document the communication channel and resulting uncertainty; Plaintiff does not contend that the email constitutes an appearance, acceptance of service, waiver, or an obligation by Martucci to respond to Plaintiff.

6.  ECF No. 10 paragraph 7 and ECF No. 10-8 at page 8 previously described a photograph and expressly acknowledged that the photograph alone did not authenticate the adult man's identity or establish wrongdoing. The present workplace-identification statements stand on their own and do not require the Court to identify the person in that earlier photograph or infer criminal conduct.

7.  Plaintiff has not filed proof that formal service under Rule 4 is complete. This motion therefore does not seek a preliminary injunction, contempt, sanctions, compulsory discovery, or an order presently binding any unserved Defendant.

8.  Plaintiff seeks only leave to place the later-arising evidence before the Court in a redacted form, permission to refer publicly to the nonparty as Witness A, and deferral of further substantive protective or sanctions relief until service is completed and the affected parties have an opportunity to respond.

**REQUESTED RELIEF**

2

a.  Grant leave to file the Second Supplemental Declaration and Supplemental Exhibits A and B;

b.  Permit public filings to refer to the nonparty as Witness A unless the Court orders otherwise;

c.  Accept the public-redacted Supplemental Exhibit A on the public docket;

d.  Defer any request for coercive protective relief, sanctions, or findings of misconduct until formal service is completed and the Court sets an appropriate response or case-management schedule;

e.  Permit Plaintiff to submit the unredacted selected pages through the Court's sealed-filing procedure with a separate motion to seal; and

f.  Grant such other limited case-management relief as the Court deems appropriate.

Dated: July 23, 2026

Respectfully submitted,

Nikolaos T. Hatziefstathiou
Plaintiff, pro se
712 Cedar Grove Road
Broomall, Pennsylvania 19008
Mobile: (267) 648-8561
Email: nh@oneworldcommand.com

3