## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

<table>
<tr><td>

NIKOLAOS T. HATZIEFSTATHIOU,
a/k/a "Nik the Hat,"
712 Cedar Grove Road
Broomall, Pennsylvania 19008

Plaintiff, Pro Se,

v.

STEPHANIE JO TRUDE,
a/k/a "BBQ Lady" and "BBQLADYY,"
827 Bedford Street
Claysburg, PA 16625-7708
-or-
2003 14th Ave
Altoona, PA 16601

JESSICA LYNNE SENG,
a/k/a "Granny's Watching,"
548 Tasker Avenue
Norwood, PA 19074

and

JOHN/JANE DOES 1-10,

Defendants.

</td><td>

CIVIL ACTION NO:
**2:26-cv-04659-HB**


**JURY TRIAL
DEMANDED**

</td></tr>
</table>

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT AND TO DEFER FURTHER SUBSTANTIVE RELIEF UNTIL COMPLETION OF SERVICE

### I. Background

ECF No. 10 was filed on July 20, 2026 and addressed events that Plaintiff alleged occurred after the Court's July 8 ruling. The proposed supplement concerns additional screenshots received afterward and a July 23 email concerning this federal action. Plaintiff asks the Court to accept a narrow supplemental record while deferring coercive relief until formal service and an opportunity to respond.

### II. Governing Standards

Rule 7(b)(1) requires a motion to state with particularity the grounds and the relief sought. Local Civil Rule 7.1(a) requires a proposed order, and Local Civil Rule 7.1(c) requires a supporting brief for a

1

contested motion. Local Civil Rule 5.1.2(5) requires exhibits to be limited to relevant excerpts, objectively titled, and separately numbered, or compiled with an index. Plaintiff follows those requirements here.

Rule 5.2(e) permits the Court to require redaction, permit filing under seal, or enter a protective order without redaction. The Third Circuit recognizes the public right of access but permits narrowly tailored protection on a specific showing of harm. Doe v. Megless, 654 F.3d 404, 408-10 (3d Cir. 2011); Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786-88 (3d Cir. 1994); In re Avandia Mktg., Sales Practices & Prods. Liab. Litig., 924 F.3d 662, 671-73 (3d Cir. 2019).

Rule 65(a)(1) provides that a preliminary injunction may issue only on notice to the adverse party. Judge Bartle's procedures contemplate a status conference after defense counsel enters an appearance and require motion practice to comply with Local Civil Rule 7.1. Harvey Bartle III, Policies and Procedures 2-5 (June 2011).

### III. Argument

### A. Leave to supplement should be granted.

The selected screenshots arose after ECF No. 10 and directly concern identification of a pseudonymous nonparty, her workplace, and her governmental occupation. Plaintiff supplies only four relevant source pages and a public-redacted version. The supplement is narrow, chronologically distinct, and does not require reconsideration of the Court's prior ruling.

### B. Public use of Witness A and limited redactions avoid amplifying the challenged disclosure.

The public exhibit leaves the substance of the statements visible while redacting the nonparty's name or handle and the most specific occupation/geographic language. That approach preserves public access to the evidentiary basis while avoiding republication of the information the motion asks the Court to evaluate. The nonparty is not a litigant, and the requested protection is limited to the present filing.

### C. Deferral until service protects notice and due process.

Plaintiff does not request an injunction or sanctions at this stage. No proof of completed Rule 4 service is presently filed. Deferral allows the Court to receive the supplemental record without binding an unserved Defendant or deciding disputed attribution, intent, authenticity, or context before an opportunity to respond.

**D. The July 23 email supports case-management clarity but does not establish an appearance or service.**

The July 23 email discusses Plaintiff's federal filings and service efforts while stating that Martucci's office had not appeared and had not been retained in this action. The email is relevant to the channel through which litigation information is being transmitted. Plaintiff does not treat it as an appearance, acceptance of service, waiver, or a basis to compel a reply.

**E. The motion does not seek sanctions.**

The screenshots and correspondence are offered to preserve the record and permit orderly case management. Plaintiff reserves any later request for relief until service, response, and factual development. No immediate Rule 11, inherent-authority, contempt, or other sanctions request is presented.

**IV. Conclusion**

The Court should grant leave to file the Second Supplemental Declaration and public-redacted exhibits, permit the public use of Witness A, and defer further substantive relief until formal service and a schedule fixed by the Court.

Dated: July 23, 2026

Respectfully submitted,

Nikolaos T. Hatziefstathiou
Plaintiff, pro se
712 Cedar Grove Road
Broomall, Pennsylvania 19008
Mobile: (267) 648-8561
Email: nh@oneworldcommand.com

3