# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NIKOLAOS T. HATZIEFSTATHIOU,**<br><br>Plaintiff, Pro Se,<br><br>v.<br><br>JESSICA LYNNE SENG,<br>STEPHANIE JO TRUDE,<br>and<br>JOHN/JANE DOES 1-10,<br><br>Defendants. | **CIVIL ACTION NO. 2:26-cv-04659-HB**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S RENEWED MOTION TO EXTEND TIME

## TO SERVE DEFENDANT JESSICA LYNNE SENG

*Fed. R. Civ. P. 4(m) and 6(b)(1)(A)*

**1.** Plaintiff Nikolaos T. Hatziefstathiou requests an extension through November 4, 2026 to serve Defendant Jessica Lynne Seng with a summons and the operative amended complaint at ECF No. 19.

**2.** The complaint was filed July 5, 2026. On July 27, the Court denied the earlier Marshal-service request and denied an extension as premature; that order was entered July 28. [ECF No. 1, PDF p. 1, filing stamp; ECF No. 15, PDF p. 1, ¶¶ 1-2; ECF No. 15 notice of electronic filing, transaction entered July 28, 2026.]

**3.** The ninetieth day after July 5 is Saturday, October 3. Rule 6(a)(1) carries the deadline to Monday, October 5, 2026. Plaintiff requests 30 additional days and does not treat amendment as restarting the service period. [ECF No. 1, PDF p. 1; ECF No. 15, PDF p. 1, ¶ 2; Fed. R. Civ. P. 4(m), 6(a)(1).]

**4.** Blair Johnson's September 3 report records unsuccessful attempts on July 30 at 5:01 p.m., August 6 at 5:19 p.m., and August 26 at 6:42 p.m., all EDT. It records contact with a person described as Seng's father on the first attempt and no answer on the next two. [Ex. A, PDF p. 1, Additional Comments ¶¶ 1-3.]

**5.** On September 2, Plaintiff requested the report and a quote for a targeted attempt, directing that the attempt not be scheduled or billed yet. On September 3, Johnson supplied the report and quoted $90 for another routine set or $150 for an appointed-time attempt. On September 11, Johnson asked whether the job was closing because he had not heard back. These communications do not establish that more attempts were authorized or scheduled. [Ex. B, PDF pp. 1-3.]

**6.** On September 16, the Court deemed the first amended complaint filed. On September 17, the Clerk issued another summons as to Seng. Issuance is not proof of service and does not itself grant additional service time. [ECF No. 18, PDF p. 1, ¶ 2; ECF No. 19, PDF p. 1; ECF No. 21, PDF pp. 1-2; ECF No. 21 notice of electronic filing, entered September 17, 2026 at 3:04 p.m. EDT; Ex. C.]

**7.** Plaintiff plans to purchase additional professional service efforts. As of September 18, he has not authorized or paid for additional attempts or supplied Johnson with the operative complaint and September 17 summons. Since September 2, he has been trying to locate a second process server, Mr. Bucci, to assist. That effort has not resulted in an authorized or scheduled attempt. Further attempts would use a qualified nonparty, the operative complaint, and a properly completed, signed, and sealed summons. [Plaintiff declaration, paragraphs 3, 4 and 6; Fed. R. Civ. P. 4(a)(1)(B), (F)-(G), 4(b), 4(c)(1)-(2), 4(e).]

**8.** Plaintiff seeks additional time now under Rule 4(m). If further efforts fail, he intends to seek separate Rule 4(c)(3) relief, address the prior denial, and offer to pay required Marshal fees and deposits. Unsuccessful attempts would not automatically authorize Marshal service or extend a deadline. [ECF No. 15, PDF p. 1, paragraph 1; Fed. R. Civ. P. 4(c)(3), 4(m).]

**9.** Plaintiff remains willing to participate in confidential, court-approved mediation consistent with the Clerk's notice. He has not discussed this specific service-extension request with King or Indzonka and does not represent that it is agreed or unopposed. This motion seeks only additional time to serve Seng. [ECF No. 6, PDF p. 1; Plaintiff declaration, paragraph 8.]

**WHEREFORE**

Plaintiff requests an extension through November 4, 2026 to serve Seng, without changing any other defendant's deadline.

Document date: September 18, 2026

Respectfully submitted,

Nikolaos T. Hatziefstathiou
Plaintiff, Pro Se
712 Cedar Grove Road
Broomall, Pennsylvania 19008
Telephone: (267) 648-8561
Email: nh@oneworldcommand.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NIKOLAOS T. HATZIEFSTATHIOU,**<br><br>Plaintiff, Pro Se,<br><br>v.<br><br>JESSICA LYNNE SENG,<br>STEPHANIE JO TRUDE,<br>and<br>JOHN/JANE DOES 1-10,<br><br>Defendants. | **CIVIL ACTION NO.**<br>**2:26-cv-04659-HB**<br><br>**JURY TRIAL DEMANDED** |

## MEMORANDUM IN SUPPORT OF RENEWED MOTION TO EXTEND TIME TO SERVE JESSICA LYNNE SENG

### I. MATERIAL PROCEDURAL HISTORY

The complaint was filed July 5, 2026. [ECF No. 1, PDF p. 1.] The July 27 order denied Marshal service and denied an extension as premature, warning that failure to serve within Rule 4(m)'s 90-day period could result in dismissal without prejudice. [ECF No. 15, PDF p. 1, ¶¶ 1-2.] Thomas W. King III appeared for Trude only on August 13. [ECF No. 17, p. 1.] On September 16, the Court deemed the submitted amended complaint filed and denied the amendment motion as moot because amendment remained available once as a matter of course. [ECF No. 18, PDF p. 1, ¶¶ 1-2.] That complaint is docketed at ECF No. 19. [ECF No. 19, PDF p. 1.]

The Clerk issued another summons as to Seng on September 17. [ECF No. 21, PDF pp. 1-2; ECF No. 21 notice of electronic filing, entered September 17, 2026 at 3:04 p.m. EDT; Ex. C.] John F. Indzonka appeared for Trude only that day. [ECF No. 22, PDF p. 1.] Neither entry supplies proof that Seng was served or an order extending the service period.

### II. AUTHORITY AND REQUESTED DEADLINE

Rule 4(m) requires an extension upon a showing of good cause and separately permits an extension in the Court's discretion. The Court first addresses good cause and, if that showing is

insufficient, considers discretionary relief. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305–07 (3d Cir. 1995); *Boley v. Kaymark*, 123 F.3d 756, 758–59 (3d Cir. 1997). Plaintiff requests that separate discretionary consideration even if good cause is not established. Rule 6(b)(1)(A) also permits an extension for good cause when requested before expiration.

Using July 5 as the filing date, the 90-day period ends Saturday, October 3 and carries to Monday, October 5 under Rule 6(a)(1). Plaintiff requests an extension through November 4. Amendment does not restart the service period for an original defendant. *Moore v. Walton*, No. 18-1868, slip op. at 18-19 (3d Cir. Mar. 21, 2024). [ECF No. 1, PDF p. 1; ECF No. 15, PDF p. 1, ¶ 2; Fed. R. Civ. P. 4(m), 6(a)(1).]

## III. REQUEST FOR A LIMITED DISCRETIONARY EXTENSION

The report documents three later attempts and undated calls and texts. It does not establish completed service or intentional evasion. The reported contact with a person described as Seng's father does not establish that he was a resident qualified to receive substitute service. [Ex. A, PDF p. 1, Additional Comments; Fed. R. Civ. P. 4(e)(2)(B).]

The September correspondence records a request for the report and a targeted-attempt quote, the server's response, and his September 11 inquiry. Plaintiff had instructed that another attempt not be scheduled or billed without authorization. Since September 2, he has been trying to locate a second process server, Mr. Bucci, to assist. He has not authorized or paid for additional attempts or supplied Johnson with the operative complaint and new summons. That explanation does not establish continuous service activity or a completed arrangement. [Ex. B, pp. 1–3; Plaintiff declaration, paragraphs 3–6.]

On July 27, the Court denied the extension request as premature; each reported visit occurred afterward. This renewed request therefore rests on subsequent reported efforts, not on a contention that the earlier order granted relief. [ECF No. 15, p. 1, paragraph 2; Ex. A, p. 1.] Plaintiff acknowledges that time remains before October 5. He seeks a definite thirty-day enlargement in advance rather than allowing that deadline to pass without requesting relief. [Motion paragraphs 3–8.]

*Boley* affirmed that an inadequate explanation for delay can defeat good cause, while requiring a distinct discretionary analysis. 123 F.3d at 758–59. Plaintiff does not contend that retaining a server or reporting three unsuccessful visits entitles him to more time. He asks the Court to weigh those reported attempts, the limited duration requested, and his plan for further professional service. He does not rely on an unsupported claim that Seng evaded service, actually received notice, or would suffer no prejudice. [Exs. A–B; Plaintiff declaration, paragraphs 3–6; Motion paragraphs 7–8.]

This Court has applied the same distinction. *In re Zostavax (Zoster Vaccine Live) Products Liability Litigation*, MDL No. 2848, No. 18-md-02848-HB, Memorandum in Support of Pretrial Order No. 491, at 6–10 (E.D. Pa. Aug. 8, 2023) (Bartle, J.), also filed in No. 21-1279, ECF No. 9. There, the Court found no good cause but granted a discretionary extension after considering the full circumstances. The defendants' early appearances and notice, and the plaintiffs' completed corrective service, materially distinguish that record. None of those facts is attributed to Seng here. The decision supports an independent exercise of discretion, not an automatic extension.

A definite November 4 deadline would permit further efforts without an indefinite suspension. Any attempt must comply with Rule 4 and use the operative complaint and proper summons. A later request for Marshal service would require separate relief addressing the prior denial. Neither amendment nor the filing of this motion changes the October 5 deadline by itself. [Motion paragraphs 3 and 7–8; Fed. R. Civ. P. 4(c), 4(m); *Moore*, slip op. at 18–19.]

## IV. CONCLUSION

Plaintiff requests an extension through November 4, 2026.

Document date: September 18, 2026

Respectfully submitted,

Nikolaos T. Hatziefstathiou
Plaintiff, Pro Se
712 Cedar Grove Road
Broomall, Pennsylvania 19008
Telephone: (267) 648-8561
Email: nh@oneworldcommand.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NIKOLAOS T. HATZIEFSTATHIOU,**<br><br>Plaintiff, Pro Se,<br><br>v.<br><br>JESSICA LYNNE SENG,<br>STEPHANIE JO TRUDE,<br>and<br>JOHN/JANE DOES 1-10,<br><br>Defendants. | **CIVIL ACTION NO. 2:26-cv-04659-HB**<br><br>**JURY TRIAL DEMANDED** |

## PROPOSED ORDER

AND NOW, this ______ day of ___________________, 20____, upon consideration of Plaintiff's Renewed Motion to Extend Time to Serve Defendant Jessica Lynne Seng and the supporting papers, it is ORDERED:

**1.** The motion is GRANTED. Under Federal Rules of Civil Procedure 4(m) and 6(b)(1)(A), Plaintiff's time to serve Jessica Lynne Seng with a summons and the operative amended complaint at ECF No. 19 is extended through November 4, 2026.

**2.** This Order does not extend another defendant's service deadline, appoint the United States Marshals Service, authorize alternative service, or determine that service has been completed.

BY THE COURT:

_________________________________
HARVEY BARTLE III, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NIKOLAOS T. HATZIEFSTATHIOU,**<br><br>Plaintiff, Pro Se,<br><br>v.<br><br>JESSICA LYNNE SENG,<br>STEPHANIE JO TRUDE,<br>and<br>JOHN/JANE DOES 1-10,<br><br>Defendants. | **CIVIL ACTION NO.**<br>**2:26-cv-04659-HB**<br><br>**JURY TRIAL DEMANDED** |

**DECLARATION OF NIKOLAOS T. HATZIEFSTATHIOU**

**CONCERNING SERVICE EFFORTS**

**1.** I am the individual plaintiff. I make this declaration only from personal knowledge and identify any attached records on which I rely.

**2.** I personally reviewed the three excerpts in Exhibit B. They accurately reproduce the September 2, September 3, and September 11 messages I sent or received.

**3.** Since my September 2 email, I have not authorized or paid for additional service attempts.

**4.** After September 2, I was trying to find a second process server, Mr. Bucci, to help with service. I have not yet authorized further service. I do not claim personal knowledge of visits or telephone contacts I did not witness.

**5.** As of September 18, 2026, I have not learned that Seng has been served. The records I checked concerning service or waiver, and what those records showed, are: UNSUCESSFUL.

**6.** As of September 18, 2026, I have not supplied Blair Johnson with the first amended complaint at ECF No. 19 or the September 17 summons at ECF No. 21. I intend to purchase additional professional service efforts; I have not yet authorized or paid for them.

**7.** The last known mailing addresses used in the service certificate are accurate based on the following information: 548 TASKER AVE, NORWOOD, PA 19074

**8.** I have not discussed the specific service-extension or case-management conference requests with King or Indzonka.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 18 Sept. 2026
Signature: [signature]
Nikolaos T. Hatziefstathiou

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NIKOLAOS T. HATZIEFSTATHIOU,**<br><br>Plaintiff, Pro Se,<br><br>v.<br><br>JESSICA LYNNE SENG,<br>STEPHANIE JO TRUDE,<br>and<br>JOHN/JANE DOES 1-10,<br><br>Defendants. | **CIVIL ACTION NO. 2:26-cv-04659-HB**<br><br>**JURY TRIAL DEMANDED** |

## EXHIBIT INDEX

**Exhibit A** — Blair Johnson's one-page report titled "Affidavit of Non-Service," bearing his signature and the date September 3, 2026. The report is reproduced without alteration.

The source names "Nikolaus Hatzierstathiou" and "Jessica Lynn Seng" differ from the case caption. It identifies the manner of service as "Unsuccessful Attempt." No correction to the source's wording, names, signature, or date has been made.

**Exhibit B** — Three correspondence excerpts for ServeManager Job No. 16486755: Plaintiff's September 2 request; Johnson's September 3 response transmitting the report and a quote; and Johnson's September 11 status inquiry. The excerpts are numbered pages 1-3.

The excerpts reproduce the substantive communications. Automated job summaries, notification links, and tracking resources are omitted. The excerpts are not complete native email files.

**Exhibit C** — The complete two-page summons docketed at ECF No. 21 on September 17, 2026. The original blank recipient and proof-of-service fields are preserved. The notice of electronic filing identifies Seng as the summons target.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Civil Action No. 2:26-cv-04659-HB

# EXHIBIT A

**Affidavit of Non-Service**
**Blair Johnson — September 3, 2026**

*Reproduced without alteration. Source names "Nikolaus Hatzierstathiou" and "Jessica Lynn Seng" differ from the case caption.*

## AFFIDAVIT OF NON-SERVICE

| **Case:** 26-CV-04659-HB | **Court:** UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA | **County:** n/a | **Job:** 16486755 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Nikolaus Hatzierstathiou | | **Defendant / Respondent:** Jessica Lynn Seng; Stephanie Jo Trude; John/Jane Does 1-10 | |
| **Received by:** Process Service PA LLC | | **For:** PRO SE | |
| **To be served upon:** Jessica Lynn Seng | | | |

I, Blair Johnson, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Jessica Lynn Seng, Home: 548 Tasker Avenue, Norwood, PA 19074

**Manner of Service:** Unsuccessful Attempt

**Documents:** Summons and Complaint (Received Jul 29, 2026 at 5:22pm EDT)

**Additional Comments:**

1) Unsuccessful Attempt: Jul 30, 2026, 5:01 pm EDT at Home: 548 Tasker Avenue, Norwood, PA 19074
Father came out and took my contact information to arrange service

2) Unsuccessful Attempt: Aug 6, 2026, 5:19 pm EDT at Home: 548 Tasker Avenue, Norwood, PA 19074
No answer at residence, left door hanger with contact information.

3) Unsuccessful Attempt: Aug 26, 2026, 6:42 pm EDT at Home: 548 Tasker Avenue, Norwood, PA 19074
No answer at residence, left door hanger with contact information, also lm on cell number along with text

Several calls and texts were made to Jessica's phone number and were not returned.

Blair Johnson — 09/03/2026 (Date)

Process Service PA LLC
4387 West Swamp Road Suite 207
Doylestown, Pa 18902
267-621-2936

# EXHIBIT B

## CORRESPONDENCE EXCERPT 1

From: Nik “the Hat” Hatziefstathiou <nh@oneworldcommand.com>

To: blair@processservicepa.com <blair@processservicepa.com>

Subject: RE: [ServeManager] Job #16486755 Update

Mailbox timestamp: September 02, 2026 at 06:33:04 PM EDT

Hi Blair, I’m okay—thank you for checking in. Please prepare the affidavit of nonservice and the complete attempt log. Please use the exact court caption and party names from the filed case documents. Separately, can you provide a quote for one dedicated, targeted service attempt? I can give you a specific date and morning timeframe when Jessica is expected to be broadcasting live, which usually spans approximately six hours. Please let me know whether a process server can remain available during that specified window and what the cost would be. Please do not schedule or bill the additional attempt yet. I will confirm the date and authorize it after reviewing your quote. Thank you, Nik

Excerpt ends. Automated notification material is excluded as stated in the exhibit index. The date/time above is the mailbox receivedDateTime field converted to EDT; it is not represented as a separately verified SMTP transmission time.

*Exhibit B — page 1 of 3*

# EXHIBIT B

## CORRESPONDENCE EXCERPT 2

From: Blair Johnson <notifications@mail.servemanager.com>

To: Nik "the Hat" Hatziefstathiou <nh@oneworldcommand.com>

Subject: [ServeManager] Job #16486755 Affidavit

Mailbox timestamp: September 03, 2026 at 09:53:48 AM EDT

Hi Nik as per your email(s). here is the affidavit I have prepared, if you would like any revisions OR if you would like to draft anything else up, I would be happy to redo. Another set of routine attempts would be $90. If there is an appointed time (rush etc) it would be $150. Keep me posted. Perhaps you can petition for alternative service ie posting on the residence.

Excerpt ends. Automated notification material is excluded as stated in the exhibit index. The date/time above is the mailbox receivedDateTime field converted to EDT; it is not represented as a separately verified SMTP transmission time.

*Exhibit B — page 2 of 3*

# EXHIBIT B

## CORRESPONDENCE EXCERPT 3

From: Blair Johnson <notifications@mail.servemanager.com>

To: Nik “the Hat” Hatziefstathiou <nh@oneworldcommand.com>

Subject: [ServeManager] Job #16486755 Update

Mailbox timestamp: September 11, 2026 at 08:52:51 AM EDT

Hi Nik, I have not heard back from you in a while, I assume we closing this case. Please advise if there is anything else you need from us. thank you

Excerpt ends. Automated notification material is excluded as stated in the exhibit index. The date/time above is the mailbox receivedDateTime field converted to EDT; it is not represented as a separately verified SMTP transmission time.

*Exhibit B — page 3 of 3*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Civil Action No. 2:26-cv-04659-HB

# EXHIBIT C

**Summons in a Civil Action**
**ECF No. 21 — issued September 17, 2026**

*Complete two-page summons reproduced without alteration.*
*Blank recipient and proof-of-service fields are preserved.*

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

NIKOLAOS T. HATZIEFSTATHIOU
*Plaintiff(s)*

v.

JESSICA LYNNE SENG, STEPHANIE JO TRUDE, JOHN/JANE DOES 1-10
*Defendant(s)*

Civil Action No. 26-cv-04659-HB

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

NIKOLAOS T. HATZIEFSTATHIOU
712 CEDAR GROVE ROAD
BROOMALL, PA 19008

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

George Wylesol, Clerk of Court
U.S. District Court, Eastern District of PA

CLERK OF COURT

Date: 9/17/2026

s/*Stephen Gill*
*Signature of Clerk or Deputy Clerk*

Civil Action No. 26-cv-04659-HB

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ____________________
was received by me on *(date)* ____________ .

☐ I personally served the summons on the individual at *(place)* ____________________ on *(date)* __________ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ____________________ , a person of suitable age and discretion who resides there,
on *(date)* __________ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* ____________________ , who is designated by law to accept service of process on behalf of *(name of organization)* ____________________ on *(date)* __________ ; or

☐ I returned the summons unexecuted because ____________________ ; or

☐ Other *(specify)*: ____________________ .

My fees are $ ______ for travel and $ ______ for services, for a total of $ ______ .

I declare under penalty of perjury that this information is true.

Date: ____________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NIKOLAOS T. HATZIEFSTATHIOU,**<br><br>Plaintiff, Pro Se,<br><br>v.<br><br>JESSICA LYNNE SENG,<br>STEPHANIE JO TRUDE,<br>and<br>JOHN/JANE DOES 1-10,<br><br>Defendants. | **CIVIL ACTION NO.**<br>**2:26-cv-04659-HB**<br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE AND STATEMENT OF SERVICE

*Fed. R. Civ. P. 5(a)(1)(D), 5(b)(1), 5(b)(2)(C); E.D. Pa. Local Civil Rule 7.1(d)*

On 18 Sept. 2026, I mailed true copies of the motion, memorandum, proposed order, the exhibit index and Exhibits A, B, and C, and the declarations of Blair Johnson and Nikolaos T. Hatziefstathiou, including any attachments to those declarations, by first-class United States mail, postage prepaid, to the following recipients at their last known addresses.

Thomas W. King III, Esquire
John F. Indzonka, Esquire
Counsel for Stephanie Jo Trude only
Dillon McCandless King Coulter & Graham, L.L.P.
128 West Cunningham Street
Butler, Pennsylvania 16001

Jessica Lynne Seng
548 Tasker Avenue
Norwood, Pennsylvania 19074

This statement concerns these motion papers. It does not certify original service of the summons and amended complaint.

18 Sept. 2026

Nikolaos T. Hatziefstathiou, Plaintiff, pro se

Date: 18 Sept. 2026