**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NIKOLAOS T. HATZIEFSTATHIOU, a/k/a "Nik the Hat," | : | Docket No.: 2:26-cv-04659-HB |
| | : | ORIGINAL JURISDICTION |
| *Plaintiff,* | : | |
| | : | **MOTION TO DISMISS** |
| v. | : | |
| | : | Counsel of Record for Defendant: |
| JESSICA LYNNE SENG, a/k/a "Granny's Watching"; STEPHANIE JO TRUDE, a/k/a "BBQ Lady" and "BBQLADYY"; and JOHN/JANE DOES 1–10, | : | |
| | : | Thomas W. King III, Esquire<br>PA. I.D. No. 21580<br>tking@dmkcg.com |
| *Defendants.* | : | Thomas E. Breth, Esquire<br>PA. I.D. No. 66350<br>tbreth@dmkcg.com |
| | : | John F. Indzonka, Esquire<br>PA I.D. No. 337765<br>jindzonka@dmkcg.com |
| | : | Dillon McCandless King<br>Coulter & Graham, LLP<br>128 West Cunningham St.<br>Butler, PA 16001<br>Telephone: 724-283-2200<br>Facsimile: 724-283-2298 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NIKOLAOS T. HATZIEFSTATHIOU, a/k/a "Nik the Hat," | : | No.: 2:26-cv-04659-HB |
| *Plaintiff,* | : | |
| v. | : | |
| JESSICA LYNNE SENG, a/k/a "Granny's Watching"; STEPHANIE JO TRUDE, a/k/a "BBQ Lady" and "BBQLADYY"; and JOHN/JANE DOES 1–10, | : | |
| *Defendants.* | : | |

**DEFENDANT STEPHANIE JO TRUDE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Stephanie Jo Trude ("Trude"), by and through her undersigned counsel, moves to dismiss the claims asserted or purportedly asserted against her under Federal Rules of Civil Procedure 8(a)(2), 10(b), 12(b)(1), and 12(b)(6). Trude also asserts protected public expression immunity under 42 Pa. Cons. Stat. §§ 8340.13-8340.18 and, alternatively, requests severance under Rule 21. In support, Trude states:

1. Counsel for Trude and Plaintiff conferred by telephone on August 27, 2026 regarding the grounds and relief presented in this Motion. The parties did not resolve the issues raised here, and the Motion is contested.

2. Plaintiff's First Amended Complaint concerns two distinct courses of alleged conduct: Defendant Jessica Lynne Seng's alleged use of subpoena-related communications and Trude's alleged social-media posts on June 17 and June 29, 2026.

3. Only Counts VI and VII expressly name Trude. Counts I, V, and XIII expressly concern Seng. Counts II through IV, VIII through XII, XIV, and XV instead refer collectively to "Defendants," and Counts XVI and XVII request derivative relief.

4. Each count incorporates all preceding allegations. Combined with the First Amended Complaint’s collective allegations against different defendants, that wholesale incorporation creates an impermissible shotgun pleading and leaves Trude unable to determine which act allegedly supports each claim against her. References to a coordinated campaign, aligned accounts, mutually reinforcing content, or concerted conduct do not identify who agreed to what, when or where any agreement arose, any communication evidencing an agreement, or any overt act by Trude. The First Amended Complaint therefore violates Rules 8(a)(2) and 10(b).

5. The federal claims do not state a claim against Trude. Count I pleads no facts showing that Trude used Plaintiff’s identity in commerce in connection with goods or services, caused a likelihood of consumer confusion, acted as Seng’s agent, or otherwise engaged in conduct actionable under the Lanham Act. Count II

identifies no communication intercepted by Trude, no interception device used by her, and no disclosure or use by her with knowledge that a communication had been obtained through an unlawful interception.

6. The Pennsylvania claims also omit essential, Trude-specific facts. Among other defects, the First Amended Complaint does not identify an unlawful interception or commercial use by Trude, an actionable false statement pleaded with the required fault, a private fact she disclosed, an intrusion she committed, a contract or prospective relationship with which she interfered, an agreement to commit an unlawful act, or substantial assistance she knowingly provided to a tort.

7. The claims based on Trude's alleged posts concern communications about court proceedings, a judgment, Plaintiff's legal status, and his public-media activities. To the extent Counts IV, VI through IX, XI, XII, XIV, and XV arise from those communications, they are based on protected public expression under 42 Pa. Cons. Stat. §§ 8340.13-.14.

8. Because those claims fail to state a cause of action, Trude is immune from civil liability under 42 Pa. Cons. Stat. § 8340.15. She also seeks the attorney fees, court costs, and litigation expenses required by § 8340.18, with the amount to be determined after submission of appropriate documentation.

9. No diversity jurisdiction is alleged. If the Court does not dismiss the Pennsylvania claims under Rule 12(b)(6), it should decline supplemental jurisdiction under 28 U.S.C. § 1367 and dismiss those claims without prejudice.

10. Alternatively, the Court should sever the claims against Trude under Rule 21 because they concern different actors, publications, dates, and proof from the subpoena-related conduct attributed to Seng. Conclusory allegations of concerted conduct do not establish that those claims arise from the same transaction or occurrence.

11. Trude incorporates the arguments and authorities in her contemporaneously filed Brief in Support of Motion to Dismiss Plaintiff's First Amended Complaint.

WHEREFORE, Defendant Stephanie Jo Trude respectfully requests that the Court: (a) dismiss Counts I, II, V, XIII, XVI, and XVII with prejudice as to Trude; (b) dismiss Counts IV, VI through IX, XI, XII, XIV, and XV with prejudice as to Trude and determine that she is immune from those claims under 42 Pa. Cons. Stat. § 8340.15; (c) award her attorney fees, court costs, and litigation expenses under § 8340.18; and (d) dismiss any remaining Pennsylvania claims without prejudice under 28 U.S.C. § 1367 or, alternatively, sever the claims against Trude under Rule 21, together with such other relief as the Court deems proper.

Respectfully submitted,

**DILLON McCANDLESS KING COULTER & GRAHAM, LLP**

By: /s/ Thomas W. King III, Esquire
Thomas W. King III, Esquire
PA ID No. 21580
tking@dmkcg.com
Thomas E. Breth, Esquire
PA ID No. 66350
tbreth@dmkcg.com
John F. Indzonka, Esquire
PA ID No. 337765
jindzonka@dmkcg.com

128 West Cunningham Street
Butler, PA 16001
Telephone: 724-283-2200
Facsimile: 724-283-2298

*Counsel for Defendant Stephanie Jo Trude*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this **MOTION TO DISMISS** has been served upon all other parties via the following methods at the addresses below this 22nd day of September 2026:

***VIA ECF***
Nikolaos T. Hatziefstathiou
712 Cedar Grove Road
Broomall, PA 19008
nh@oneworldcommand.com

***VIA First-Class Mail***
Jessica Lynne Seng
548 Tasker Avenue
Norwood, PA 19074

John J. Martucci, Jr., Esq.
Martucci Law Offices, LLC
301 Wharton Street
Philadelphia, PA 19147
jjm@martuccilawoffices.com

/s/ Thomas W. King III, Esquire
Thomas W. King III, Esquire

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NIKOLAOS T. HATZIEFSTATHIOU, a/k/a “Nik the Hat,” | : | No.: 2:26-cv-04659-HB |
| *Plaintiff,* | : | |
| v. | : | |
| JESSICA LYNNE SENG, a/k/a “Granny’s Watching”; STEPHANIE JO TRUDE, a/k/a “BBQ Lady” and “BBQLADYY”; and JOHN/JANE DOES 1–10, | : | |
| *Defendants.* | : | |

**CERTIFICATE OF CONFERRAL**

I hereby certify that, on August 27, 2026, counsel for Defendant Stephanie Jo Trude conferred by telephone with Plaintiff Nikolaos T. Hatziefstathiou, proceeding pro se, concerning the grounds for and relief requested in the foregoing Motion to Dismiss. The parties discussed whether the issues raised by the Motion could be narrowed or resolved without Court intervention but were unable to reach an agreement. The Motion is therefore contested.

/s/ Thomas W. King, III
Thomas W. King, III, Esquire