**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NIKOLAOS T. HATZIEFSTATHIOU, a/k/a "Nik the Hat," | : | Docket No.: 2:26-cv-04659-HB |
| | : | ORIGINAL JURISDICTION |
| *Plaintiff,* | : | |
| v. | : | **BRIEF IN SUPPORT OF MOTION TO DISMISS** |
| JESSICA LYNNE SENG, a/k/a "Granny's Watching"; STEPHANIE JO TRUDE, a/k/a "BBQ Lady" and "BBQLADYY"; and JOHN/JANE DOES 1–10, | : | Counsel of Record for Defendant: |
| *Defendants.* | : | |

Thomas W. King III, Esquire
PA. I.D. No. 21580
tking@dmkcg.com

Thomas E. Breth, Esquire
PA. I.D. No. 66350
tbreth@dmkcg.com

John F. Indzonka, Esquire
PA I.D. No. 337765
jindzonka@dmkcg.com

Dillon McCandless King
Coulter & Graham, LLP
128 West Cunningham St.
Butler, PA 16001
Telephone: 724-283-2200
Facsimile: 724-283-2298

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NIKOLAOS T. HATZIEFSTATHIOU, a/k/a "Nik the Hat," | : | No.: 2:26-cv-04659-HB |
| *Plaintiff,* | : | |
| v. | : | |
| JESSICA LYNNE SENG, a/k/a "Granny's Watching"; STEPHANIE JO TRUDE, a/k/a "BBQ Lady" and "BBQLADYY"; and JOHN/JANE DOES 1–10, | : | |
| *Defendants.* | : | |

**DEFENDANT STEPHANIE JO TRUDE'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Stephanie Jo Trude ("Trude"), by and through her undersigned counsel, submits this Brief under Local Civil Rule 7.1(c) in support of her Motion to Dismiss under Federal Rules of Civil Procedure 8(a)(2), 10(b), 12(b)(1), and 12(b)(6), for protected public expression immunity under 42 Pa. Cons. Stat. §§ 8340.13-8340.18, or, alternatively, for severance under Rule 21.

## I. INTRODUCTION

Plaintiff's First Amended Complaint combines seventeen counts arising from different events involving different defendants. The allegations concerning Jessica Lynne Seng involve subpoena-related communications and online content. The allegations concerning Trude involve social-media posts made on June 17 and June 29, 2026. Only Counts VI and VII expressly name Trude. Counts I, V, and XIII expressly concern Seng, while most other counts refer collectively to "Defendants." Every count nevertheless incorporates all preceding allegations.

The FAC therefore does not identify which facts support each collective claim against Trude. The federal claims also plead no actionable conduct by her, and the Pennsylvania claims omit essential defendant-specific facts. To the extent the Pennsylvania claims arise from Trude's public commentary about court proceedings, a judgment, Plaintiff's legal status, and his public-media activities, they are based on protected public expression. Dismissal under Rule 12(b)(6) establishes immunity under Pennsylvania's Uniform Public Expression Protection Act and requires an award of attorney fees, court costs, and litigation expenses, all of which are claimed by Defendant Trude to the extent such claim can be made herewith.

## II. STANDARD OF REVIEW

Rules 8(a)(2) and 10(b) require a short and plain statement that gives each defendant fair notice of the claim and separates claims when doing so promotes clarity. Under Rule 12(b)(6), the Court accepts well-pleaded facts as true but disregards legal conclusions and asks whether the facts plausibly establish a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, (2009).

## III. ARGUMENT

### A. The First Amended Complaint is an impermissible shotgun pleading

The Third Circuit has criticized the "all too common shotgun pleading approach." *Hynson v. City of Chester Legal Department*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988). A pleading fails to provide adequate notice when it incorporates every preceding allegation into each count and combines claims against multiple defendants without identifying which defendant committed the conduct supporting each claim. *Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017).

That defect is present here. Counts II through IV, VIII through XII, XIV, and XV refer collectively to "Defendants," although the FAC attributes different publications and communications to Seng and Trude. Counts I, V, and XIII concern Seng; Counts VI and VII concern Trude; and Counts XVI and XVII request derivative relief. Yet each count incorporates every earlier allegation.

The collective counts do not identify the particular communication, commercial use, disclosure, intrusion, agreement, or assistance by Trude that supplies their elements. References to a coordinated campaign, aligned accounts, mutually reinforcing content, or concerted conduct do not identify who agreed to what, when or where an agreement arose, any communication evidencing an agreement, or any overt act by Trude. The collective counts should therefore be dismissed under Rules 8 and 10.

### B. The federal counts fail as to Trude
### Count I does not plead Lanham Act conduct by Trude

A false-association or endorsement claim requires a use in commerce, in connection with goods or services, "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1)(A); *Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1014 (3d Cir. 2008). Count I attributes the challenged conduct to "Seng and persons acting with her." It does not allege that Trude acted for Seng or used Plaintiff's identity to market goods or services. Tagging Plaintiff while commenting on public events does not plead consumer confusion about endorsement. Count I should be dismissed as to Trude.

**Count II does not plead a Wiretap Act violation by Trude**

The Wiretap Act prohibits intentional interception and the knowing disclosure or use of a communication obtained through an unlawful interception. 18 U.S.C. § 2511(1)(a), (c)-(d). An "'intercept' can only occur contemporaneously with transmission." *Fraser v. Nationwide Mutual Insurance Co.*, 352 F.3d 107, 113 (3d Cir. 2003). The First Amended Complaint identifies no communication intercepted by Trude, no device she used, and no facts showing that she knew a communication had been unlawfully intercepted. The subpoena and counsel correspondence allegations concern Seng. Count II therefore fails as to Trude.

**C. The Pennsylvania counts fail to state claims against Trude**
**Counts III and IV**

Count III recites categories of communications but does not allege that Trude intentionally intercepted one or knowingly disclosed or used the product of an unlawful interception, as 18 Pa. Cons. Stat. § 5703 requires. Count IV likewise identifies no use by Trude of Plaintiff's name or likeness for a commercial or advertising purpose under 42 Pa. Cons. Stat. § 8316. Allegations that online commentary was "monetized" do not identify a sale, advertisement, promotion, or fundraiser using Plaintiff's identity.

**Counts VI and VII**

False light "imposes liability on a person who publishes material that "is not true, is highly offensive to a reasonable person, and is publicized with knowledge

or in reckless disregard of its falsity."" *Graboff v. Colleran Firm*, 744 F.3d 128, 136 (3d Cir. 2014). Defamation requires, among other things, a defamatory communication, application to the plaintiff, publication, recipient understanding, fault, and legally cognizable harm. 42 Pa. Cons. Stat. § 8343(a). "Statements that cannot reasonably be interpreted as stating actual facts about an individual are protected." *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 3 (1990).

The First Amended Complaint attributes to Trude statements that a judgment showed Plaintiff "liked to defame people" and that he wanted people to commit suicide. It alleges falsity and fault in conclusory terms, but pleads no facts showing that Trude knew a factual assertion was false or seriously doubted its truth. Tagging Plaintiff identifies the subject; it does not establish the state of mind required for false light. To the extent the quoted language expresses rhetorical conclusions or subjective views drawn from disclosed events, it is not objectively verifiable. Counts VI and VII therefore fail as pleaded.

**Counts VIII through XII**

Count VIII does not identify any false statement by Trude disparaging Plaintiff's business or other pecuniary interest. Nor does it allege that any such statement caused Plaintiff an identifiable pecuniary loss. Actual pecuniary loss is an essential element of commercial disparagement under Pennsylvania law, and because that loss constitutes special damage, it must be specifically stated. *Pro*

*Golf Manufacturing, Inc. v. Tribune Review Newspaper Co.*, 809 A.2d 243, 246 (Pa. 2002); Fed. R. Civ. P. 9(g). Count IX lists categories of sensitive information but identifies no particular private fact disclosed by Trude. Count X alleges surveillance, filming, and acquisition of private communications collectively, but no intentional and highly offensive intrusion by Trude. “One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.” *Borse v. Piece Goods Shop, Inc.*, 963 F.2d 611, 622 (3d Cir. 1992).

Count XI identifies no Trude conduct beyond online commentary that could meet Pennsylvania's demanding standard for extreme and outrageous conduct. See *Hoy v. Angelone*, 720 A.2d 745, 753 (Pa. 1998). Count XII lists broad categories of relationships but no existing contract, reasonably probable business opportunity, purposeful interference by Trude, or resulting loss. See *Acumed LLC v. Advanced Surgical Services, Inc.*, 561 F.3d 199, 212 (3d Cir. 2009).

**Counts V and XIII through XVII**

Counts V and XIII expressly concern Seng and should be dismissed as to Trude to the extent the incorporation clauses create any ambiguity. Count XIV alleges coordination but not who agreed, what they agreed to do, when or where an agreement arose, or any overt act by Trude. Those facts are required for civil

conspiracy. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 472 (Pa. 1979). Count XV does not identify an underlying tort Trude knew about or substantial assistance she provided. See *Sovereign Bank v. Valentino*, 914 A.2d 415, 421 (Pa. Super. Ct. 2006). Finally, the Declaratory Judgment Act and Rule 65 supply remedies and procedures, not independent causes of action. Counts XVI and XVII therefore cannot survive after the substantive claims fail.

**D. Trude is entitled to protected-public-expression immunity and fees**

Pennsylvania's Uniform Public Expression Protection Act covers a cause of action based on a communication in, or concerning an issue under review in, a judicial proceeding, as well as the exercise of speech or press rights on a matter of public concern. 42 Pa. Cons. Stat. §§ 8340.13-.14. A person is immune when the claimant fails to state a cause of action based on protected public expression. Id. § 8340.15(1)(ii). If immunity applies, the court must award attorney fees, court costs, and litigation expenses. *Id*. § 8340.18(a)(1).

The First Amended Complaint alleges that Trude commented publicly about a courthouse proceeding, a judgment, Plaintiff's legal status, and his public-media activities. The claims for unauthorized commercial use, false light, defamation, commercial disparagement, public disclosure, emotional distress, interference, conspiracy, and substantial assistance arise from those posts. Counts IV, VI through IX, XI, XII, XIV, and XV are therefore based, at least in relevant part, on

protected public expression. No statutory exclusion identified in § 8340.14(b) applies.

Trude invokes Rule 12(b)(6), not the Act's special motion procedure. District courts have divided over the federal application of the Act. In *Salaam v. Trump*, the court held that § 8340.15 could not independently supply a federal dismissal mechanism because it conflicts with Rules 12, 15, and 56, but expressly declined to decide whether § 8340.18's fee-shifting provision applies following dismissal under a Federal Rule. 350 F.R.D. 14, 20 & nn.7–8 (E.D. Pa. 2025). More recently, *Lento Law Group PC v. Estrada* held that when a defendant obtains dismissal under the ordinary Rule 12(b)(6) standard, § 8340.15(1)(ii) establishes substantive immunity and § 8340.18 mandates an award of attorney fees, costs, and litigation expenses because no heightened state-law procedure has been employed. No. 25-2763, 2026 WL 2100471, at *16–18 (E.D. Pa. July 21, 2026). Trude proceeds under Rule 12(b)(6) and respectfully submits that *Lento* provides the better analysis.

For the reasons set out above, the covered claims fail under Rule 12(b)(6). The Court should therefore determine that Trude is immune under § 8340.15 and entitled to the fees, costs, and litigation expenses required by § 8340.18, with the amount determined after appropriate documentation is submitted.

**E. Alternatively the Court should decline supplemental jurisdiction or sever**

The First Amended Complaint alleges no diversity jurisdiction and identifies Plaintiff and Trude as Pennsylvania residents. If the Court does not dismiss the Pennsylvania claims on the merits, it should find that Trude's posts do not share a sufficient factual nucleus with the subpoena-related federal allegations against Seng or decline supplemental jurisdiction because the numerous state claims substantially predominate. 28 U.S.C. § 1367(a), (c)(2)-(3).

Rule 21 provides a further alternative. Trude's alleged posts involve different actors, dates, publications, and proof from Seng's alleged use of subpoena-related communications. Severance would leave no adequately pleaded federal claim or diversity allegation against Trude. The Court should therefore dismiss the severed state claims without prejudice.

## IV. CONCLUSION

The Court should dismiss all claims asserted or purportedly asserted against Trude, determine that she is immune from the covered claims based on protected public expression, and award the attorney fees, court costs, and litigation expenses required by 42 Pa. Cons. Stat. § 8340.18. Alternatively, the Court should dismiss the remaining Pennsylvania claims without prejudice under 28 U.S.C. § 1367 or sever them under Rule 21.

Respectfully submitted,
**DILLON McCANDLESS KING COULTER & GRAHAM, L.L.P.**

By: /s/ Thomas W. King III
Thomas W. King III, Esquire
PA I.D. No. 21580
tking@dmkcg.com
Thomas E. Breth, Esquire
PA I.D. No. 66350
tbreth@dmkcg.com
John F. Indzonka, Esquire
PA I.D. No. 337765
jindzonka@dmkcg.com
128 West Cunningham Street
Butler, PA 16001
Telephone: 724-283-2200
Facsimile: 724-283-2298

*Counsel for Defendant Stephanie Jo Trude*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this **BRIEF IN SUPPORT OF MOTION TO DISMISS** has been served upon all other parties via the following methods at the addresses below this 22nd day of September 2026:

***VIA ECF***
Nikolaos T. Hatziefstathiou
712 Cedar Grove Road
Broomall, PA 19008
nh@oneworldcommand.com

***VIA First-Class Mail***
Jessica Lynne Seng
548 Tasker Avenue
Norwood, PA 19074

John J. Martucci, Jr., Esq.
Martucci Law Offices, LLC
301 Wharton Street
Philadelphia, PA 19147
jjm@martuccilawoffices.com

/s/ Thomas W. King III, Esquire
Thomas W. King III, Esquire