**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NIKOLAOS T. HATZIEFSTATHIOU,<br><br>Plaintiff, Pro Se,<br><br>v.<br><br>JESSICA LYNNE SENG,<br>STEPHANIE JO TRUDE,<br>and<br>JOHN/JANE DOES 1-10,<br><br>Defendants. | **CIVIL ACTION NO.**<br>2:26-cv-04659-HB<br><br>**JURY TRIAL DEMANDED** |

# PLAINTIFF'S RESPONSE IN OPPOSITION AND SUPPORTING MEMORANDUM OF LAW REGARDING TRUDE'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Plaintiff Nikolaos T. Hatziefstathiou opposes Trude's motion to dismiss at ECF No. 27 and the supporting brief at ECF No. 28. He requests denial of dismissal of Counts VI and VII, denial of statutory immunity and fee entitlement, and separate consideration of the remaining counts. For any curable pleading defect, he requests twenty-one days from the Court's ruling to seek leave under Rule 15(a)(2) with a complete proposed amended complaint before final dismissal. Any jurisdictional dismissal should be without prejudice.

**TABLE OF CONTENTS**


I. INTRODUCTION ..... 5

II. THE OPERATIVE RECORD AND REQUESTED DISPOSITION ..... 6

III. THE FEDERAL RULES REQUIRE A CLAIM SPECIFIC PLAUSIBILITY ANALYSIS ..... 6

- A. Plausibility requires supported inferences rather than trial proof ..... 6
- B. The pleading record does not expand through an opposition brief ..... 7
- C. The specific Trude counts must be distinguished from collective counts ..... 7

IV. THE DEFAMATION AND FALSE LIGHT CLAIMS REQUIRE ANALYSIS OF THE FACTUAL IMPLICATIONS ..... 8

- A. Pennsylvania law examines the complete communication ..... 8
- B. The judgment assertion has an objectively testable factual referent ..... 9
- C. The self harm accusation requires its own contextual inquiry ..... 10
- D. The pleaded minor related legal status implication is distinct from an insult ..... 10
- E. Disclosed fact opinion and actual malice must be addressed directly ..... 10
- F. Personal reputational injury is not the same as special pecuniary loss ..... 12

V. THE REMAINING COUNTS REQUIRE SEPARATE ANALYSIS ..... 12

VI. THE COURT SHOULD DENY THE REQUESTED STATUTORY IMMUNITY AND FEE ENTITLEMENT ..... 14

- A. Protected expression coverage does not establish failure to state a claim ..... 14
- B. Federal pleading rules foreclose a separate state evidentiary screen ..... 14
- C. The district split requires an express decision on statutory dependency ..... 14
- D. Even under *Lento* the qualifying claims and disposition must be identified ..... 15

VII. JURISDICTION AND SEVERANCE REQUIRE SEPARATE RULINGS ..... 16

- A. Section 1367 permits qualifying claims against an additional defendant ..... 16
- B. Declining jurisdiction differs from adjudicating the merits ..... 16
- C. Rule 21 calls for just terms and attention to the consequence of severance ..... 17

VIII. A PROPER CURATIVE AMENDMENT SHOULD BE CONSIDERED BEFORE FINAL DISMISSAL ..... 17

- A. Plaintiff requests twenty one days to seek leave ..... 17
- B. The proposed amendment will address the child stalking accusation ..... 18
- C. Existing deadlines remain in effect ..... 19

IX. CONCLUSION ..... 19

**TABLE OF AUTHORITIES**


*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....6, 7

*Bartol v. Barrowclough*, 251 F. Supp. 3d 855 (E.D. Pa. 2017)....8

*Berk v. Choy*, No. 24-440 (U.S. Jan. 20, 2026)....7, 14, 15

*Borough of West Mifflin v. Lancaster*, 45 F.3d 780 (3d Cir. 1995)....16, 17

*Chin v. Chrysler LLC*, 538 F.3d 272 (3d Cir. 2008)....15

*Connelly v. Lane Construction Corp.*, 809 F.3d 780 (3d Cir. 2016)....6

*DirecTV, Inc. v. Leto*, 467 F.3d 842 (3d Cir. 2006)....17

*Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247 (3d Cir. 2007)....18

*Foman v. Davis*, 371 U.S. 178 (1962)....17

*Garrett v. Wexford Health*, 938 F.3d 69 (3d Cir. 2019)....8

*Glover v. FDIC*, 698 F.3d 139 (3d Cir. 2012)....18

*Graboff v. Colleran Firm*, 744 F.3d 128 (3d Cir. 2014)....9

*Henrich v. Colby's Crew Rescue*, No. 25-4961, 2026 WL 839119 (E.D. Pa. Mar. 26, 2026)....14, 15

*Joseph v. Scranton Times L.P.*, 129 A.3d 404 (Pa. 2015)....12

*Lento Law Group PC v. Estrada*, No. 25-2763, 2026 WL 2100471 (E.D. Pa. July 21, 2026)....5, 14, 15

*Lyon v. Whisman*, 45 F.3d 758 (3d Cir. 1995)....16

*McCafferty v. Newsweek Media Group, Ltd.*, 955 F.3d 352 (3d Cir. 2020)....10, 11

*Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990)....5, 8

*Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173 (3d Cir. 1988)....7

*Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025)....17

*Salaam v. Trump*, 350 F.R.D. 14 (E.D. Pa. 2025)....14

*Tucker v. Fischbein*, 237 F.3d 275 (3d Cir. 2001)....11

*Wang v. University of Pittsburgh*, No. 25-1816 (3d Cir. July 7, 2026)....11

## STATUTES AND RULES


18 U.S.C. section 2511(1)(a), (c)-(d)........12
28 U.S.C. section 1367(a), (c)(2)-(3)........6, 16
28 U.S.C. section 2201(a)........13
18 Pa. Cons. Stat. section 5703........13
42 Pa. Cons. Stat. section 5523(1)........18
42 Pa. Cons. Stat. section 8316(a)-(e)........13
42 Pa. Cons. Stat. section 8343(a)........8
42 Pa. Cons. Stat. sections 8340.13-.15........14, 15
42 Pa. Cons. Stat. section 8340.18(a)(1)........15
Fed. R. Civ. P. 8(a)(2)........6, 7
Fed. R. Civ. P. 9(b), (g)........7, 12
Fed. R. Civ. P. 10(b)........6, 8
Fed. R. Civ. P. 12(b)(1)........6
Fed. R. Civ. P. 12(b)(6)........5, 6, 7, 14, 15
Fed. R. Civ. P. 12(d)........7
Fed. R. Civ. P. 15(a)(2), (c)(1)(A)-(B)........5, 7, 17, 18, 19
Fed. R. Civ. P. 20(a)(2)........17
Fed. R. Civ. P. 21........6, 17
Fed. R. Civ. P. 54(d)(2)........16
Fed. R. Civ. P. 65........13
Fed. R. Evid. 408(a)........19

## I. INTRODUCTION

Plaintiff asks the Court to deny dismissal of the defamation and false-light claims against Stephanie Jo Trude, deny her requests for statutory immunity and attorney fees, and rule separately on the remaining counts. If the Court finds a curable pleading defect, Plaintiff requests twenty-one days to submit a Rule 15(a)(2) motion with a complete proposed amended complaint before final dismissal. Trude seeks dismissal of fifteen counts with prejudice, statutory immunity and fee entitlement, dismissal of other Pennsylvania claims without prejudice, and termination as a defendant. ECF No. 27-1, PDF pp. 1-2, paragraphs 1-5. The Court should decide each request under the standard governing that relief.

The central dispute is whether identified publications conveyed false facts about Plaintiff's conduct and legal status. The First Amended Complaint identifies Trude's June 17 publication, its reference to a $4.7 million judgment, and its accusation that Plaintiff wanted people to commit suicide. It challenges the factual implications of those statements, not generalized insults. ECF No. 19, paragraphs 45, 47-50, PDF p. 6; paragraphs 106-115, PDF p. 13. The complaint also challenges the pairing of Plaintiff's identity with sensitive minor-related legal-status language. *Id.*, paragraphs 41-43, PDF p. 6; paragraphs 107-110, PDF p. 13. The Court should distinguish criticism from representations that a court adjudicated particular wrongdoing or that Plaintiff engaged in particular conduct.

Trude invokes *Milkovich* to protect subjective commentary. ECF No. 28, PDF p. 7. That decision also rejects a categorical opinion exemption for statements carrying provably false factual implications. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18-22 (1990). The Court must consider the complete communication and what a reasonable reader would understand. Plaintiff challenges the conduct and legal status attributed to him, including the implication that the judgment established defamation liability or a propensity to defame.

Trude seeks statutory immunity and fees through ordinary Rule 12(b)(6), relying on *Lento*. ECF No. 28, PDF p. 10. The district decisions disagree about whether Pennsylvania immunity can support fees after dismissal under the federal pleading standard. The Court should resolve that question before

granting immunity or fee entitlement. Statutory coverage of public commentary does not establish that the underlying claim fails.

Plaintiff also requests an opportunity to address Trude's separate accusation that he stalked her minor daughter in a proposed amended complaint. Section VIII identifies that publication and addresses the amendment and limitations requirements. The proposed pleading will leave the child unnamed and identify the facts supporting the challenged conduct and legal-status assertions.

## II. THE OPERATIVE RECORD AND REQUESTED DISPOSITION

The September 16 order deemed the submitted amended complaint filed and denied the amendment motion as moot because amendment remained available as a matter of course. ECF No. 18, PDF p. 1, paragraphs 1-2; Exhibit A. Trude challenges the twenty-page First Amended Complaint at ECF No. 19. The Court separately denied ECF Nos. 3, 10, 11 and 12 as moot. ECF No. 20, PDF pp. 1-2.

Trude's September 22 brief challenges pleading allocation under Rules 8 and 10, federal and state elements under Rule 12(b)(6), supplemental jurisdiction under Rule 12(b)(1) and section 1367, statutory immunity and fees, and alternative severance under Rule 21. ECF No. 28, PDF pp. 2, 4-11. A defect in allocating allegations among defendants does not itself establish that a claim cannot be cured or justify dismissal with prejudice.

The Court denied Plaintiff's case-management conference request concerning mediation and briefing coordination as premature. ECF No. 29, PDF p. 1; Exhibit B. It separately ordered service of Seng with the amended complaint by November 4, 2026, with no further extensions. ECF No. 30, PDF p. 1; Exhibit C.

## III. THE FEDERAL RULES REQUIRE A CLAIM SPECIFIC PLAUSIBILITY ANALYSIS

### A. Plausibility requires supported inferences rather than trial proof

Rule 12(b)(6) requires facts supporting a plausible entitlement to relief, not a recital of legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Third Circuit directs courts to identify the necessary elements, disregard conclusory allegations, and then determine whether the remaining factual allegations and reasonable inferences support relief. *Connelly v. Lane Construction Corp.*, 809

F.3d 780, 786-87 (3d Cir. 2016). That analysis is claim specific. A collective label cannot replace a missing element, but a defect in one collective count does not erase factual allegations specifically allocating a different publication to Trude.

Rule 9(b) allows knowledge and other mental conditions to be alleged generally, subject to Rule 8's plausibility requirement. *Iqbal*, 556 U.S. at 686-87. Plaintiff relies on the identified publications and their alleged factual implications. The Court must assess whether those allegations support the required state of mind without requiring trial proof or allowing anticipated discovery to replace facts needed to state a claim.

The Supreme Court's recent decision reinforces that distinction. *Berk v. Choy*, No. 24-440, slip op. at 3-11 (U.S. Jan. 20, 2026), held that Rule 8 displaced Delaware's requirement for an affidavit of merit accompanying a malpractice complaint. The decision concerns the information needed at the outset, not the ultimate burden of proof. It supports applying the federal pleading standard rather than an additional state prima-facie evidentiary screen. It does not excuse factual plausibility or decide Pennsylvania's fee statute.

**B. The pleading record does not expand through an opposition brief**

The merits must be assessed from the First Amended Complaint and matters properly considered under Rule 12. The judicial-record exhibits are cited for procedural history. If the Court considers outside material under Rule 12(b)(6), Rule 12(d)'s exclusion or conversion safeguards apply.

An opposition cannot amend a complaint. *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Plaintiff requests time to submit a Rule 15 motion and complete proposed complaint addressing the separate child-stalking publication, as explained in Section VIII.

**C. The specific Trude counts must be distinguished from collective counts**

The heading of Count VI identifies Trude. Count VII attributes its challenged publications to her in paragraph 112. The factual allegations identify her account, the June 17 publication and the alleged false implications. ECF No. 19, paragraphs 41-50, PDF p. 6; paragraphs 106-115, PDF p. 13. Those allegations identify the defendant, communication and claimed injury for the core publication claims.

Trude's notice challenge must be applied to those actual allegations rather than inferred from the number of counts or incorporation clauses alone.

Trude relies on *Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017). ECF No. 28, PDF p. 4. That opinion recognizes the difficulty caused by indiscriminate incorporation and collective pleading, but its disposition was dismissal without prejudice with leave to amend. *Bartol*, 251 F. Supp. 3d at 859-61. Plaintiff requests the same attention to the actual notice defect and curability. Rule 10(b) promotes clarity through separate counts when appropriate; it does not by itself supply a with-prejudice merits determination of each incorporated theory.

*Garrett v. Wexford Health*, 938 F.3d 69, 92-94 (3d Cir. 2019), examines whether the pleading identifies discrete defendants and their conduct and permits a substantive response. Trude's own brief identifies Counts VI and VII as concerning her and addresses their specific alleged statements. ECF No. 28, PDF pp. 4, 7. Her response confirms that those claims are intelligible. The Court should assess their substantive sufficiency separately from organizational defects in other counts.

## <u>IV. THE DEFAMATION AND FALSE LIGHT CLAIMS REQUIRE ANALYSIS OF THE FACTUAL IMPLICATIONS</u>

### A. Pennsylvania law examines the complete communication

Pennsylvania's defamation statute identifies defamatory meaning, publication, application to the plaintiff, recipient understanding, harm and abuse of a conditionally privileged occasion. 42 Pa. Cons. Stat. section 8343(a). Those elements must be considered alongside constitutional requirements concerning factual meaning, falsity and fault. Plaintiff challenges the factual implications communicated about him and the resulting personal injury.

*Milkovich* protects expression that a reasonable reader would not understand as asserting actual facts, including rhetorical hyperbole, but does not immunize a verifiable factual implication because the speaker presents it as an opinion. 497 U.S. at 18-22. The Court should apply that distinction to the alleged message in context. Criticism of Plaintiff's character may be protected. A representation about the subject of a judgment, an adjudicated legal status, or conduct supposedly established by a court

record raises a different question because the underlying record provides an objective point of comparison.

The Third Circuit likewise recognizes that literally accurate words may create an actionable false implication when the complete communication conveys something materially different. *Graboff v. Colleran Firm*, 744 F.3d 128, 135-37 (3d Cir. 2014). Its analysis preserves the separate elements of defamation and false light. A claimant must establish the reputational or highly offensive implication and the required fault, not simply identify a selective quotation. Here the complaint alleges particular false implications; the Court should assess those implications before treating the publications as legally indistinguishable from insults.

**B. The judgment assertion has an objectively testable factual referent**

The complaint alleges that Trude referred to a $4.7 million judgment as proof that Plaintiff liked to defame people. It identifies the challenged implication as adjudicated defamation liability or a judgment establishing that propensity, and alleges that implication is false or materially misleading. ECF No. 19, paragraphs 47, 49, PDF p. 6; paragraphs 112-113, PDF p. 13. Plaintiff seeks to demonstrate the difference between what the actual judgment determined and what the publication conveyed. That theory does not dispute the existence of a judgment merely because its existence is unfavorable to him.

The distinction matters to substantial truth. A judgment's amount can be accurately stated while the publication misdescribes the wrongdoing adjudicated or attaches an unsupported implication to it. Conversely, if the complete publication accurately disclosed its foundation and a reasonable reader would understand only an evaluative opinion, the claim cannot survive merely because Plaintiff dislikes that opinion. The Court should determine the pleaded meaning rather than assume that mentioning a true legal event makes every connected factual implication true.

Plaintiff challenges the publication's description of the judgment, not the validity of the judgment itself. The Court should compare the persons, causes of action and relief actually involved with the conduct attributed to Plaintiff in the publication. ECF No. 19, paragraphs 47, 49, 112-113, PDF pp. 6, 13.

**C. The self harm accusation requires its own contextual inquiry**

The same alleged publication accused Plaintiff of wanting people to commit suicide. The complaint alleges a false implication that Plaintiff desired or encouraged self-harm by others. ECF No. 19, paragraphs 48, 50, PDF p. 6; paragraphs 112-113, PDF p. 13. The legal issue is whether a reasonable reader would understand an accusation grounded in asserted conduct or instead perceive anger, speculation or rhetorical condemnation. The Court should not decide that issue solely from the speaker's use of emotionally charged language.

The full publication determines whether the self-harm assertion attributes particular conduct to Plaintiff or expresses only speculation about motive. The Court should examine that assertion separately from the judgment reference rather than classify both as opinion without considering their different meanings.

**D. The pleaded minor related legal status implication is distinct from an insult**

The complaint alleges that Trude paired Plaintiff's identity with a Blair County courthouse proceeding and sensitive minor-related legal-status language, creating a misleading impression about his relationship to those matters. It expressly avoids requesting adjudication of the separate minor-related proceeding. ECF No. 19, paragraphs 41-43, PDF p. 6; paragraphs 107-110, PDF p. 13. A claimed court-imposed status has an objective referent. Plaintiff challenges the factual implication communicated about his conduct and legal status, not the ability to discuss a pending proceeding.

The Court should determine whether that juxtaposition communicates an actionable false implication and whether the complaint sufficiently pleads the required fault. That inquiry can be made without naming a child or disclosing unrelated private details.

**E. Disclosed fact opinion and actual malice must be addressed directly**

*McCafferty v. Newsweek Media Group, Ltd.*, 955 F.3d 352, 357-60 (3d Cir. 2020), protected opinions based on disclosed facts that alleged no specific wrongdoing and required adequate subjective-fault allegations. Here Plaintiff challenges representations about particular conduct and legal status. Their

meaning must be assessed in the complete publication. If the communication conveys only a disclosed-fact opinion, hostility does not remove its protection.

Actual malice means knowing falsity or subjective reckless disregard, not personal animosity. False light requires that fault standard even if a private-figure defamation claim would permit a different showing. *McCafferty*, 955 F.3d at 359-60. Profit motive, public tags, audience size or inadequate investigation alone cannot supply that element. The First Amended Complaint identifies falsity in paragraphs 49-50 and alleges knowing or reckless falsity in paragraph 110, but the latter's reference to specific framing and tagging does not by itself establish subjective knowledge. ECF No. 19, PDF pp. 6, 13. Plaintiff requests assessment of the allegations and any supported curative facts, not an inference that anger necessarily means knowledge of falsehood.

*Wang v. University of Pittsburgh*, No. 25-1816, slip op. at 10-13, 16-21 (3d Cir. July 7, 2026), distinguishes falsifiable accusations from criticism and examines the factual basis for each publisher's alleged knowledge. It permits supported circumstantial inferences while rejecting inadequately supported claims against other defendants. The Court should likewise examine Trude's particular accusations and the facts supporting her alleged knowledge. A coordinated backlash alone does not establish actual malice.

Notice before a later publication can support an inference of knowledge when it unmistakably corrects the asserted fact. *Tucker v. Fischbein*, 237 F.3d 275, 284-87 (3d Cir. 2001), distinguished a lawyer's later interview after receipt of a precise correction from vague notice or notice to others. A continued-publication allegation must identify the correction Trude received and the publication she made afterward. Counsel's appearance, this lawsuit or a rejected settlement proposal does not alone establish that connection.

The Court should assess meaning, falsity and fault for each challenged communication. If the state-of-mind allegations require further facts, Plaintiff requests the amendment opportunity described in Section VIII. The online setting alone does not establish futility.

**F. Personal reputational injury is not the same as special pecuniary loss**

The complaint alleges publication to third parties who understood the statements to concern Plaintiff, followed by personal reputational injury, humiliation, emotional distress and professional harm. ECF No. 19, paragraphs 114-115, PDF p. 13. Those allegations should be evaluated under the requirements for the defamation and false-light claims actually asserted. They are not interchangeable with a demand to recover a separate company's losses or a specific lost business transaction.

*Joseph v. Scranton Times L.P.*, 129 A.3d 404, 429-32, 436-39 (Pa. 2015), explains why actual injury is not confined to an out-of-pocket loss while preserving the requirement of attributable reputational harm for a negligence-based private-figure claim. Emotional distress alone does not establish that connection. Reputational injury need not take the form of a canceled engagement, but the allegations must identify how recipients understood the challenged implication and its attributable reputational effect. A damages demand does not itself establish actual malice.

Commercial disparagement requires pecuniary loss under its own standard. Rule 9(g) requires special damage to be specifically stated. Counts VIII and XII require facts supporting their particular injury and causation elements. A defect in a commercial-loss allegation does not resolve the distinct personal publication claims in Counts VI and VII.

## V. THE REMAINING COUNTS REQUIRE SEPARATE ANALYSIS

Trude seeks with-prejudice dismissal of Counts I, II, V, XIII, XVI and XVII. ECF No. 27-1, PDF p. 1, paragraph 1. Counts I, V and XIII expressly concern Seng. ECF No. 19, paragraphs 81-85, PDF p. 10; paragraphs 101-105, PDF p. 12; paragraphs 141-145, PDF p. 17. Incorporation alone does not attribute Seng's Lanham Act or abuse-of-process conduct to Trude. The Court should clarify that those counts are not asserted against Trude rather than enter a merits ruling affecting the claims against Seng.

The wiretap counts require identification of the communication and the conduct satisfying the statute. Later publication alone does not establish interception during transmission. A disclosure or use theory requires unlawful acquisition and the required knowledge. 18 U.S.C. section 2511(1)(a), (c)-(d);

18 Pa. Cons. Stat. section 5703; ECF No. 19, paragraphs 86-95, PDF pp. 11-12. The Court should assess the conduct attributed to each defendant under those elements.

Count IV's statutory commercial-use theory requires a qualifying unauthorized use of identity, subject to the statute's limitations. 42 Pa. Cons. Stat. section 8316(a)-(e); ECF No. 19, paragraphs 96-100, PDF p. 12. Monetization alone does not identify an advertisement, sale or promotion using Plaintiff's identity. The remaining privacy and emotional-distress claims require facts concerning the particular disclosure, intrusion, conduct and injury alleged. ECF No. 19, paragraphs 121-135, PDF pp. 14-15.

Count XII alleges existing and prospective professional and legal relationships and a broader course of interference causing personal professional, reputational and economic injury. ECF No. 19, paragraphs 137-140, PDF p. 16. The paragraph's limitation concerning the Castor episode is episode specific; it does not withdraw the broader allegations. It nevertheless does not establish withdrawal, delay, increased fees or a particular lost engagement from that episode. Each claimed contractual or prospective loss requires an identified relationship, purposeful interference and an actual consequence supported by facts.

The interference claims require a connection between the particular communication, the identified relationship and the resulting injury. A public tag or warning alone does not establish a breached contract or lost prospective engagement. The conspiracy and assistance claims likewise require more than association among broadcasters: an unlawful agreement or knowing substantial assistance must be supported by facts. ECF No. 19, paragraphs 146-155, PDF pp. 17-18.

Counts XVI and XVII seek derivative relief. A declaration or injunction requires a jurisdictional basis and a substantive claim supporting that relief. 28 U.S.C. section 2201(a); Fed. R. Civ. P. 65; ECF No. 19, paragraphs 156-175, PDF pp. 18-20. Before dismissing a count with prejudice, the Court should identify whether the defect concerns allocation, a missing element, jurisdiction or legal futility.

## VI. THE COURT SHOULD DENY THE REQUESTED STATUTORY IMMUNITY AND FEE ENTITLEMENT

### A. Protected expression coverage does not establish failure to state a claim

The Act covers specified communications in or concerning governmental proceedings and qualifying expression on matters of public concern. It also identifies exclusions and separate grounds for immunity. 42 Pa. Cons. Stat. sections 8340.13-.15. Alleged falsity does not by itself defeat coverage, and monetization does not automatically establish an exclusion. Coverage nevertheless does not resolve whether Trude is entitled to immunity.

Trude groups Counts IV, VI-IX, XI, XII, XIV and XV as based, at least in part, on public commentary about proceedings, a judgment, legal status or public-media activities. ECF No. 28, PDF pp. 9-10. The Court should identify the communication and claim at issue before deciding coverage or the particular immunity ground. The asserted failure-to-state-a-claim route still requires an actual pleading dismissal. Speech on a covered subject and a legally insufficient cause of action are separate predicates.

### B. Federal pleading rules foreclose a separate state evidentiary screen

*Salaam v. Trump*, 350 F.R.D. 14, 20-21 & n. 7 (E.D. Pa. 2025), held that section 8340.15's immunity mechanism conflicts with the Federal Rules governing pleading and proof, including by turning an otherwise curable pleading deficiency into statutory immunity. The decision reserved federal applicability of the dependent fee provision. *Id.* at 21 n. 8.

*Berk* confirms that describing a state requirement as substantive does not resolve a collision with a valid Federal Rule. No. 24-440, slip op. at 3-11. It supports applying the federal pleading standard without an additional prima-facie proof requirement. Trude disclaims the special state motion and relies on ordinary Rule 12(b)(6). ECF No. 28, PDF p. 10. The disputed question is whether a state immunity determination may attach to that federal dismissal.

### C. The district split requires an express decision on statutory dependency

*Henrich v. Colby's Crew Rescue*, No. 25-4961, 2026 WL 839119, slip op. at 14-17 (E.D. Pa. Mar. 26, 2026), denied dependent fees after ordinary Rule 12 dismissal because section 8340.15 immunity was inapplicable in federal court. *Lento Law Group PC v. Estrada*, No. 25-2763, 2026 WL 2100471,

memorandum at 27-31 (E.D. Pa. July 21, 2026), disagrees. It allows immunity and the statutory fee consequence after dismissal under the ordinary federal standard. Trude relies on that adverse analysis. ECF No. 28, PDF p. 10. Both district decisions are persuasive rather than a binding circuit resolution.

State-law fee entitlement generally is substantive for Erie purposes. *Chin v. Chrysler LLC*, 538 F.3d 272, 278-79 (3d Cir. 2008). Plaintiff contests the availability of the statutory immunity predicate, not that general rule.

Plaintiff respectfully requests adoption of *Henrich*'s dependency analysis. Section 8340.18(a)(1) ties its mandatory award to immunity under section 8340.15, not merely to success on a federal motion. Plaintiff's objection is that the requested state immunity determination cannot supply that predicate where it conflicts with federal treatment of pleading defects and amendment. Calling the first step a Rule 12 dismissal does not by itself resolve the additional consequence. The Court should decide that question before entering the proposed immunity and fee-entitlement paragraphs.

*Lento* treats immunity and fees as substantive consequences of an ordinary federal dismissal. Plaintiff instead urges *Henrich*'s conclusion that the unavailable immunity mechanism cannot supply the dependent fee predicate. *Berk* distinguishes a state expense-liability provision from a state merits-information requirement and does not categorically bar state fees. Slip op. at 7-8. The Court must decide whether the statutory immunity predicate can operate consistently with the Federal Rules.

**D. Even under *Lento* the qualifying claims and disposition must be identified**

If the Court follows *Lento*, coverage alone is insufficient. Trude must obtain the qualifying disposition on the covered cause of action and establish the asserted statutory predicate. A claim that survives Rule 12(b)(6) does not satisfy her failure-to-state-a-claim ground. A jurisdictional dismissal also does not adjudicate whether a pleading states a claim on its merits. The Court should separate those outcomes before determining immunity or fees.

Survival of Counts VI or VII would not necessarily defeat a fee claim based on a different covered cause of action that qualifies under *Lento*. Any ruling should identify the covered communication, the

dismissed claim, the statutory basis and the effect of any permitted amendment. No fee amount should be fixed without supporting records and an opportunity to address the request's scope.

Rule 54(d)(2)(C) permits the Court to decide fee liability before submissions addressing value. The absence of a dollar calculation therefore does not alone defeat entitlement. If entitlement is recognized, the amount and recoverable scope should be determined on a supported application with an opportunity to respond. Fed. R. Civ. P. 54(d)(2).

## VII. JURISDICTION AND SEVERANCE REQUIRE SEPARATE RULINGS

### A. Section 1367 permits qualifying claims against an additional defendant

The complaint invokes federal-question jurisdiction and supplemental jurisdiction over a related alleged course of conduct; it does not allege diversity. ECF No. 19, paragraphs 18-19, PDF p. 3. Section 1367(a) expressly encompasses qualifying additional-party claims. It does not require a separately viable federal cause of action against every defendant. *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 784 (3d Cir. 1995). The necessary factual nexus remains indispensable.

The complaint identifies allegedly coordinated publication and use of Plaintiff's identity and communications, including shared panels, announced plans to communicate, mutually reinforcing posts and tags, and sourcing of nonpublic material. ECF No. 19, paragraphs 54-57, PDF p. 7; paragraphs 146-148, PDF p. 17. Those alleged links among participants, source material and publications provide the factual connection Plaintiff asks the Court to examine between the federal and state claims.

*Lyon v. Whisman*, 45 F.3d 758, 760-63 (3d Cir. 1995), holds that a shared relationship or general subject does not establish a common nucleus by itself. The pleaded shared participants, source material and publication activity must therefore be examined for a factual connection between the federal and state claims. A common dispute alone is insufficient.

### B. Declining jurisdiction differs from adjudicating the merits

Section 1367(c)(3) concerns dismissal of all original-jurisdiction claims, not merely absence of a federal claim against Trude. Section 1367(c)(2)'s substantial-predominance ground addresses proof, the scope of issues and remedies rather than the numerical count alone. *West Mifflin*, 45 F.3d at 789-90.

Plaintiff requests consideration of those distinct statutory grounds without assuming that the existence of many state counts automatically resolves either one.

If all original-jurisdiction claims are dismissed early, the Third Circuit ordinarily requires declining the remaining state claims absent an affirmative justification grounded in judicial economy, convenience or fairness. *West Mifflin*, 45 F.3d at 788. A dismissal for lack of jurisdiction or discretionary declination should be without prejudice, rather than a with-prejudice adjudication of the state claims.

An amendment removing all federal claims presents a different question from judicial dismissal of those claims. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 31-34 (2025). Plaintiff seeks an opportunity to correct the pleading, not to remove the federal claims. Jurisdiction must be evaluated against the claims in the resulting pleading.

### C. Rule 21 calls for just terms and attention to the consequence of severance

Rule 20(a)(2) requires the qualifying transactional relationship and a common question. Rule 21 states that misjoinder is not a ground to dismiss an action and permits appropriate severance or party dismissal on just terms. Those requirements should be applied to the alleged publication and communication overlap. Common targeting alone does not establish joinder, but a potential joinder defect does not supply a merits ruling on all alleged torts.

The Third Circuit distinguishes severance from dropping a party and requires attention to substantial rights affected by the choice. *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845-47 (3d Cir. 2006). The Court should consider potential duplication, jurisdiction over a severed action and any effect on limitations before adopting Trude's proposed alternative. Those consequences bear on Rule 21's requirement of just terms.

## VIII. A PROPER CURATIVE AMENDMENT SHOULD BE CONSIDERED BEFORE FINAL DISMISSAL

### A. Plaintiff requests twenty one days to seek leave

Rule 15(a)(2) directs that leave be freely given when justice requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962), identifies reasons for denial, including undue delay, bad faith, repeated failure to cure, undue prejudice and futility. In ordinary civil litigation, a proper application ordinarily includes a

complete proposed amended complaint so the Court can evaluate those matters. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252-53 (3d Cir. 2007). Plaintiff seeks time to submit that application; the notice at ECF No. 24 is not a complete motion for leave. ECF No. 24, PDF p. 1.

Plaintiff requests twenty-one days from the Court's ruling to submit the motion and complete proposed complaint. The proposed changes will separate defendant-specific allegations, limit incorporation to relevant facts, identify each challenged communication, and state supported facts concerning falsity, knowledge, injury and jurisdiction. The Court can then assess the proposed changes for futility and prejudice before final dismissal.

**B. The proposed amendment will address the child stalking accusation**

The @BbqLadyy publication addressing @nikthehat states that he "stalked my minor daughter AND have an active restraining order against you for it." The displayed label reads "Last edited 7:39 AM · Aug 8, 2025." https://x.com/BbqLadyy/status/1953783108886495271. Plaintiff's proposed amendment will set out the complete communication and the factual basis for challenging its conduct and legal-status assertions. The child will remain unnamed.

The First Amended Complaint alleges minor-related implications but does not identify that separate publication. ECF No. 19, paragraphs 41-43, PDF p. 6; paragraph 108, PDF p. 13. Plaintiff seeks leave to address it through a proposed pleading identifying its complete context, the relevant court record and facts supporting falsity and fault.

Pennsylvania generally provides one year for libel, slander and invasion of privacy. 42 Pa. Cons. Stat. section 5523(1). The edited-time label does not independently establish the original publication or accrual date. A proposed amendment relying on relation back must satisfy Rule 15(c)(1)(B)'s same-conduct, transaction-or-occurrence requirement against the original pleading. Plaintiff requests an opportunity to present the relevant dates and relation-back analysis with the proposed complaint.

*Glover v. FDIC*, 698 F.3d 139, 145-48 (3d Cir. 2012), requires fair notice of the operative facts supporting the amended claim, not merely overlap in a broad dispute. Relation back depends on the actual publication dates and notice supplied by the timely pleading. The proposed amendment must

compare those allegations and address any applicable Rule 15(c)(1)(A) alternative. Plaintiff does not rely on continued accessibility alone to establish a later publication.

**C. Existing deadlines remain in effect**

Plaintiff remains willing to pursue an appropriate resolution. Settlement proposals or rejection are not offered to establish liability or bad faith. Fed. R. Evid. 408(a). The amendment request does not stay existing deadlines, including the November 4 deadline for service on Seng. ECF No. 30, PDF p. 1.

## IX. CONCLUSION

Plaintiff respectfully requests denial of dismissal of Counts VI and VII, denial of the proposed statutory immunity and fee-entitlement order, and a separate ruling on the remaining counts. For any curable pleading defect, he requests twenty-one days to seek leave with a complete proposed amended complaint before final dismissal. Any jurisdictional dismissal should be without prejudice.

Dated: October 5, 2026

Respectfully submitted,

Nikolaos T. Hatziefstathiou
Plaintiff, Pro Se
712 Cedar Grove Road
Broomall, Pennsylvania 19008
Telephone: (267) 648-8561
Email: nh@oneworldcommand.com